IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQOEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON,  HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGIA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA Individually, <br><br>*Plaintiffs*, <br><br>v. <br><br>DELGAR FOODS, INC D/B/A/ DELIA'S TAMALES <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.: **7:23-cv-00343**<br><br>**JURY DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

*Delia's Tamales Amended*              1

JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQOEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGIA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, and ROSA QUINTANILLA ("Plaintiffs"), file this lawsuit against DELGAR FOODS, INC, D/B/A/ DELIA'S TAMALES ("Defendants") to recover unpaid overtime wages, liquidated damages and attorney's fees, and for cause of action would show the following:

## I.  INTRODUCTION

1. This civil filing in state District Court in Hidalgo County then removed to federal court appears to be a Fair Labor Standards Act lawsuit.

2. However, by drilling down into the facts of the case it becomes quickly apparent that this case is about human trafficking.

3. Each day, people are brought illegally into the United States for a variety of reasons. Many of those people smuggled then seek employment in their destination location. [1] It is

---

[1] Costa , D. (n.d.). *Labor Day 2019: Employers increase their profits and put downward pressure on wages and labor standards by exploiting migrant workers*. Economic Policy Institute. https://www.epi.org/publication/labor-day-2019-immigration-policy/

*Delia's Tamales Amended*                                    2

common for a person illegally smuggled to the United States to seek work. [2]

4. What is unfortunately all too common is for a person who has been trafficked and exploited to be continued subjects of exploitation by their unscrupulous employer. [3]

5. These exploited workers fall prey to schemes that pay below minimum wage, fail to pay overtime, supply the people with false documents to commit fraud on Homeland Security, and then terminate those employees when the scheme becomes public - or threaten them with informing immigration authorities. [4]

6. Then, those same employers accumulate millions of ill-gotten dollars based on the sweat and sacrifice of countless vulnerable and exploited workers all to build a grandiose and expensive operation designed to exploit future illegal workers. [5]

7. Unfortunately, all of the relevant and material facts in this case lead to the need to remedy this exploitation in a court of law so that proper recompense can be sought.

## II. NATURE OF CLAIMS

8. This action is filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. (the "FLSA"), to correct unlawful employment practices, including Defendant's willful and knowing violations of the overtime provisions of said law. Named Plaintiffs seek to recover unpaid overtime wages, liquidated damages, attorneys' fees, and any and all other damages allowed under the FLSA.

---

[2] United Nations Office on Drugs And Crime (Ed.). (n.d.). *Smuggling of migrants: the harsh search for a better life*. Transnational Organized Crime. https://www.unodc.org/toc/en/crimes/migrant-smuggling.html

[3] Ewing, W. (2022, February 9). *Corrupt US employers and smugglers are exploiting migrant teens for profit*. Immigration Impact. https://immigrationimpact.com/2022/02/09/us-employers-smugglers-exploiting-migrant-teens/

[4] Ferriss, S., & Yerardi, J. (2021, October 14). *Wage theft hits immigrants - hard*. PBS. https://www.pbs.org/newshour/economy/wage-theft-hits-immigrants-hard

[5] Garcia Quijano, J. A. (2023, January 1). *Workplace discrimination and undocumented first-generation Latinx immigrants*. Crown Family School of Social Work, Policy, and Practice. https://crownschool.uchicago.edu/student-life/advocates-forum/workplace-discrimination-and-undocumented-first-generation-latinx

### III.  JURISDICTION AND VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the district in which Defendants reside, and where the acts arising to the complaint occurred.

### IV.  THE PARTIES

11. Plaintiffs, are individuals who reside in Hidalgo County, Texas. Plaintiffs are former employees of Defendants. Plaintiff's Affidavits and information in support of this action are attached hereto as Exhibits. Plaintiffs bring federal overtime claims on their own behalf. Plaintiffs reserve the right to have other employees join this action.

12. Defendant DELGAR FOODS, INC D/B/A DELIA'S TAMALES (hereinafter "Delia's") is a Domestic for- profit corporation based in San Juan, Texas and may be served with process @ 106 W. Nolana San Juan, TX. 78589.

### V.  FACTS

13. At all times relevant to this lawsuit, DELIA'S was and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203 and is subject to the FLSA.

