IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQOEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA Individually, <br><br>*Plaintiffs*, <br><br>v. <br><br>DELGAR FOODS, INC D/B/A/ DELIA'S TAMALES <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: **7:23-cv-00343** <br><br>JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

*Plaintiffs' Original Complaint*            2

JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQUEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGIA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, and ROSA QUINTANILLA ("Plaintiffs"), file this lawsuit against DELGAR FOODS, INC, D/B/A/ DELIA'S TAMALES ("Defendants") to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs, and for cause of action would show the following:

## I. INTRODUCTION

1. This matter began as a civil filing in state District Court in Hidalgo County, Texas and was then removed to federal court.

2. This is a Fair Labor Standards Act lawsuit.

3. Multiple Plaintiff's have come forward alleging that agents and actors with apparent authority for the Defendants failed to adhere to the basic tenants of the Federal Fair Labor Standards Act.

4. Plaintiffs' Complaint against Defendants for alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 to 219 (the "FLSA"), satisfies Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007); *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019).

*Plaintiffs' Original Complaint*                  3

## II. NATURE OF CLAIMS

5. This action is filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA"), to correct unlawful employment practices, including Defendant's willful and knowing violations of the overtime provisions of said law.

6. Named Plaintiffs seek to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") who worked more than 40 hours in any workweek for which they were willfully paid straight time wages for overtime hours worked within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period").

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of goods for commerce. Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in commerce.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the district in which Defendants reside, and where the acts arising to the complaint occurred.

## IV. THE PARTIES

9. Plaintiffs, are individuals who reside in Hidalgo County, Texas. Plaintiffs are former employees of Defendants.

10. Plaintiffs at all times claimed worked in Hidalgo County, Texas.

11. Plaintiff worked for all the Defendants during the period of their employment.

12. All work performed by Plaintiffs was for the benefit of Defendants.

13. Defendants did not always pay Plaintiff for all hours worked.

14. Defendant DELGAR FOODS, INC D/B/A DELIA'S TAMALES (hereinafter "Delia's") is a Domestic for-profit corporation based in San Juan, Texas and may be served with process at 106 W. Nolana San Juan, TX. 78589.

## V.   FACTS

15. Defendants own and operate Mexican food restaurants in the Rio Grande Valley area. Those restaurants include Delia's Tamales, located at 3400 N. 10th St. McAllen, TX. 78501, 4800 S. 23rd Ste., Ste 5 McAllen, TX. 78503, 602 W. Griffin Pkwy Mission, TX. 78572, 1501 E. Monte Cristo Edinburg, TX.78542, 2000 N. Jackson Rd. Pharr, TX. 78577, 106 W. Nolana San Juan, TX. 78589, 13527 Hausman Pass San Antonio, TX. 78249. Delia's Tamales corporate offices are located at 106 W. Nolana San Juan, TX. 78589.

16. Plaintiffs were employed by Defendants to work in their restaurants. Defendants employed Plaintiffs at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

17. As employees of Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

18. DELIA'S has employees handling and working on materials that have been moved in or produced for commerce – namely food.

19. Delia Garza (aka Delia Lubin) is the owner and/or primary officer of Delia's and controls its day-to-day operations. Delia Garza is responsible for overseeing the day-to-day operations of Delia's, processing payments for the products the business sells by and through its employees, billing customers for products sold, hiring, firing, and supervising the work of employees, ordering materials and supplies for the business, managing employment records, paying employees and directing other business matters.

20. Delia Garza also has a number agents and assigns who oversaw the work of the Plaintiffs and took actions are her direction or orders.

21. Plaintiffs were employed by Defendants to prepare food, to provide customer service and to clean the facility.

22. Plaintiffs customarily and regularly worked many hours in excess of forty (40) hours per week up to over seventy (70) hours in some weeks.

23. Plaintiffs were not always paid overtime of one- and one-half times their regular rate of pay.

24. The work performed by Plaintiffs was with Defendants' knowledge and assistance.

25. At all times, Defendants were aware of FLSA rules.

26. Defendants set Plaintiff's schedules, assigned work, and supervised their work.

27. Plaintiffs were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek.

28. Defendants did not always pay Plaintiffs and one- and one-half times their regular rates of pay for hours worked in excess of forty per week.

29. Defendants' failed to keep and maintain records of Plaintiff's working time as required by the FLSA, 29 U.S.C. § 211.

### VI.   FIRST CAUSE OF ACTION: FLSA WAGE VIOLATIONS

30. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

31. Plaintiffs were engaged in nonexempt hourly work, as set forth above.

32. Plaintiffs were legally entitled to be paid overtime wages of one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

33. Defendants failed to pay Plaintiffs at one-and-one-half times their regular rate of pay for

hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

34. As a result, Plaintiffs did not receive the compensation they were legally entitled to receive.

35. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' rights.

36. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to reimbursement of unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VII. JURY DEMAND

37. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## VIII. PRAYER

38. For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

  a. judgment awarding Plaintiffs all unpaid regular wages, unpaid overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

  b. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

> Respectfully submitted,
> /s/
> _____
>
> Dr. DOUGLAS A'HERN
> A'Hern Law Group PLLC
> P -16516 El Camino Real # 349
> Houston, TX 77062

S - 1111 W. Nolana Ave
McAllen, Texas 78504
Tel: (281) 904 3797
Fax: (281) 213-0628
TBN: 24069206
FED: 1456411
douglas.a.ahern@gmail.com
Co-Counsel for Plaintiffs

/s/
_____
**Richard Rene Alamia**
Richard R. Alamia Attorney at Law
619 S. 12th Ave.(Main Office)
78539
Edinburg, TX 78539
956-381-5766
Fax: 956-381-5774
Email: richard.alamia@yahoo.com
Lead Counsel for Plaintiffs