**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS N.G, GABRIELA VELAZQUEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SAENZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA,** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CASE NO. 7:23-CV-00343** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **DELGAR FOODS, LLC D/B/A DELIA'S TAMALES,** | § § § | |
| **Defendant.** | § § | |

**DEFENDANT DELGAR FOODS LLC'S ANSWER TO PLAINTIFFS'**
**FIRST AMENDED COMPLAINT**

Delgar Foods, LLC d/b/a Delia's ("Defendant" or "Delia's") files this answer to the

First Amended Complaint ("Complaint") filed by Plaintiffs Juana Cruz, Ofelia Benavides, Jose

Elias N.G, Gabriela Velazquez, Ricardo Gonzalez, Melesio Cruz, Angelica Chavez, Concepcion

Perez, Olga Perez, Maurico Saenz, Jorge Mauleon, Hector Sanchez, Hector Gonzalez, Yessy Perez

Martinez, Maria De Lourdes Cruz, Resendo Lievanos, Elizabeth Lara, Luis Alberto Zuniga

Castillo, Miguel Caballero Sanchez, Guillermo De La Cruz Mendoza, Carlos Daniel Lopez, Gilda

15041387v8

Rivas, Armando Morales De Llano, Lazaro Garcia, Maria De Jesus Medina, Richard Esquivel, Patricia Conde-Gonzalez, Norma Conde Atlaniz, Rafael Sanchez, Guillermo Ruiz, and Rosa Quintanilla (collectively, "Plaintiffs").  In support of its Answer, Defendant responds as follows:

## PRELIMINARY STATEMENT

Rooted in the Rio Grande Valley, Delia's was started by an immigrant woman from Mexico who made tamales and sold them out of the trunk of her car to provide for her young family. Through the hard work and dedication of its family owners, and most of all, its team members, Delia's has become a business dedicated to its community and employees. Today, Delia's remains true to its shared values of community, humility, and appreciation. Delia's is dedicated to reciprocating the support that has made its journey possible.

Every employee of Delia's is an appreciated member of team. Delia's believes in providing more than just a job—it offers a career. Delia's commitment to its employees is shown by the benefits it provides them. As of today, the starting pay at any of its restaurants is $11.00 per hour and *all* employees receive overtime at time and a half, and discretionary, yearly bonuses. Delia's promotes from within the organization. Team members who started in entry-level positions have ascended to managerial positions. Delia's managers receive an annual salary of up to $84,000, and receive discretionary, yearly bonuses. Delia's provides its full-time employees with health insurance benefits that are 100 percent paid for by Delia's—an unusual offering that provides its employees with access to all of their insurance coverage at no cost. Team members also receive a 50 percent discount during their shift to eat at the restaurant. Delia's invests in the people who make it a thriving hub by ensuring that they, in turn, can lead healthy and fulfilling lives.

Delia's also remains true to the Rio Grande Valley community. Delia's has supported local charities, school districts, community events, senior citizens, communities ravaged by

2

hurricanes, local fundraising events, and so much more through monetary and product donations. In essence, Delia's invests in the people and community that have made it into a realization of the American Dream.

## **GENERAL DENIAL**

Pursuant to Rule (8)(b) of the Federal Rules of Civil Procedure, Delia's denies each and every allegation set forth in the First Amended Complaint except for those allegations expressly and specifically admitted below.

## **ANSWER TO PLAINTIFFS' ALLEGATIONS**

Subject to and without waiving its general denial, Defendant responds to Plaintiffs' allegations as follows (which corresponds to the Complaint's numbered paragraphs):

## I.      INTRODUCTION

1.      In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that the complaint was filed in District Court in Hidalgo County, Texas and was removed to federal court.

2.      Paragraph 2 (which states the nature of this lawsuit) contains no factual allegations requiring admission or denial. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.      In response to the allegations contained in Paragraph 3 of the Complaint, Defendant acknowledges that Plaintiffs purport to bring this lawsuit under the Fair Labor Standards Act ("FLSA") but denies that any such violations of law have occurred. Defendant denies that it has violated any applicable federal or state law, rule, or regulation (including without limitation the FLSA) and denies that Plaintiffs are entitled to any of the relief sought. Defendant denies the remaining factual allegations in Paragraph 3.

