IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS N.G, GABRIELA VELAZQUEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SAENZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, <br><br>Plaintiffs, <br><br>v. <br><br>DELGAR FOODS, LLC D/B/A DELIA'S <br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § **CASE NO.: 7:23-CV-00343** <br><br> **JURY DEMANDED** |

**DEFENDANT'S MOTION TO ENFORCE PLAINTIFFS'
COMPLIANCE WITH THIS COURT'S ORDER (Dkt. No.. 17)**

Defendant Delgar Foods, LLC d/b/a Delia's ("Delia's" or "Defendant") requests that the Court enter an order enforcing its Order for Disclosure (Dkt. No. 17) and require all Plaintiffs to serve complete and responsive Disclosures, as set forth in the Initial Discovery Protocols for FLSA Cases Not Pleaded as Collective Actions (the "Initial Discovery Protocols") within 10 days from the date it enters such order.

1

Despite two "extensions" from Delia's, 19 plaintiffs have served deficient, non-compliant responses and 12 plaintiffs failed to serve any responses at all. All Plaintiffs are therefore non-compliant with the Court's Order.

## I.   Summary of the Motion

This is a Fair Labor Standards Act case. Delia's is a family-owned and operated restaurant based in the Rio Grande Valley that has seven locations. It is lauded for its tamales. The 31 plaintiffs are former employees of Delia's who worked in various positions, including as managers, cooks, cashiers, and servers at various times and at various locations. Two plaintiffs stopped working for Delia's about 10 years ago and Delia's has no record of seven plaintiffs. Plaintiffs seek alleged overtime, liquidated damages, and attorneys' fees.

While the relief Plaintiffs seek—overtime—is clear, their allegations regarding the nature of the alleged violation are vague. At bottom, Plaintiffs have not alleged a set of facts that describe the nature of the actual violation. Thus, the Initial Discovery Protocols are critical to provide Delia's with fair notice of Plaintiffs' factual allegations regarding the alleged FLSA violation by it. The Initial Discovery Protocols are also critical to efficiently prosecute this case and move it along this Court's docket. But even if those things were not critical, the Initial Discovery Protocols were nonetheless ordered by this Court to be completed on or before February 9, 2024.

To date, Plaintiffs have not served complete or compliant responses for 19 plaintiffs and have not served any responses at all for 12 plaintiffs. Delia's provided two "extensions" and conferred with Plaintiffs twice. Despite having more than two months to comply with the Court order, Plaintiffs still have not complied and, tellingly, have yet to describe the alleged violation that they believe entitles them to overtime. Delia's, therefore, seeks the Court's intervention in requiring Plaintiffs' compliance with its Order.

## II.    Relevant Background

On December 15, 2023, this Court ordered the parties to exchange the documents and information described in the Initial Discovery Protocols by February 9, 2024. Dkt. No. 17.

On February 9, 2024, Delia's complied with the Order by responding to each request and producing 8,403 pages of responsive documents. The responsive documents consisted of time and pay records maintained by Delia's; the job descriptions of the position Plaintiffs held during the relevant time period; Delia's policies, procedures, and guidelines for compensation that are relevant to the FLSA claims; and the relevant pages of Delia's policies and procedures manual pertaining to compensation or time worked.

That same day, Delia's conferred with Plaintiffs regarding the need for Plaintiffs to articulate their theory of alleged violations and how to proceed with this case. Plaintiffs raised that additional time was needed to comply with the Court's Order and serve their responses to the Initial Discovery Protocols. Plaintiffs stated that they would serve their responses by February 12, 2024.

On February 13, 2024, some plaintiffs served deficient, incomplete responses to the Initial Discovery Protocols. Next, Delia's conferred with Plaintiffs regarding their non-compliance and identified specific deficiencies. Delia's followed up with an email to Plaintiffs memorializing the conversation and outlining the deficiencies. Ex. 1. Delia's also agreed to another extension, until February 23, 2024. *Id.* Delia's, however, was mindful of the need to file a Joint Status Report one week later regarding the number of needed depositions.

On February 20, 2024, Plaintiffs stated that they were working on finalizing their Initial Discovery Protocols but would be unable to serve them by February 29, 2024—one week after Delia's courtesy extension. Ex. 2. Reiterating the importance of the Initial Discovery Protocols,

Delia's counsel explained that the documents and information were necessary to expedite discovery and ensure that the parties could comply with the Court's Scheduling Order. *Id.*

In an attempt to dilute their non-compliance, Plaintiffs' counsel stated that the documents produced satisfy this Court's Order. *Id.* Not so. As explained further herein, the documents produced are deficient as to 19 plaintiffs and no documents or information were produced for the remaining 12 plaintiffs. Delia's received 118 pages of documents consisting of self-serving affidavits, copies of identification cards, time and pay records created and maintained by Delia's (not by Plaintiffs), personal tax returns, and tax informational documents for only 19 plaintiffs, when tax documents were specifically excluded from production.

