# EXHIBIT 1

# Valle, Lorena D.

| | |
|---|---|
| **From:** | Valle, Lorena D. |
| **Sent:** | Tuesday, February 13, 2024 1:48 PM |
| **To:** | douglas.a.ahern@gmail.com |
| **Cc:** | Richard Alamia; Alaniz, Laura; Andrea JEAN RIVAS; Quezada, Stephen J.; Folk, Laura C. |
| **Subject:** | Juana Cruz, et. al v. Delgar Foods -- Initial Disclosures |
| **Attachments:** | 2023-12-15 _017_ Signed Order for D(15080119.1).pdf |

Hi Doug,

Thank you for taking my call today. As we discussed, the disclosures you provided are not in compliance with the Order for Disclosures and the Initial Discovery Protocols for FLSA Cases Not Pleaded as Collective Actions. I have attached a courtesy copy of the Order and the Protocols signed by Judge Bray on December 15, 2023.

As discussed, you have agreed to produce the information and documents required by the Protocols for each plaintiff by **February 23, 2024**. Because the joint status report is due February 29, we cannot provide any further extensions.

The Order for Disclosure requires that **each plaintiff** listed in the amended complaint produce documents and information described in the Initial Discovery Protocols. However, the plaintiffs have not produced any information or documents that are responsive to the Protocols other than the witness list. Specifically, none of the plaintiffs have provided:

(1) Documents created or maintained by the Plaintiff recording time worked.
(2) Documents created or maintained by the Plaintiff recording wages or other compensation paid or unpaid by the Defendant. (This does *not* include personal tax returns or tax informational documents.)
(3) If the Plaintiff reported or complained internally to the Defendant about the FLSA Claim(s), the reports or complaint and any response that the Defendant provided to the Plaintiff.
(4) Any offer letters, employment agreements, or compensation agreements for the Plaintiff.
(5) Any sworn statements from individuals with information relevant to the FLSA Claim(s).
(6) Documents that the Plaintiff relies on to support a claim of willful violation.
(7) The start and end dates for the FLSA Claim(s).
(8) The Plaintiff's title or position and a brief description of the Plaintiff's job duties for the relevant time period.
(9) The basis for the FLSA Claim(s).
(10) A computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).
(11) The names of the Plaintiff's supervisors during the relevant time period.
(12) If the Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.
(13) If the Plaintiff reported or complained to the Defendant about any FLSA Claim(s), whether the report or complaint was written or oral, when the report or complaint was made, to whom any report or complaint was made, and any response provided by Defendant.

We look forward to your prompt response. Please contact me if you have any questions or wish to discuss this further. Thank you in advance.

**Lorena D. Valle** | Associate
**Porter Hedges LLP**

1000 Main St, 36th Floor | Houston, TX 77002
**t** 713.226.6716    **e** LValle@porterhedges.com