# EXHIBIT 2

# Valle, Lorena D.

| | |
|---|---|
| **From:** | Dr. Douglas A'Hern, Esq. <douglas.a.ahern@gmail.com> |
| **Sent:** | Wednesday, February 21, 2024 8:50 AM |
| **To:** | Valle, Lorena D.; Andrea JEAN RIVAS; Richard Alamia |
| **Subject:** | Re: Juana Cruz, et al. v. Delgar Foods d/b/a Delia's |

Thank you, Lorena.

Let me begin by expressing my appreciation for your flexibility.

I am verifying that you have what we have put together.  It will be the initial disclosure document and approximately 25 individual .pdf's broken down by individual plaintiff.  That represents what we have at this time.  That information satisfies the order, I just have to make sure you have it.

Can we certify?  If not, we will have that to you today.  I believe it was sent to Laura and we did not know she separated from the firm.

Understand that the underlying case is that there was a set of records that Delia's maintained that was reported to authorities and another set of books where people were paid in cash like they had been for many, many years until Delia's straightened out their infrastructure.

That can be represented in individual affidavits if no real - hard copy - documents exist to support the claim.  In lower-level paying industries like restaurants, landscaping, and the like, this is a common pattern and practice.

We have also notified our plaintiffs that to support their case, they have a very short window to provide anything they have.  If not, it will be in affidavits and testimony.

Doug


On Wed, Feb 21, 2024 at 8:35 AM Valle, Lorena D. <LValle@porterhedges.com> wrote:

Good morning, Doug,


We had a phone conversation on 2/13 regarding the documents Plaintiffs sent. I followed up with an email that, among other things, reiterated that the documents Plaintiffs produced were not responsive to and do not comply with the Court-ordered FLSA Initial Disclosures. I also confirmed that Defendant was providing Plaintiffs a 2-week extension of the court-ordered deadline. See attached.

Plaintiff's responses to the FLSA Initial Disclosures should be complete and compliant with the Court's order. If, after a diligent search, Plaintiffs do not have responsive documents in their possession, custody, or control, then Plaintiffs should indicate that in their responses. We have accommodated, but, as Stephen stated, we need to keep moving along with the deadlines ordered by the Court. We expect that the plaintiffs will serve their responses to the Initial Disclosures by Friday, 2/23.

Thanks,

**Lorena D. Valle** | Associate
**Porter Hedges LLP**

1000 Main St, 36th Floor | Houston, TX 77002
**t** 713.226.6716    **e** LValle@porterhedges.com
Bio • Web • V-Card

---

**From:** Dr. Douglas A'Hern, Esq. <douglas.a.ahern@gmail.com>
**Sent:** Tuesday, February 20, 2024 4:33 PM
**To:** Quezada, Stephen J. <stephen.quezada@ogletree.com>
**Cc:** Valle, Lorena D. <LValle@porterhedges.com>; Richard Alamia <richard.alamia@yahoo.com>; Andrea JEAN RIVAS <andrearivas.ahernlaw@gmail.com>
**Subject:** Re: Juana Cruz, et al. v. Delgar Foods d/b/a Delia's

Lorena and Stephen,

We are in the process of reviewing your disclosures.

We will go back and verify that we did send you an two part email late last week that is broken down by Plaintiff (employee) of what we have at the moment.

We cannot produce documents unless the clients possess or can provide those. Given the nature of the claim, we expected that the documents you sent would reflect correctly.

2

We will have the nature of the claim by Friday - such as if the managers told the employee to clock out but keep working off the books.

That may NOT be on an affidavit as we are working on those.

Doug & Richard Alamia

Dr. Douglas A'Hern, Esq.

On Tue, Feb 20, 2024, 15:30 Quezada, Stephen J. <stephen.quezada@ogletree.com> wrote:

> Hi, Doug,
>
> Defendant has already provided a 2-week extension of the court-ordered deadline to serve Initial Disclosure. That extension followed a phone conference in which Laura and I explained that the most necessary piece of information is with regard to the nature of the violation plaintiffs allege gives rise to a claim for overtime. That is critical in order to move forward.
>
> The FLSA protocols are in place to expedite discovery, and repeated extensions defeat that purpose. Plaintiffs have had over two months to serve the court-ordered Initial Disclosures. We cannot give another extension, especially because you state that you do not know if you will be able to serve them by the joint status report deadline and because we need to keep things moving along pursuant to the deadlines ordered by the Court.
>
> Defendant needs time to review plaintiffs' disclosures and document production, from every plaintiff, before being able to provide a number of contemplated depositions before the parties' status report is due on February 29, 2024.
>
> We expect to receive the Initial disclosures for all plaintiffs by **Friday, February 23**. Otherwise, we will have to seek the Court's intervention.
>
> Regarding mediation, Mr. Garcia's background appears to be PI. How about Nitin Sud, retired U.S. Magistrate Judge Nancy Johnson, Carla Cotropia, or Richard Brann.

3

Thanks,

Stephen

**Stephen J. Quezada | Ogletree Deakins**
One Allen Center, 500 Dallas Street, Suite 3000 | Houston, TX 77002 | Telephone: 713-655-5757
stephen.quezada@ogletree.com | www.ogletree.com | Bio
Board Certified - Labor and Employment Law - Texas Board of Legal Specialization

**From:** Dr. Douglas A'Hern, Esq. <douglas.a.ahern@gmail.com>
**Sent:** Tuesday, February 20, 2024 10:31 AM
**To:** Valle, Lorena D. <LValle@porterhedges.com>
**Cc:** Quezada, Stephen J. <stephen.quezada@ogletreedeakins.com>; Richard Alamia <richard.alamia@yahoo.com>
**Subject:** Re: Juana Cruz, et al. v. Delgar Foods d/b/a Delia's

*[Caution: Email received from external source]*

Good morning,

We have a firm working through the disclosures but we do not know if they will be finalized before the 29th.

We are going to work to have the client produce any documents of cashed checks, deposits, or other related material - and/or a definitive affidavit this week and next to further refine our claims.

Hopefully, that can narrow down any possible deposition targets for you before the report is due.

We will provide you the names of those we seek to depose by next week.