UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUANA CRUZ, *et al.*, § § § *Plaintiffs*, § § v. § § DELGAR FOODS, LLC § D/B/A DELIA'S TAMALES, § § *Defendant.* § § | Civ. A. No. 7:23-CV-343 |

**Defendant's Response to Plaintiffs' Opposed Motion
for Leave to File Second Amended Complaint**

1. **Background and Summary of the Response**

This is an FLSA case in which 28 Plaintiffs seek alleged overtime from their former employer, Defendant Delgar Foods, LLC *d/b/a* Delia's Tamales ("Defendant" or "Delia's"). Delia's operates various restaurants in the Rio Grande Valley and San Antonio and specializes in making tamales. The deadline to seek leave to amend or add a new party was January 31, 2024. Dkt. No. 18.

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (the "Motion") filed almost seven months after the deadline. The Motion seeks leave to file a Second Amended Complaint that is littered with the same, old, salacious allegations Plaintiffs asserted in their Original

Petition (Dkt. No. 1-2) and arrantly filed First Amended Complaint (Dkt. No. 7), which Plaintiffs withdrew because they had not sought leave. Plaintiffs ultimately requested leave, filed their operative First Amended Complaint (Dkt. No. 15), and made the decision to abandon several theories stated in their prior pleadings. Plaintiffs now seek leave to reinject those abandoned theories. They also seek to add various "***new***" claims and to proceed as a collective as to all claims and add Delia Garza ("Ms. Garza")—the 77-year-old founder of Delia's who is now a passive owner and has not been involved in Defendant's decision-making since 2018—as a party. *See* Dkt. No. 19 at p. 6.

Plaintiffs essentially want a ***third*** bite at the apple by filing an entirely new case. A single, erroneous reason props up Plaintiffs' request to restart this litigation: "leave to amend a petition is to be 'freely given when justice so requires.'" Dkt. No. 44 at p. 2 (internal citation omitted). That's it. Plaintiffs' Motion is totally devoid of any reason that supports their belated request and applies an incorrect standard under Rule 15.

The Court should deny Plaintiffs' Motion for two primary reasons:

(1) Plaintiffs failed to establish the requisite standard for the relief they seek; and

(2) Plaintiffs fail to show "good cause" within the meaning of Rule 16, the applicable Rule, for leave to amend because: (i) they offer no explanation for their untimely request; (ii) amendment is futile; (iii) Delia's would be prejudiced; and (iv) a continuance cannot cure that prejudice.

## 2. <u>Argument & Analysis</u>

**A. Plaintiffs' Motion should be denied because it fails to address, much less establish, the requisite standard for the relief they seek.**

Plaintiffs argue that under "Rule 15(a), leave to amend a petition is to be 'freely given when justice so requires.'" Dkt. No. 44 at p. 2 (citing FED. R. CIV. P. 15(a)). Rule 15, however, does not apply because Plaintiffs' request is untimely—the deadline to amend passed nearly seven months ago. *See* Dkt. No. 18; *see also Squyers v. Heico Cos., L.L.C.*, 782 D.3d 224, 237 (5th Cir. 2015). Simply put, nothing in Plaintiffs' Motion addresses the requisite standard for the relief they seek. The Court should deny Plaintiffs' Motion for this reason alone.

What Plaintiffs actually seek is a departure from the pleading amendment deadline and modification of this Court's scheduling order. Rule 16(b) is therefore the applicable Rule. *See Squyers*, 782 D.3d at 237 (explaining after the scheduling order's deadline to amend has passed, Rule 16(b) governs the amendment of pleadings). Under FED. R. CIV. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." As explained below, Plaintiffs' belated Motion does not even mention good cause, much less establish it.

## B. The Court should deny Plaintiffs' Motion because Plaintiffs fail to establish "good cause."

Courts consider four factors when determining good cause under Rule 16(b): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres*, 782 F.3d at 237 (alterations in original) (quotation marks omitted). Plaintiffs bear the burden of establishing good cause. *Id.*

Plaintiffs' Motion does not attempt to argue, much less establish, the requisite "good cause" standard under Rule 16. But even if Plaintiffs had argued the correct Rule and standard, their Motion would still fail because good cause simply does not exist here.

