# Exhibit B

```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
 2                         MCALLEN DIVISION
 3      JUANA CRUZ, OFELIA            )
        BENAVIDES, JOSE ELIAS         )
 4      N.G, GABRIELA VELAZQUEZ,      )
        HELESIO CRUZ, ANGELICA        )
 5      CHAVEZ, CONCEPCION PEREZ,     )
        OLGA PEREZ, MAVRIGO           )
 6      SAENZ, JORGE MAOLEON,         )
        HECTOR SANCHEZ, HECTOR        )
 7      GONZALEZ, YESSY PEREZ         )
        MARTINEZ, MARIA DE            )
 8      LOURDES CRUZ, RESENDO         )
        LIEVANOS, ELIZABETH LARA,     )
 9      LUIS ALBERTO ZUNIGIA          )
        CASTILLO, MIGUEL              )
10      CABALLERO SANCHEZ, CARLOS     )   CASE NO: 7:23-CV-00343
        DANIEL LOPEZ, GILDA           )
11      RIVAS, ARMANDO MORALES DE     )      JURY DEMANDED
        LLANO, LAZARO GARCIA,         )
12      MARIA DE JESUS MEDINA,        )
        RICHARD ESQUIVEL, RAFAEL      )
13      SANCHEZ, GUILLERMO RUIZ,      )
        ROSA QUINTANILLA,             )
14                                    )
                   PLAINTIFFS,        )
15                                    )
        VS.                           )
16                                    )
        DELGAR FOODS, LLC A/K/A       )
17      DELIA'S TAMALES,              )
                                      )
18                 DEFENDANT.         )
       *********************************************************
19                       ORAL DEPOSITION OF
20                       MIGUEL CABALLERO
21                         June 26, 2024
       *********************************************************
23                 ORAL DEPOSITION of MIGUEL CABALLERO,
24     produced as a witness at the instance of the Defendant,
25     and duly sworn, was taken in the above-styled and
```

Page 1

1  numbered cause on the 26th day of June 2024, from
2  9:02 a.m. to 10:43 a.m., before Priscilla R. Maldonado,
3  CSR, in and for the State of Texas, reported by
4  stenograph, at the Law Offices of Ricardo Gonzalez, 124
5  S. 12th Ave, Edinburg, Texas, pursuant to the Federal
6  Rules of Civil Procedure and the provisions stated on
7  the record or attached.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                    A P P E A R A N C E S
 2    COUNSEL FOR THE PLAINTIFFS:
 3          RICARDO GONZALEZ
            OXFORD & GONZALEZ
 4          124 SOUTH 12TH AVENUE
            EDINBURG, TEXAS 78539
 5          Tel: 956-383-5654
            RIC@OXFORDGONZALEZ.COM
 6
 7    COUNSEL FOR THE DEFENDANT:
 8          STEPHEN J. QUEZADA
            OLGETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
 9          500 DALLAS ST., STE 3000
            HOUSTON, TEXAS 77002
10          Tel: 713-655-5757
            STEPHEN.QUEZADA@OGLETREE.COM
11
            LORENA D. VALLE
12          PORTER HEDGES LLP
            1000 MAIN STREET, 36TH FLOOR
13          HOUSTON, TEXAS 77002-6341
            Tel: 713-226-6000
14          LVALLE@PORTERHEDGES.COM
15          ELIZABETH SANDOVAL CANTU
            RAMON WORTHINGTON NICOLAS & CANTU, PLLC
16          1506 SOUTH LONE STAR WAY, SUITE 5
            EDINBURG, TEXAS 78539
17          Tel: 945-294-4800
            ECANTU@RAMONWORTHINGTON.COM
18
19    ALSO PRESENT:
20          NICOLAS GIBLER, INTERPRETER
            ARMANDO MORALES, PLAINTIFF
21          LUIS ZUNIGA, PLAINTIFF
            ELIAS GUTIERREZ, PLAINTIFF
22          OLGA PEREZ, PLAINTIFF
23
24
25
```

Veritext Legal Solutions
346-293-7000

