# Exhibit D

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
 2                       MCALLEN DIVISION
 3      JUANA CRUZ, OFELIA             )
        BENAVIDES, JOSE ELIAS N.G,     )
 4      GABRIELA VELAZQUEZ, RICARDO    )
        GONZALEZ, HELESIO CRUZ,        )
 5      ANGELICA CHAVEZ, CONCEPCION    )
        PEREZ, OLGA PEREZ, MAVRIGO     )
 6      SAENZ, JORGE MAOLEON,          )
        HECTOR SANCHEZ, HECTOR         )
 7      GONZALEZ, YESSY                )
        PEREZ-MARTINEZ, MARIA DE       )
 8      LOURDES CRUZ, RESENDO          )   CIVIL ACTION
        LIEVANOS, ELIZABETH LARA,      )   NO. 7:23-CV-00343
 9      LUIS ALBERTO                   )
        ZUNIGIA-CASTILLO, MIGUEL       )
10      CABALLERO SANCHEZ,             )   JURY DEMANDED
        GUILLERMO DE LA                )
11      CRUZ-MENDOZA, CARLOS DANIEL    )
        LOPEZ, GILDA RIVAS, ARMANDO    )
12      MORALES DE LLANO, LAZARO       )
        GARCIA, MARIA DE JESUS         )
13      MEDINA, RICARDO ESQUIVEL,      )
        RAFAEL SANCHEZ, GUILLERMO      )
14      RUIZ, ROSA QUINTANILLA,        )
                                       )
15                 PLAINTIFFS,         )
                                       )
16      VS.                            )
                                       )
17      DELGAR FOODS LLC A/K/A         )
        DELIA'S TAMALES,               )
18                                     )
                   DEFENDANT.          )
19
20
        *********************************************************
21                       ORAL DEPOSITION OF
22                       ROSENDO LIEVANOS
23                        June 28, 2024
        *********************************************************
24
25


                                                          Page 1
```

1  ORAL DEPOSITION of ROSENDO LIEVANOS, produced
2  as a witness at the instance of the Defendant, and duly
3  sworn, was taken in the above-styled and numbered cause
4  on the 28th day of June, 2024, from 12:27 p.m. to
5  1:56 p.m., before Anica Diaz, CSR, RPR, CRR, in and for
6  the State of Texas, reported by machine shorthand, at
7  the Law Offices of Ricardo Gonzalez, 124 South 12th
8  Avenue, Edinburg, Texas, pursuant to the Federal Rules
9  of Civil Procedure and the provisions stated on the
10  record or attached.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 2

```
 1                    A P P E A R A N C E S
 2   COUNSEL FOR THE PLAINTIFFS:
 3           MR. RICARDO GONZALEZ
             OXFORD & GONZALEZ
 4           124 South 12th Avenue
             Edinburg, Texas 78539
 5           Tel: (956) 383-5654
             ric@oxfordandgonzalez.com
 6
 7   COUNSEL FOR THE DEFENDANT:
 8           MR. STEPHEN J. QUEZADA
             OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
 9           500 Dallas Street, Suite 3000
             Houston, Texas 77002
10           Tel: (713) 655-5757
             stephen.quezada@ogletree.com
11
             MS. LORENA D. VALLE
12           PORTER HEDGES, LLP
             1000 Main Street, 36th Floor
13           Houston, Texas 77002-6341
             Tel: (713) 226-6000
14           lvalle@porterhedges.com
15           MS. ELIZABETH SANDOVAL CANTU
             RAMON WORTHINGTON NICOLAS & CANTU, PLLC
16           1506 South Lone Star Way, Suite 5
             Edinburg, Texas 78539
17           Tel: (945) 294-4800
             ecantu@ramonworthington.com
18
19   ALSO PRESENT:
20           Mr. Luis Gonzalez, Interpreter
             Ms. Olga Perez, Plaintiff
21
22
23
24
25
```

Page 3

