United States District Court
Southern District of Texas
**ENTERED**
September 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| Juana Cruz, et al., <br> *Plaintiffs,* <br><br> v. <br><br> Delgar Foods, Inc. D/B/A <br> Delia's Tamales, <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action M-23-343 |

## ORDER DENYING LEAVE TO AMEND

Pending before the court is Plaintiffs' Opposed Motion for Leave to File Second Amended Complaint. ECF No. 44. Among other things, Plaintiffs seek to add Delia Garza as a defendant in her individual capacity and new claims under 18 U.S.C. § 1962. The amendment also seeks to plead this case as a collective action. In its Response, ECF No. 47, Defendant argues that Plaintiffs have failed to show good cause for their belated request to amend, and that Plaintiffs cannot state a viable cause of action against Ms. Garza. Plaintiffs did not file a reply.

The deadline for seeking leave to amend or to add new parties was January 31, 2024—nearly eight months ago. ECF No. 18. The discovery cutoff was August 30, 2024, and dispositive motions are due on October 18, 2024. ECF No. 31. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted). A scheduling order "may be modified only for good cause

and with the judge's consent." *Id.*; Fed. R. Civ. P. 16(b)(4). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). A party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply[.]" *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Courts consider four factors in determining good cause under Rule 16: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Southwestern*, 346 F.3d at 546).

Plaintiffs have not addressed the good cause standard. The court does not find good cause. Plaintiffs have failed to explain why the amendment could not have been made earlier. Assuming the amendment is important, allowing amendment now, after discovery has closed and with dispositive motions due in a month, would severely prejudice the Defendant. The amendment would substantially alter the case, would require reopening of discovery, and would require motion practice on the proposed collective action. A continuance would not meaningfully cure the prejudice that would result from allowing the proposed amendment.

Leave to amend is **DENIED**.

Signed at Houston, Texas, on September 17, 2024.

_____
Peter Bray
United States Magistrate Judge