14. Defendants own and operate Mexican restaurants in the Rio Grande Valley area. Those restaurants include DELIA'S Tamales, located at 3400 N. 10th St. McAllen, TX. 78501, 4800 S. 23rd Ste., Ste 5 McAllen, TX. 78503, 602 W. Griffin Pkwy Mission, TX. 78572, 1501 E. Monte Cristo Edinburg, TX.78542, 2000 N. Jackson Rd. Pharr, TX. 78577, 106 W. Nolana San Juan, TX. 78589, 13527 Hausman Pass San Antonio, TX. 78249.

DELIA'S Tamales, located at 106 W. Nolana San Juan, TX. 78589.

15. Plaintiffs were employed by Defendants to work in their restaurants. Defendants employed Plaintiffs at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

16. As employees of Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

17. DELIA'S has employees handling and working on materials that have been moved in or produced for commerce – namely food.

18. Delia Garza (aka Delia Lubin) is the owner and/or primary officer of DELIA'S and controls its day-to-day operations. Delia Garza is responsible for overseeing the day-to-day operations of DELIA'S, processing payments for the products the business sells by and through its employees, billing customers for products sold, hiring, firing, and supervising the work of employees, ordering materials and supplies for the business, managing employment records, paying employees and directing other business matters.

19. Plaintiffs were employed by Defendants to prepare food, to provide customer service and to clean the facility.

20. Plaintiffs customarily and regularly worked many hours in excess of forty (40) hours per week up to over seventy (70) hours in some weeks.

21. Plaintiffs were not paid overtime of one- and one-half times their regular rate of pay.

22. The work performed by Plaintiffs was with Defendants' knowledge and assistance.

23. At all times, Defendants were aware of FLSA rules but established a scheme to avoid those laws.

24. Defendants set Plaintiff's schedules, assigned work, and supervised their work.

25. Plaintiffs were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek.

26. Defendants did not pay Plaintiffs and one- and one-half times their regular rates of pay for hours worked in excess of forty per week.

27. Defendants' failed to keep and maintain records of Plaintiff's working time as required by the FLSA, 29 U.S.C. § 211.

28. According to Plaintiff's sworn affidavits (SEE EXHIBITS) Defendants also routinely would pay below minimum wage

29. According to Plaintiff's sworn affidavits (SEE EXHIBITS) Defendants would scheme to supply undocumented employees with false documents to knowingly and intentionally violate federal law.

30. According to Plaintiff's sworn affidavits (SEE EXHIBITS) Defendants supplied employees with Social Security Numbers, likely withholding from their checks into an account that does not exist.

31. According to Plaintiff's sworn affidavits (SEE EXHIBITS) Defendants, then sought to terminate those employees if the employees notified the public of the scheme.

32. According to Plaintiff's sworn affidavits (SEE EXHIBITS) agent and representatives of the Defendants did threaten to call immigration authorities if the Plaintiffs persisted.

33. Defendant's recently announced plans to build a $15,000,000 tamale factory at 696 E. Owassa Rd. in San Juan, Texas. [6] Plaintiff's fear that the funds used to finance that factory were obtained – at least in part – by the acts committed illegally upon them, and that other, vulnerable illegal workers will be subjected to the same exploitation on a much grander scale.

---

[6] Gonzalez, G. (2023, October 10). *Delia's Tamales to build a $15M production facility*. KVEO-TV (Nexstar Media). https://www.valleycentral.com/news/delias-tamales-to-build-a-15m-production-facility/

*Plaintiffs' Original Complaint*  6

## VI. FIRST CAUSE OF ACTION: FLSA WAGE VIOLATIONS

34. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

35. Plaintiffs were engaged in nonexempt hourly work, as set forth above.

36. Plaintiffs were legally entitled to be paid overtime wages of one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

37. Defendants failed to pay Plaintiffs at one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

38. As a result, Plaintiffs did not receive the compensation they were legally entitled to receive.

39. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' rights.

40. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to reimbursement of unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VII. JURY DEMAND

41. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## VIII. PRAYER

42. For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

a. judgment awarding Plaintiffs and similarly situated employees all unpaid regular wages, unpaid overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

b. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

                                            Respectfully submitted,

                                            /s/
                                         _____

Dr. DOUGLAS A'HERN
A'Hern Law Group PLLC
P -16516 El Camino Real # 349
Houston, TX 77062
S - 1111 W. Nolana Ave
McAllen, Texas 78504
Tel: (281) 904 3797
Fax: (281) 213-0628
TBN: 24069206
FED: 1456411
douglas.a.ahern@gmail.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**