4. In response to the allegations contained in Paragraph 4, Defendant acknowledges that Plaintiffs purport to bring this action under FLSA, as amended, 29 U.S.C. § 201, *et seq.*, but denies that any such violation of law has occurred. Defendant further denies that Plaintiffs' Complaint satisfies Federal Rule of Civil Procedure 8(a)(2).

## II.     NATURE OF THE CLAIMS

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendant admits that Plaintiffs purport to bring this action under the FLSA and denies the remaining allegations in Paragraph 5.

6. Paragraph 6 (which lists the damages sought by Plaintiffs) contains no factual allegations requiring admission or denial. To the extent a response is required, however, Defendant denies the allegations in Paragraph 6.

## III.     JURISDICTION AND VENUE

7. In response to the allegations contained in Paragraph 7 of the Complaint, Defendant admits that this Court has jurisdiction. Defendant is without knowledge or information to admit or deny the allegation that "Plaintiff was individually engaged in commerce." Accordingly, that allegation is denied. Defendant admits that it is engaged in interstate commerce or in the production of goods for commerce and denies committing any actions giving rise to this proceeding.

8. In response to the allegations contained in Paragraph 8 of the Complaint, Defendant does not object to venue in this district.

## IV.     THE PARTIES

9. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiffs are residents of Hidalgo County Texas. Defendant admits that it formerly employed some of the Plaintiffs during periods respective to each plaintiff and denies that it is liable to them.

4

15041387v8

10.   Defendant cannot admit or deny the allegations as set forth in Paragraph 10 because "all times claimed" is vague and ambiguous. To the extent that a response is required, Defendant denies the allegation in Paragraph 10 as to Ricardo Gonzalez, Guillermo de la Cruz Mendoza, Jose Elias NG, Patricia Conde-Gonzalez and Norma Conde Alaniz being employed by Defendant in Hidalgo County.  More specifically, Ricardo Gonzalez, Guillermo de la Cruz Mendoza, Jose Elias NG, Patricia Conde-Gonzalez and Norma Conde Alaniz have not worked for Defendant between December 2020 to May 2023 ("Relevant Time Period").  Defendant admits that Plaintiffs Juana Cruz, Ofelia Benavides, Gabriela Velazquez, Melesio Cruz, Angelica Chavez, Concepcion Perez, Olga Perez, Maurico Saenz, Jorge Mauleon, Hector Sanchez, Hector Gonzalez, Yessy Perez Martinez, Maria De Lourdes Cruz, Resendo Lievanos, Elizabeth Lara, Luis Alberto Zuniga Castillo, Miguel Caballero Sanchez, Carlos Daniel Lopez, Gilda Rivas, Armando Morales De Llano, Lazaro Garcia, Maria De Jesus Medina, Richard Esquivel, Rafael Sanchez, Guillermo Ruiz, and Rosa Quintanilla worked in Hidalgo County, Texas during the Relevant Time Period.

11.   Defendant lacks sufficient information to admit or deny Plaintiffs' allegation contained in Paragraph 11 of the Complaint, as it is unclear which Plaintiff is referenced. As such, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.   The allegation set forth in Paragraph 12 is vague and ambiguous, particularly in light of the periods of employment of the various plaintiffs. Defendant, therefore, denies the allegations in Paragraph 12.

13.   Paragraph 13 is vague and ambiguous, as it does not indicate to which "Plaintiff" the allegation pertains. Notwithstanding, Defendant denies the allegation in Paragraph 13.

14.   Defendant denies that it does business as "Delia's Tamales." Defendant admits the remaining allegations contained in Paragraph 14.

15041387v8

## V.     FACTS

15.  Defendant admits that it operates six restaurants in the Rio Grande Valley. Defendant admits the restaurants are located at 3400 N. 10th St., McAllen, TX 78501; 4800 S. 23rd St., Ste. 5, McAllen, TX 78503; 602 W. Griffin Pkwy, Mission, TX 78572; 1501 E Monte Cristo, Edinburg, TX 78542; 2000 N. Jackson Rd., Pharr, TX 86577. Defendant admits its corporate office is located at 106 W. Nolana St., San Juan, TX 78589. Defendant denies that its San Antonio location is located in the Rio Grande Valley.

16.  Paragraph 16 contains a legal assertion and conclusion that does not require a response. To the extent Paragraph 16 is considered to contain factual allegations, Defendant admits that it employed some Plaintiffs during the Relevant Time Period. Defendant denies all remaining allegations in Paragraph 16, including the allegation set forth in the second sentence of Paragraph 16.