Despite Delia's efforts to resolve this discovery dispute, Plaintiffs' have clearly failed to comply with this Court's Order, by months now. Plaintiffs continued to disregard this Court's order and have patently failed to provide basic information and documents they should have had prior to filing suit. Thus, Delia's files this Motion seeking this Court's intervention.

### III. The Court Should Enforce its Order and Require Plaintiffs to Fully Respond

#### A. Standard of Review.

FRCP 37 provides that a court may enter an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(3)(A).

This Court's Order states that the Initial Discovery Protocols "encourages the parties and their counsel to exchange information and documents early in the case, help frame the issues to be resolved, and plan for more efficient and targeted discovery." Dkt. No. 17. The purpose of requiring the exchange of information and documents in the Initial Discovery Protocols is to "focus on the type of information most likely to be useful in narrowing the issues for FLSA cases." *Id*. Specifically, the Order requires that Plaintiffs produce the following documents:

   a. Documents created or maintained by the Plaintiff recording time worked.
   b. Documents created or maintained by the Plaintiff recording wages or other compensation paid or unpaid by the Defendant. This does not include personal tax returns or tax informational documents.
   c. If the Plaintiff reported or complained internally to the Defendant about the FLSA Claim(s), the reports or complaint and any response that the Defendant provided to the Plaintiff.
   d. Any offer letters, employment agreements, or compensation agreements for the Plaintiff.
   e. Any sworn statements from individuals with information relevant to the FLSA Claim(s).
   f. Documents that the Plaintiff relies on to support a claim of willful violation.
   g. All other documents that the Plaintiff relies on to support the Plaintiff's FLSA Claim(s).

*Id*. Additionally, the Order requires that Plaintiffs produce the following information:

   a. Identify the person that Plaintiff believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.
   b. Identify the start and end dates for the FLSA Claim(s).
   c. The plaintiff's title or position and a brief description of the Plaintiff's job duties for the relevant time period.
   d. Describe the basis for the FLSA Claim(s).
   e. A computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).
   f. The names of the Plaintiff's supervisors during the relevant time period.
   g. If the Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.
   h. If the Plaintiff reported or complained to the Defendant (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about the any FLSA Claim(s), state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) were made, and any response provided by the Defendant.

*Id*.

### B. The documents produced do not satisfy the Court's Order for Disclosure.

Nineteen plaintiffs served 118 pages of deficient documents. Plaintiffs' production consisted of 51 pages of self-serving affidavits, 45 pages of personal tax return and tax informational documents, 12 pages of time and pay records maintained by Delia's, and 10 pages

5

of personal identification cards. Ex. 3. The majority of the self-serving affidavits are "Notices of Consent" which are not relevant in this case as Plaintiffs are not similarly situated and this case has not been pled as a collective action. *Id.* The rest of the self-serving affidavits provide no relevant information to Plaintiffs' FLSA claims. *Id.* Instead, the affidavits are filled with irrelevant allegations about their work authorization permits, and legal status in the United States. *Id.*

The documents produced by the 19 plaintiffs are simply red herrings to which Plaintiffs attempt to distract from the important issue here—the Plaintiffs' inability to describe the alleged violation that they believe entitles them to overtime. Plaintiffs' counsel has expressed that the documents satisfy the Court's Order, however, that is incorrect. Plaintiffs have not produced any documents or information that are relevant to this FLSA case—except time and pay records maintained by Delia's. However, those are the same documents that Delia's produced with its Initial Discovery Protocol and they are not documents *created or maintained by Plaintiffs* as the Court's Order for Disclosure requires. Dkt. No. 17. Thus, the documents produced by the 19 plaintiffs does not satisfy this Court's Order and 12 plaintiffs have not produced any documents or responses at all.

### C. Ordering Compliance is Reasonable and Necessary for the Efficient Prosecution and Defense of this Case.

Plaintiffs' failure does not only unnecessarily and impermissibly delay the progress of this case and Delia's ability to comply with this Court's Scheduling Order, but without the information and documents required in the Initial Discovery Protocols, Delia's is unable to plan for discovery or efficiently defend against Plaintiffs' claims.

In an attempt to circumvent this Court's Order, Plaintiffs' counsel served deficient responses to the Initial Discovery Protocols listing a witness list for an unidentified plaintiff and produced 118 pages of documents consisting of affidavits, pay records maintained by Delia's,

6

copies of identification cards, personal tax returns, and tax informational documents for only 19 plaintiffs. Ex. 3. 45 of the 118 documents produced were personal tax returns and tax informational documents—documents this Court specifically excluded from the Initial Discovery Protocols. *See* Dkt. No. 17 at Part 2, 1(b) ("Documents created or maintained by the Plaintiff recording wages or other compensation paid or unpaid by the Defendant. ***This does not include personal tax returns or tax informational documents***."). No responses have been served for the remaining 12 plaintiffs.