### (i) Plaintiffs fail to provide any explanation for their failure to timely comply with the Court's scheduling order.

Plaintiffs' Motion does not articulate any explanation for their failure to timely comply with the Court's scheduling order. *See* Dkt. No. 44 at pp. 2–5. Plaintiffs merely offer: (1) Rule 15(a) and an explanatory case; (2) the addition of Ms. Garza as an individual defendant; and (3) the assertion of a claim under 18 U.S.C. § 1962 (civil RICO). *Id.* Plaintiffs' lack of any explanation for their failure to timely comply with this Court's scheduling order is fatal to their Motion, and as such, it should be denied. *See Veldekens v. GE HFS Holdings, Inc.*, 2008 WL 190442, at *4 (S.D. Tex. Jan. 22, 2008) (holding that no good

4

cause was found where plaintiff failed to explain the delay in, or importance of, the proposed amended pleading, and allowing it would be prejudicial to defendant at the advanced stage of litigation). Indeed, there is no explanation for Plaintiffs' failure to timely comply with this Court's scheduling order, particularly considering the substance of the allegations.

There is nothing "***new***" about Plaintiffs' purported allegations and supposed claims in the proposed Second Amended Complaint. Plaintiffs' pleading history clearly demonstrates that they have always known of the allegations and additional defendant contained therein. *See* Dkt. Nos. 1-2, 7. Plaintiffs previously offered the alleged "factual" underpinnings of the claims asserted in their proposed Second Amended Complaint.

For example, Plaintiffs discussed their perceived wrongdoing by Ms. Garza since at least December 15, 2023. *See, e.g.*, Dkt. No. 15 at pp. 4–5.[1] In the First Amended Complaint, Plaintiffs assert that Ms. Garza "is the owner and/or primary officer of Delia's and controls its day-to-day operations." *Id.* at p. 4. Plaintiffs also previously asserted that Defendant was involved in a fraudulent social security scheme. Dkt. No. 1-2 at pp. 2–5. Plaintiffs also alleged that this case was about "human trafficking," "exploitation," and that Ms. Garza "is the owner and/or primary officer of DELIA'S" and was

---

[1] Plaintiffs' First Amended Complaint has numbered paragraphs and pages. However, for citation purposes, Defendant uses the page numbers generated by CM/ECF.

5

responsoibel for "hiring, firing, and supervising the work of employees…." Dkt. No. 7 at ¶¶2, 4, and 18. Plaintiffs, however, affirmatively abandoned these theories when they filed their operative First Amended Complaint. *Compare* Dkt. No. 1-2 (Original Petition), *with* Dkt. No. 7 (arrant First Amended Complaint), *with* Dkt. No. 15 (First Amended Complaint), *and* Dkt. No. 44-1 (proposed Second Amended Complaint). Now Plaintiffs attempt to bring "***new***" claims based on those same previously abandoned theories. *Id.*; *see also* Dkt. No. 44-1.

Courts have regularly found that a failure to explain such a delay should result in the denial of leave to amend. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming that the district court acted within its discretion in denying leave to amend because the plaintiff's "reasonable suspicion" of a potential claim "accent[ed] [the plaintiff's] inability to explain the delay" in seeking leave to amend); *see also Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming district court's denial of plaintiff's request for leave to amend under Rule 15 because plaintiffs "had been aware of the factual underpinnings of the [new] fraud claim for some time, and…they had not been diligent in pursuing the claim").

Plaintiffs have also unreasonably delayed in seeking to amend for a second time. Plaintiffs originally asked for Defendant's position on their request for leave to amend on June 14, 2024. *See* Exhibit A. That same day,

6

counsel to Defendant advised counsel to Plaintiffs that Defendant was opposed to Plaintiffs' request for leave to file a second amended complaint and that the deadline to add new parties had passed. *Id.* Still, Plaintiffs waited **two months** to file their Motion, when it would have already been about five months late.[2]

Thus, the clear prior knowledge, prior amendment, abandonment of theories, and Plaintiffs' communications regarding the amendment clearly demonstrate that there is no explanation for their delay and the untimely Motion.