```
 1                            INDEX
 2                                                     PAGE
 3     Appearances....................................   3
 4     MIGUEL CABALLERO
 5          Examination By Mr. Quezada...............   5
 6     Changes and Signature.........................  45
 7     Reporter's Certification......................  47
 8
 9                           EXHIBITS
10     NUMBER       DESCRIPTION                          PAGE
11     Exhibit 1    Declaration                            35
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

1   Q.   Do you know who set your work schedule?
2   A.   The supervisor was the one that gave me the
3   schedule.
4   Q.   And when you said supervisor in response to
5   those two questions that I just asked you, you're
6   talking about Mr. Briones?
7   A.   Yes.
8   Q.   Do you know who made the decision to pay you a
9   bonus?
10  A.   Well, I would assume it would be Ms. Delia.
11  Q.   Do you know that for sure?
12  A.   No.
13  Q.   So you're just guessing?
14  A.   No.
15  Q.   What -- what would make you think that
16  Ms. Delia would be the one to decide to pay you a bonus?
17  A.   Well, because she's the owner.
18  Q.   Did -- and we're talking about Delia Garza,
19  Delia Lubin, correct?
20  A.   Delia Garza.
21  Q.   And -- and we can call her Ms. Delia?  Is that
22  fine?
23  A.   Yes.
24  Q.   All right.  Do you know if Ms. Delia set your
25  wage, decided what benefits you'd get, anything related

Page 31

1 to your employment?
2      A.   No.
3      Q.   And she never came to you and asked you or told
4 you about those things, true?
5      A.   No.
6      Q.   No, that's not correct?  Or no, she did not?
7      A.   No.  She never approached me to tell me
8 anything.
9      Q.   And you never saw her or heard her do that with
10 any other employee, true?
11      A.   No.
12      Q.   When was the last time you spoke to Ms. Delia,
13 if you remember?
14      A.   In fact, we didn't talk.  I mean, when she
15 ever -- ever got there at one point or another, it would
16 simply be a brief greeting, you know?  Good morning,
17 hello, how are you?  That's it.
18      Q.   And when is the last time that occurred?
19      A.   The truth is I don't remember.
20      Q.   Covid was in 2020, right?
21      A.   Yes.
22      Q.   Was it before or after Covid?
23      A.   Afterwards.
24      Q.   But you don't recall when?
25      A.   No.

1    Q.   And when she came in and said hello, was she
2    buying -- getting tamales?
3    A.   Yes.  I -- I bumped into her in the front, at
4    the cashier's -- at the register.
5    Q.   And she was just visiting; is that fair?
6    A.   The lady or Ms. --
7    Q.   Ms. Delia.  I'm sorry.
8    A.   Yes.
9    Q.   When you started receiving a paycheck, was that
10   a physical check you received or was it a direct deposit
11   into a bank account?
12   A.   Well, the first ones were actually physical
13   checks that they gave me.  But then afterwards, I opened
14   a bank account and they would make a direct deposit to
15   it.
16   Q.   Once you started receiving a paycheck from
17   Delia's, a -- an actual check -- let me -- let me ask it
18   a different way.
19        From 2017 until -- from 2017, when the pay
20   system was put into place until the end of your
21   employment, the only pay you received from Delia's was
22   by check, correct?
23   A.   Yes.
24   Q.   And you got pay stubs related to those checks
25   and deposits?

Page 33

```
 1        Q.   Okay.
 2        A.   I only was there, he asked me the questions,
 3   and then I signed this.
 4        Q.   Okay.  Fair enough.  And is that the same thing
 5   for the last page of Exhibit 1?
 6        A.   Yes.  The date -- the signature is mine, but
 7   the date was put in by the gentleman.
 8        Q.   And when you signed this document, you
 9   understood that it was being signed as a declaration
10   under -- under oath?
11        A.   Yes.
12        Q.   And you understood the answers that were listed
13   in 1 through 9, and felt comfortable with them before
14   signing Exhibit 1 as a declaration?
15        A.   Yes.
16        Q.   Thank you.  An allegation that has been made in
17   this case is that Delia's kept two sets of books.  Do
18   you know anything about that?
19        A.   No.
20        Q.   Okay.  And you never saw two sets of books
21   while working at Delia's, correct?
22        A.   No.
23        Q.   And more specifically, between the years of
24   2017 until your employment ended May 2, 2023?
25        A.   No.  No.
```

Page 38