```
1                         I N D E X
2                                                          PAGE
3     Appearances......................................    03
4     Exhibits.........................................    04
5
      ROSENDO LIEVANOS
6
            Examination by Mr. Quezada.................    05
7
8     Changes and Signature............................    41
9     Reporter's Certificate...........................    43
10
11
12
13                       E X H I B I T S
                                                           PAGE
14
      Defendant's Exhibit No. 1
15          Questionnaire Filled out by
            Rosendo Lievanos.....................         35
16
      Defendant's Exhibit No. 2
17          Affidavit of Rosendo Lievanos.........        36
18
19
20
21
22
23
24
25
```

```
 1    sir?
 2         A.   Yes.
 3         Q.   And, again, my question for you is, on the
 4    first page, that is your signature?
 5         A.   Yes, yes.
 6         Q.   And you had a chance to review Exhibit 2 before
 7    you signed it?
 8         A.   Yes.
 9         Q.   And you signed it because everything was true
10    and correct in Exhibit 2?
11         A.   Yes, that is right.
12         Q.   Mr. Lievanos, do you know who made the decision
13    to hire you?
14         A.   Yes.
15         Q.   Who was that?
16         A.   Albert Trevino.  Alberto Trevino.
17         Q.   Do you know who made the decision to terminate
18    your employment?
19         A.   Delia's company.
20         Q.   Do you know who at the company?
21         A.   No.
22         Q.   Do you know who made the decision to promote
23    you from a regular employee to a manager?
24         A.   Yes.
25         Q.   Who was that?
```

1   A.  Alberto Trevino.
2   Q.  Do you know who made the decision or decisions,
3   rather, about how much you would be paid?
4   A.  The first promotion, I did.
5   Q.  And who was that?
6   A.  Alberto Trevino.
7   Q.  Do you know who made the decision about whether
8   you would receive a bonus and if so how much that bonus
9   would be?
10  A.  No.
11  Q.  Okay.  Do you know who made the decision about
12  what stores you'd work at?
13  A.  No.
14  Q.  Do you know who made the decisions what about
15  benefits to offer?
16  A.  No.
17  Q.  Do you know who made any decisions about
18  whether you should be written up?
19  A.  Written up for what?  I don't understand.
20  Q.  You mentioned that you received a write up or
21  some discipline before.
22  A.  Oh, yes.  Yes.
23  Q.  Do you know who made the decision to do that?
24  A.  Monica Juarez, the supervisor.
25  Q.  Who is the employee who directed you on a

Page 38

1  day-to-day basis?
2       A.   Well, my supervisor.
3       Q.   And you've already told us their names, right?
4       A.   Yes.
5       Q.   Mr. Lievanos, I understand that overall you
6  disagree with the reason for your termination, okay?
7  But setting aside the termination, did you -- it sounds
8  like it's fair to say you enjoyed your job at Delia's,
9  true?
10      A.   I wasn't absent one single day in ten years.
11      Q.   Okay.  Okay.
12           MR. QUEZADA:  Let's take a break, and I'll
13  just look over the notes and finish up, okay?
14           THE REPORTER:  Okay.  Off the record at
15  1:43 p.m.
16           (Break taken at 1:43 p.m. to 1:55 p.m.)
17           THE REPORTER:  Back on record at 1:55 p.m.
18      Q.   (By Mr. Quezada)  Okay.  Mr. Lievanos, we took
19  a short break there, but we're back on the record, and
20  I'll just remind you that you're still under oath, okay?
21      A.   Yes, that's fine.
22      Q.   Mr. Lievanos, regarding a couple more benefits
23  that I left out.  There was also a short term disability
24  and long-term disability that the company paid for,
25  correct?

Page 39