17.  Paragraph 17 of the Complaint sets forth legal assertions and conclusions that do not require a response. To the extent those legal conclusions are considered to contain factual allegations, Defendant denies them.

18.  The allegations contained in Paragraph 18 of the Complaint contain legal assertions and conclusions that do not require a response. To the extent Paragraph 18 is considered to contain factual allegations, Defendant admits it has employees who handle and work with food. Defendant denies all remaining allegations in Paragraph 18.

19.  Defendant denies Paragraph 19. Delia Lubin has not been involved in Defendant's day-to-day operations or its decision-making since 2018.

20.  Defendant denies Paragraph 20. Delia Lubin has not been involved in Defendant's day-to-day operations or its decision-making since 2018.

6

21.  Defendant is not able to admit or deny Paragraph 21 because Plaintiffs were employed at different times and in different roles. Therefore, Defendant denies Paragraph 21.

22.  Defendant denies the allegations contained in Paragraph 22.

23.  Defendant denies the allegations contained in Paragraph 23. To the extent that a plaintiff was a non-exempt employee, Defendant paid the plaintiff time and a half for all hours worked over 40 in a workweek.

24.  Defendant lacks sufficient information to admit or deny Paragraph 24  because the allegation is vague and ambiguous. As such, Defendant denies Paragraph 24.

25.  Defendant admits that it is aware that it must pay non-exempt employees time and a half for all hours worked over 40 in a workweek and it does so. Defendant denies Paragraph 25 insofar as it alleges that Defendant is aware of all "FLSA rules" contained in the entire statute, regulations, and other sources regarding the "FLSA rules," particularly "FLSA" rules that are not applicable to its business.

26.  Defendant lacks sufficient information to admit or deny Plaintiffs' allegations contained in Paragraph 26 as the allegations are vague and ambiguous. As such, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.  Paragraph 27 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 27 is considered to contain factual allegations, Defendant denies it and leaves Plaintiffs to their proofs thereof.

28.  Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.  Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## VI.     FIRST CAUSE OF ACTION: FLSA WAGE VIOLATIONS

30.   Paragraph 30 of the Complaint incorporates prior allegations. As such, Defendant incorporates its admissions and denials in all Paragraphs above.

31.   Paragraph 31 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 31 is considered to contain factual allegations, Defendant admits that it formerly employed some of the Plaintiffs during periods respective to each plaintiff. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.   Paragraph 32 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 32 is considered to contain factual allegations, Defendant admits that certain plaintiffs paid hourly were entitled to receive overtime (pay at time and a half) for all hours worked over 40 in a workweek and that it paid those amounts. Defendant denies all remaining allegations in Paragraph 32.

33.   Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.   Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.   Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.  Defendant denies the allegations contained in Paragraph 36 of the Complaint.

## VII.   JURY DEMAND

37.  Defendant acknowledges that Plaintiffs request a jury trial. Plaintiffs' jury demand does not require a response from Defendant.

## VIII.  PRAYER

38.  The remainder of the First Amended Complaint is a prayer for relief requiring neither an admission nor denial by Defendant. To the extent that a response is required, Defendant

denies that Plaintiffs are entitled to any relief, including that identified in this Paragraph and all subparagraphs, and deny any factual allegations contained in Paragraph 38 of the Complaint.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiffs' claims and/or damages requests, each in the alternative and to the extent necessary and applicable:

1.     Defendant took no actions in violation of any federal, state, or local law, rule, or regulation, including without limitation the FLSA and its implementing regulations. Instead, Defendants at all times acted in compliance with all applicable employment laws.

2.     Without admitting any violation of the FLSA or any other law, any act or omission by Defendant with respect to the matters at issue was made in good faith and in compliance with all applicable statutes, regulations, orders, and rulings. Defendant acted reasonably and in good faith at all times material to this proceeding based on the facts and circumstances available and known to it at the time. Defendant had reasonable grounds to believe that any acts or omission did not violate the FLSA or any other law.

3.     Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged actions or inactions of Defendant's agents, employees or representatives, if they occurred, were not performed, or taken within the course or scope of their employment.

4.     If Plaintiffs performed work activities that they did not record as work and for which they were not paid, Defendant did not permit, know of, or have reason to know of those work activities or the time spent performing those activities. Thus, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

5.      The activities for which Plaintiffs seek compensation were not "work" under the meaning of the FLSA. The activities were not integral and indispensable to the principal activities of their employment and/or were for their own benefit or convenience. To the extent Plaintiffs worked any uncompensated time, Defendant lacked actual or constructive knowledge of such work activities, or the time spent in performing those activities.