It has now been over two months since this Court ordered Plaintiffs to produce the documents and information necessary in the Initial Discovery Protocols. Delia's counsel has attempted to work with Plaintiffs' counsel to allow additional time for Plaintiffs to comply with this Court's Order. Plaintiffs, however, have continually failed to comply with the Order. In fact, Plaintiffs' counsel admitted that they would not be able to comply with the Order by February 29—almost one month after the Court ordered deadline. Ex. 2. Plaintiffs' counsel stated that it "cannot produce documents unless the [Plaintiffs] possess or can provide those." Ex. 2. However, Plaintiffs can and should serve responses complete and compliant with the Court's Order. If a Plaintiff does not have responsive documents in its possession, custody, or control, then the Plaintiff should indicate that in its response—not blatantly ignore the Court's Order.

### D. Plaintiffs' deliberate non-compliance with this Court's Order prejudices Delia's ability to effectively defend against Plaintiffs' claims.

Plaintiffs' First Amended Complaint only alleges "willful and knowing violations of the overtime provisions of [the FLSA]" and seeks to "recover unpaid overtime wages and all allowable interest, and attorney's fees and costs . . . [for Plaintiffs] who worked more than 40 hours in any workweek for which they were willfully paid straight time wages for overtime hours worked[.]"

7

(ECF 15). However, Plaintiffs have failed to specify the alleged violation that entitles them to recovery under the FLSA. Delia's is entitled to a full understanding of Plaintiffs' claims.

Without Initial Discovery Protocols from each individual Plaintiff, Delia's is prejudiced. Delia's is unable to understand the basis for Plaintiffs' FLSA claims or the computation of damages for each of the 31 plaintiffs. Understanding Plaintiffs' claims is critical because the Plaintiffs are not similarly situated. In fact, some plaintiffs are managers who are exempt from overtime, two Plaintiffs stopped working for Delia's over 10 years ago, and Delia's has no record of 7 plaintiffs. As admitted by Plaintiffs' self-serving affidavits, at least, Angelica Chavez, Hector Gonzalez, and Rosendo Lievanos were managers of Delia's; and Patricia Conde stopped working for Delia's in 2010. *See* Ex. 3 at 49, 77, 91, 107. Delia's counsel has reiterated the need to understand Plaintiffs' allegations regarding the alleged violation to Plaintiffs' counsel on multiple occasions. However, Plaintiffs' counsel's only attempt to explain its theory of claims is that in "the underlying case there was a set of records that Delia's maintained that was reported to authorities and another set of books were paid in cash." Ex. 2. The information and documents described in the Initial Discovery Protocols would allow Delia's to understand what Plaintiffs' counsel means by its vague articulation of the case. It would allow Delia's to narrow the issues for each of the Plaintiffs and understand their allegations. However, as of now, it is impossible for Delia's to assert defenses or to plan for discovery, thus, prejudicing Delia's case. Therefore, it is necessary that each individual Plaintiff serve its Initial Discovery Protocols in compliance with this Court's Order for Disclosure.

### IV.     Conclusion

Delia's is not asking Plaintiffs to do something that it did not have to do—and that it did timely as to all 31 Plaintiffs. Delia's is not, at this time, seeking any disciplinary sanctions against

Plaintiffs. It is also not, at this time, seeking its attorneys' fees. Delia's simply asks, after attempting to cooperate with Plaintiffs' counsel for a month after the deadline, that Plaintiffs comply with the Court's Order and, more importantly, describe what they contend is the actual violation through such compliance. While this is a multi-plaintiff case, it is not unmanageable or voluminous in the grand scheme of things. Moreover, the number of plaintiffs is, for the most part, an equal burden for Delia's and the Court to manage, which they must do because Plaintiffs *chose* to bring this case and the burden of evidence belongs to each Plaintiff. Now, they ought to comply with the Court's orders related to this case.

    For the reasons set forth above, Defendant Delgar Foods d/b/a Delia's respectfully requests this Court to grant this Motion in its entirety, enforce its Order, and further order each individual Plaintiffs to serve complete and compliant responses to the Initial Discovery Protocols within 10 days from the date it enters such order. Delia's further requests that the Court award Delia's any and all other relief to which it may be entitled.

15231330v1
60978182.v1-OGLETREE

Dated: February 28, 2024

Respectfully submitted,

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
Lorena D. Valle
State Bar No. 24131729
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas St., Ste 3000
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

Attorneys for Defendant DELGAR FOODS, LLC. d/b/a DELIA'S

### Certificate of Conference

I certify that I conferred with counsel for Plaintiffs Juana Cruz, *et al.* on multiple occasions regarding the issues made the basis of Delia's Motion to Enforce Court Order.

*/s/ Lorena D. Valle*
Lorena D. Valle

### Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing instrument was served on all counsel of record via this Court's electronic filing and notice system on the 28th day of February 2024.

*/s/ Lorena D. Valle*
Lorena D. Valle

15231330v1