### (ii) Plaintiffs do not offer any argument regarding the supposed importance of the proposed amendment.

Plaintiffs do not, and cannot, argue that their proposed amendment is important. Namely, because Plaintiffs affirmatively abandoned the same or materially similar allegations from their Original Petition and proposed First Amended Complaint when they filed their operative First Amended Complaint. There simply is nothing in the Plaintiffs' papers that indicate why allowing a belated amendment to reinject abandoned allegations would somehow be important.

---

[2] Even if the Court were to consider Plaintiffs' Motion under Rule 15, the Court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### (iii) Plaintiffs untimely and groundless proposed amendment incurably prejudices Defendant.

Defendant has completed taking its allowed number of depositions and have finished discovery. Plaintiffs waited *seven months* after the deadline to amend and after Delia's completed discovery to reset the stage. Plaintiffs' proposed Second Amended Complaint alleges more facts and asserts more claims than Plaintiffs identify in the Motion. *Compare* Dkt. No. 44 at ¶3 *and* Dkt. No. 44-1.

The proposed Second Amended Complaint includes the following additions: (1) a class/collective action; (2) Ms. Garza as a defendant; (3) a "claim" of "fraudulent concealment"; (4) a "claim" of "exploitation"; (5) a "claim" of "employee misclassification"; and (6) a claim under 18 U.S.C. § 1962 (civil RICO). Dkt. No. 44-1. The proposed Second Amended Complaint greatly shifts the landscape of this case. Such amendment totally resets this case on the Court's docket, restarts discovery, invites more discovery struggles, prejudices Defendant, and causes undue delay. A continuance would not cure any of the prejudice Defendant would suffer. This action has been pending in this Court since October 2023, and has been actively litigated. *See* Dkt. No. 1.

The shift of this lawsuit to a class/collective action alone would cause undue delay and would cause the parties to incur great expense. Plaintiffs' have alleged the purported proposed class as:

8

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business which were owned, operated, and/or acquired by Defendants. Who were not paid minimum wages and over time at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

Dkt. No. 44-1 at p. 13. Plaintiffs' proposed Second Amended Complaint and prayer for relief indicate the proposed putative collective pertains to ***all*** claims. *See* Dkt. No. 44-1 at pp. 13, 21. Should this proposed Second Amended Complaint become Plaintiffs' operative pleading, the foregoing proposed putative collective would be opposed. The proposed putative collective is overbroad for all claims and would capture possible co-conspirators as, under one of Plaintiffs' theories, some Plaintiffs' would be undocumented workers who knew of the alleged fraudulent social security numbers and, through their actions, assisted in wire-fraud. *See, e.g.*, Dkt. Nos. 7-1–7-7. The proposed collective would also re-start discovery as to the appropriateness of the collective under *Swales* and would, on this basis, be opposed.

Plaintiffs' proposed Second Amended Complaint would also be futile. Even when there is good cause to grant leave to amend, a court may exercise its discretion and deny such a motion if the amendment would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 622–23 (1st Cir. 1996). "Futility" means "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing 3 *Moore's Federal Practice* ¶ 15.084,

9

at 15–80 (2d ed.1993)); *see also Vargas v. McNamara,* 608 F.2d 15, 17 (1st Cir. 1979). In reviewing for "futility," district courts are instructed to apply the same standard of legal sufficiency applied to a Rule 12(b)(6) motion. *See Glassman,* 90 F.3d at 623 (citing 3 *Moore's,* ¶ 15.084, at 15–81); *Ramirez v. DeCoster,* 2012 WL 2367179, at *6 (D. Me. June 21, 2012) (citing *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006)). Thus, to avoid being futile, an amended pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Plaintiffs' proposed Second Amended Complaint does not meet this threshold standard, the Court should deny Plaintiffs' Motion.