```
 1    they weren't original?
 2         Q.   And is that the only irregularity that you're
 3    talking about in this lawsuit?
 4         A.   Yes, yes.
 5         Q.   So just so that I have this clear, you're
 6    talking about deductions that were made from pay for
 7    benefits?
 8         A.   I'm referring to Social Security deductions.
 9    If it isn't original, then where was it going?
10         Q.   Okay.  Any other deduction?
11         A.   No.  That's the only one.
12         Q.   So I'll represent to you, sir, that
13    withholdings made for Social Security were remitted to
14    the federal government.
15              Okay.  Do you have any reason to believe
16    that that's false?
17              MR. GONZALEZ:  Objection; form.
18         A.   No, it didn't add up.  I mean, if it was being
19    deducted, and it isn't original, where is it going?  I'm
20    talking about all the years.
21         Q.   (By Mr. Quezada)  Okay.  Do you have any
22    evidence or facts that Delia's was holding on to those
23    dollars and not sending them to the Government?
24         A.   No, I do not have.
25         Q.   One allegation in this case is that Delia's was
```

Page 28

```
 1   maintaining two sets of books.  Have you heard that
 2   before?
 3        A.   No.
 4        Q.   So sitting here today, you have no knowledge of
 5   two sets of books by Delia's; is that right?
 6        A.   That is un -- unknown to me.
 7        Q.   So let me ask you now about the -- well,
 8   anything else about irregularities, or did we cover it?
 9        A.   Yes, that's it.
10        Q.   Okay.  So, now, let me ask you about the
11   intimidation.  What are you claiming was intimidation?
12        A.   Yes.  When we were called upon, Delia's had her
13   attorney.  We were called without any legal
14   representation.
15        Q.   Did you ask for legal representation at that
16   time?
17        A.   No.  I mean, the day we were called, the
18   attorneys were there, she had her attorneys, and we had
19   no knowledge about it.
20        Q.   Okay.  My question was, did you ask for an
21   attorney at that time?
22        A.   Not at that time.
23        Q.   Okay.  So what other -- what else is part of
24   the intimidation?
25        A.   Just that part.
```

```
 1   situation.
 2        Q.  (By Mr. Quezada)  Okay.  And you also mentioned
 3   wrongful termination.
 4        A.  Yes.
 5        Q.  And are you saying that the termination was
 6   wrongful because of the discrimination, meaning is it
 7   the same thing, or is it something different you're
 8   telling us?
 9        A.  Well, I consider each separate but they are
10   together.  Discrimination, intimidation, labor
11   irregularities, and unjustified termination.
12        Q.  Were you aware that the reason Delia's
13   terminated your employee was because it received a
14   notice from the Government that it could no longer
15   continue employing you?
16        A.  Yes.  Uh-huh.
17        Q.  And sitting here today, do you have any facts
18   or evidence that you can tell us that would show that
19   that reason is false?
20        A.  No, I do not.
21        Q.  When you are telling us irregularities, what do
22   you mean by that?
23        A.  Yes.  Well, they say -- well, supposedly our
24   documents aren't right.  Why was our insurance taken
25   out?  I mean, it was being taken out.  Where'd it go if
```

Page 27

```
 1      they weren't original?
 2           Q.   And is that the only irregularity that you're
 3      talking about in this lawsuit?
 4           A.   Yes, yes.
 5           Q.   So just so that I have this clear, you're
 6      talking about deductions that were made from pay for
 7      benefits?
 8           A.   I'm referring to Social Security deductions.
 9      If it isn't original, then where was it going?
10           Q.   Okay.   Any other deduction?
11           A.   No.   That's the only one.
12           Q.   So I'll represent to you, sir, that
13      withholdings made for Social Security were remitted to
14      the federal government.
15                Okay.   Do you have any reason to believe
16      that that's false?
17                MR. GONZALEZ:   Objection; form.
18           A.   No, it didn't add up.   I mean, if it was being
19      deducted, and it isn't original, where is it going?   I'm
20      talking about all the years.
21           Q.   (By Mr. Quezada)   Okay.   Do you have any
22      evidence or facts that Delia's was holding on to those
23      dollars and not sending them to the Government?
24           A.   No, I do not have.
25           Q.   One allegation in this case is that Delia's was
```

Veritext Legal Solutions
346-293-7000