6.      Some or all of the time Plaintiffs spent performing uncompensated work, if any, does not count as hours worked or compensable time because: (a) any activities performed were not suffered or permitted; (b) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (c) the time was preliminary or postliminary time that is excluded from hours worked; (d) the time is de minimis time that is excluded from hours worked; (e) the time is otherwise excluded from hours worked under the Port-to-Portal Act and related provisions; (f) the time is non-compensable under relevant custom and practice; and/or (g) the alleged work or activities did not occur or were not actually conducted.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) or waiver, laches, consent, acquiescence, ratification, unclean hands, failure of conditions precedent, after-acquired evidence, mitigation, res judicata, statute of frauds, statute or other periods or repose or limitations, accord and satisfaction, spoliation, lack of authority, collateral or judicial estoppel, and/or negligent or intentional misrepresentation.

8.      To the extent Defendant is found liable for any unpaid wages or other amounts, Defendant claims a credit or setoff for (a) all amounts actually paid to Plaintiffs, (b) all amounts advanced or paid in excess of that to which Plaintiffs were legally entitled, (c) all amounts paid as premium rates that were not calculated as a part of their regular rates, (d) all times that Plaintiffs reported or claimed as work time that they did not in fact work, (e) all amounts of time to which

10

Plaintiffs were not entitled under the relevant wage statutes, (f) all other amounts or time that Plaintiffs received or took to which Plaintiffs were not entitled, if any, and (g) all other amounts that may be lawfully deducted from any amount awarded to Plaintiffs under the FLSA, and/or any other applicable law.

9.  No act or omission of Defendant that is alleged to have violated the FLSA was willful, knowing, or in reckless disregard for the provisions of the law. Therefore, Plaintiffs cannot satisfy their burden to provide the same and are not entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

10.  Plaintiffs' claims are barred by the doctrine of estoppel. Plaintiffs are estopped from bringing a cause of action under the FLSA, or from receiving time and one-half for any hours worked in excess of forty hours in a work week because they, among other things, accepted the denominated rate of pay and/or failed or refused to comply with the prevailing terms, conditions, policies, and/or procedures governing their employment. To the extent the evidence shows Plaintiffs may have misled Defendant concerning working hours or compensable activities, Plaintiffs should not profit from these actions.

11.  No award of attorneys' fees could be appropriated or reasonable for Plaintiffs under the FLSA because Plaintiffs were paid above minimum wage, were paid all amounts due, and failed to identify or report the time or amounts they seek or claim as due.

12.  Plaintiffs were exempt and not entitled to overtime, including but not limited to under 29 U.S.C. § 213(a)(1).

13.  Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

14.  All or part of the Plaintiffs claims are barred by the three-year statute of limitations.

15041387v8

15.  Defendant hereby gives notice that they may rely upon other applicable defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendant hereby reserves the right to amend this Answer; to add additional defenses or affirmative defenses; to delete or withdraw any of its defenses or affirmative defenses; to seek attorneys' fees and costs under any applicable law; and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

## PRAYER

Defendant respectfully requests that Plaintiffs take nothing in this suit; that Plaintiffs' claims be dismissed with prejudice; that all relief prayed for by Plaintiffs be denied; and that the Court enter final judgment in favor of Defendant and against Plaintiffs on all claims. Defendant further requests that the Court award Defendant its attorneys' fees, costs of court and litigation.

Dated: December 29, 2023

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ Laura Alaniz*
       Laura Alaniz, Attorney-in-Charge
       State Bar No. 00796110
       Lorena D. Valle
       State Bar No. 24131729
       PORTER HEDGES LLP
       1000 Main Street, 36th Floor
       Houston, Texas  77002-6341
       (713) 226-6000 (phone)
       (713) 228-1331 (fax)

**ATTORNEYS FOR DEFENDANT**
**DELGAR FOODS, LLC.**
**A/K/A DELIA'S**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's efiling system on the 29th day of December, 2023.

Douglas A. A'Hern
16516 El Camino Real #349
Houston, TX 77062
Dougas.a.ahern@gmail.com


*/s/ Laura M. Alaniz*
Laura M. Alaniz

13