The proposed Second Amended Complaint is also futile as to Ms. Garza. Plaintiffs have always known of Ms. Garza but never attempted to added her as a defendant. *See* Dkt. No. 7 at ¶18, Dkt. No. 15 at pp. 5–6. Ms. Garza has not been involved in Defendant's daily operations or decision making since at least 2018. *See* Dkt. No. 19 at p. 6. Beyond this, and importantly, the statute of limitations for any actions Ms. Garza might have taken during her involvement in Defendant's daily operations and decision-making has long run, so adding her as a defendant to these proceedings would be improper. Further, Plaintiffs' proposed amended complaint does nothing more than name

10

Ms. Garza as a defendant. *See* Dkt. No. 44-1. The proposed amendment fails to link Ms. Garza factually to any of the asserted claims. *Id*. Tellingly, and ***contrary to their proposed amended pleading***, Plaintiffs admit that ***they know of no decision-making by Ms. Garza***. *See* Exhibit B, Deposition of Miguel Caballero at 31:8–33:8; Exhibit C, Deposition of Elias Gutierrez at 32:6–33:24; Exhibit D, Deposition of Rosendo Lievanos at 37:12–39:4; Exhibit E, Deposition of Armando Morales at 41:16–42:22; Exhibit F, Deposition of Olga Perez at 57:7–58:6; Exhibit G, Deposition of Luis Zuniga at 40:9–41:5. Plaintiffs also admit that, ***contrary to their proposed amended pleading, they have never heard of and are unaware of Defendant maintaining "two sets of books"*** and offer no evidence in support of allegations regarding Defendant's ***supposed failure to remit social security deductions*** (likely because those deductions were in fact remitted via Delgar's third-party payroll provider, which Delia's has used since 2017).[3] Ex. B at 38:16–25; Ex. C at 24:18–25:3; Ex. D at 27:21–28:24, 28:25–29:6; Ex. E at 20:24–22:1; Ex. F at 57:1– 6.

In addition, Plaintiffs proposed Second Amended Complaint is rife with alleged misdeeds. Dkt. No. 44-1. It adds as "claims" for fraudulent

---

[3] In a group chat between Plaintiffs admit to lacking immigration status and it is stated that a goal in asserting claims against Defendant is to somehow obtain work permits or permanent residency. *See* Exhibit H. Plaintiffs also there question validity of the claims, asking whether should confer with other attorneys because they are unsure whether they have any actual claims or if they are being led on by their current counsel. *Id*.

11

concealment, exploitation of undocumented individuals/government records, and misclassification of employees. *Id.* But these are not actual causes of action. Instead, these are merely additional "claims" Plaintiffs created in a bad faith attempt to delay these proceedings. And although misclassification of employees is a cause of action, Plaintiffs fail to allege facts in support of that claim. *See id.* at p. 16. Plaintiffs do nothing more than recite the elements of such a claim. *Id.* Plainly, such conclusory allegations without more are insufficient. *Iqbal*, 556 U.S. at 678. Thus, Plaintiffs' proposed Second Amended Complaint is futile.

### (iv) A continuance does not cure the reset of this matter that Plaintiffs' proposed Second Amended Complaint would certainly cause.

As explained above, the "new" allegations and claims, particularly Plaintiffs' request for certification as a collective, is not curable with a continuance. Plaintiffs seek a total, back-to-the-drawing board reset nearly one year after this case was filed. *See* Dkt. No. 1-2. Thus, the fourth and final factor also weighs against Plaintiffs.

### 3. Conclusion

For all these reasons, Defendant Delgar Foods, LLC *d/b/a* Delia's Tamales respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint and grant Defendant all such other and further relief, at law or in equity, as the Court deems just and proper.

Dated this 28th day of August 2024.

        Respectfully submitted,

        **PORTER HEDGES LLP**

        By: */s/William R. Stukenberg*
        William R. Stukenberg, Attorney-in-Charge
        State Bar No. 24051397
        wstukenberg@porterhedges.com
        Lorena D. Valle
        lvalle@porterhedges.com
        State Bar No. 24131729
        PORTER HEDGES LLP
        1000 Main Street, 36th Floor
        Houston, Texas 77002-6341
        (713) 226-6000 (phone)
        (713) 228-1331 (fax)

        and

        */s/ Stephen J. Quezada*
        Stephen J. Quezada, Of Counsel
        State Bar No. 24076195
        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
        500 Dallas St., Ste 2100
        Houston, Texas 77002
        (713) 655-5757 (phone)
        (713) 655-0020 (fax)

        **ATTORNEYS FOR DEFENDANT DELGAR FOODS, LLC D/B/A DELIA'S**

## **Certificate of Service**

I hereby certify that on August 28, 2024, this document filed through the Court's electronic filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/Stephen J. Quezada*
Stephen J. Quezada
