## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

**JUANA CRUZ, ET AL.,**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO.: 7:23-CV-00343** |
| | § | |
| **Delgar Foods, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

---

### Defendant Delgar Foods, LLC's Motion for Final Summary Judgment

---

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................iii

I.   SUMMARY OF ARGUMENT .............................................................................. 1

II.  SUMMARY JUDGMENT EVIDENCE ................................................................. 2

III. STATEMENT OF UNDISPUTED FACTS ........................................................... 3

    A.  Parties and Procedural Background. .............................................................. 4

    B.  Delia's Managers and Supervisors are paid on a salary basis and have managerial duties.5

    C.  The Hourly Plaintiffs were properly compensated for all the hours they worked............. 6

IV.  ARGUMENT AND AUTHORITIES ...................................................................... 7

    A.  Applicable Legal Standard............................................................................. 7

    B.  Delia's is entitled to summary judgment because Plaintiffs have provided no evidence to support their allegation that Delia's failed to pay overtime required by the FLSA............ 8

        1.  Plaintiffs have provided no evidence that Delia's had actual or constructive knowledge that Plaintiffs were working more hours than reported. .......................... 10

        2.  Plaintiffs' only evidence supporting the hours they worked for which they were not compensated consists of unsubstantiated assertions. ............................................. 11

        3.  Zuniga, Mauleon, Morales, Lievanos, Quintanilla, Gonzalez, and Lopez are exempt from the FLSA overtime provisions under the executive exemption. ........... 14

            i.   The Exempt Plaintiffs meet the salary basis test. .................................. 15

            ii.  The Exempt Plaintiffs meet the primary duty test. ............................... 15

            iii. The Exempt Plaintiffs supervised two or more direct reports. ............................. 16

            iv. The Exempt Plaintiffs made recommendations regarding employee status. ........ 17

    C.  Delia's is entitled to summary judgment as to liquidated damages because it acted reasonably and in good faith. ......................................................................... 18

        1.  Plaintiffs have provided no evidence that supports a finding that Delia's acted willfully.................................................................................................................. 19

V.   CONCLUSION................................................................................................... 20

CERTIFICATE OF SERVICE ..................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Coil Tubing Servs., L.L.C.*,
846 F. Supp. 2d 678 (S.D. Tex. 2012) ......................................................................18

*Alvarez v. NES Global LLC*,
709 F.Supp.3d 284 (S.D. Tex. 2023) ........................................................................19

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................................................................................................8

*Brunet v. GB Premium OCTG Servs., LLC*,
2024 WL 1235571 (S.D. Tex. Feb. 7, 2024) ............................................................20

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).................................................................................................7, 8

*Cox v. Brookshire Grocery Co.*,
919 F.2d 354 (5th Cir. 1990) ....................................................................................18

*Douglas v. State Farm Lloyds*,
37 F. Supp. 2d 532 (S.D. Tex. 1999) ......................................................................7, 8

*Douglass v. United Servs. Auto. Ass'n*,
79 F.3d 1415 (5th Cir. 1996) ......................................................................................8

*Flores v. FS Blinds, L.L.C.*,
73 F.4th 356 (5th Cir. 2023) .................................................................................9, 11

*Garner v. Chevron Phillips Chem. Co., L.P.*,
834 F.Supp.2d 528 (S.D. Tex. 2011) ....................................................................9, 11

*Harvill v. Westward Commc'ns, L.L.C.*,
433 F.3d 284 (5th Cir. 2005) ......................................................................................9

*Harvill v. Westward Communications, L.L.C.*,
433 F.3d 428 (5th Cir. 2005) ....................................................................................13

*Hoenninger v. Leasing Enterprises, Ltd.*,
803 F. App'x 756 (5th Cir. 2020) ............................................................................19

*King v. Stevenson Beer Distrib. Co.*,
11 F. Supp. 3d 772 (S.D. Tex. 2014) ...................................................................9, 15

*Marshall v. Mammas Fried Chicken, Inc.*,
    590 F.2d 598 (5th Cir. 1979) .................................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)...........................................................................................8

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)...................................................................................18, 19

*Mohammadi v. Nwabuisi*,
    605 F. App'x 329 (5th Cir. 2015) ...................................................................20

*Newton v. City of Henderson*,
    47 F.3d 746 (5th Cir. 1995) ...........................................................................10

*Prince v. MND Hosp., Inc.*,
    No. CIV A H-08-2617, 2009 WL 2170042 (S.D. Tex. July 20, 2009) ...................10

*Reich v. Bay, Inc.*,
    23 F.3d 110 (5th Cir. 1994) ...........................................................................19

*Schreckenbach v. Tenaris Coiled Tubes*,
    No. 4:11-cv-4065, 2013 U.S. Dist. LEXIS 6744 (S.D. Tex. Jan. 16, 2013)...........18

*Singer v. City of Waco, Tex.*,
    324 F.3d 813 (5th Cir. 2003) .........................................................................19

*Steele v. Leasing Enterprises, Ltd.*,
    826 F.3d 237 (5th Cir. 2016) .........................................................................18

*Tucker v. State Farm Fire and Cas. Co.*,
    981 F. Supp. 461 (S.D. Tex. 1997) ...................................................................8

*Von Friewalde v. Boeing Aerospace Operations, Inc.*,
    339 Fed. Appx. 448 (5th Cir. 2009)..................................................................9

*Williams v. Guardian Living Services, Inc.*,
    No. 4:17-CV-01901, 2018 WL 7253963 (S.D. Tex. Aug. 16, 2018) .....................19

**Statutes**

29 U.S.C. § 207(a)(1)................................................................................................8

29 U.S.C. § 211(c) ....................................................................................................9

29 U.S.C. § 213.......................................................................................................14

29 U.S.C. § 213(a) ..............................................................................................14, 18

Fair Labor Standards Act ...........................................................1, 2, 3, 8, 9, 11, 14, 15, 18, 19, 20

**Other Authorities**

29 C.F.R. § 541.0 et seq. ...............................................................................................15

29 C.F.R. § 541.100 ...............................................................................................15, 16

29 C.F.R. § 541.102 ....................................................................................................16

29 C.F.R. § 541.105 ....................................................................................................17

FED. R. CIV. P. 56 ..........................................................................................................1

FED. R. CIV. P. 56(a) .....................................................................................................7

FED. R. CIV. P. 56(e) .....................................................................................................8

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUANA CRUZ, ET AL.,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO.: 7:23-CV-00343** |
| | § | |
| **Delgar Foods, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

---

### Defendant Delgar Foods, LLC's Motion for Final Summary Judgment

---

Defendant Delgar Foods, LLC d/b/a Delia's ("Delia's") files this Motion for Summary Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiffs Juana Cruz, et al.'s (collectively, "Plaintiffs") claims and request for liquidated damages. In support thereof, Delia's shows the Court as follows:

## I.      SUMMARY OF ARGUMENT

Plaintiffs, hired by Delia's to work at its restaurants, initiated this action under the Fair Labor Standards Act ("FLSA") against Delia's for an alleged failure to pay overtime wages. But Plaintiffs' claim fails as a matter of law. Plaintiffs did not (and cannot) meet their burden of establishing that they performed work for which they were not properly compensated. To the contrary, as to Plaintiffs who were hourly employees, Plaintiffs' declarations and testimony establishes that they were paid hourly with overtime for every hour they worked. Also, as to Plaintiffs who were salary exempt employees, Plaintiffs declarations and testimony conclusively establishes that they were properly exempt under the FLSA. And Plaintiffs have provided no contrary evidence. Thus, Plaintiffs have failed to raise a genuine issue of material fact as to whether

they were uncompensated for overtime work.

Furthermore, while Delia's vehemently denies any liability, even if this Court determines that a violation occurred, the summary judgment evidence establishes that Delia's acted in good faith and had reasonable grounds to believe that its pay practices complied with the FLSA. Therefore, under any scenario, Plaintiffs' claim for unpaid overtime fails as a matter of law. Based on the undisputed evidence here and Plaintiffs' inability to produce any contrary evidence, Delia's Motion for Summary Judgment should be granted, and Plaintiffs' claim should be dismissed with prejudice.

## II.    SUMMARY JUDGMENT EVIDENCE

Delia's relies on the following summary judgment evidence in support of its Motion, which is included in the Appendix and incorporated herein by reference for all purposes:

**Exhibit A**: Declaration of Lorena Valle dated October 18, 2024 ("Valle Decl.")

**Exhibit A-1**:  Excerpts from the Deposition of Olga Perez dated June 26, 2024 ("Perez Dep.");

**Exhibit A-2**:  Excerpts from the Deposition of Armando Morales de Llano dated June 26, 2024 ("Morales Dep.");

**Exhibit A-3**:  Excerpts from the Deposition of Elias Gutierrez dated June 28, 2024 ("Gutierrez Dep.");

**Exhibit A-4**:  Excerpts from the Deposition of Luis Zuniga dated June 28, 2024 ("Zuniga Dep.");

**Exhibit A-5**:  Excerpts from the Deposition of Miguel Caballero dated June 26, 2024 ("Caballero Dep.");

**Exhibit A-6**:  Excerpts from the Deposition of Rosendo Lievanos dated June 28, 2024 ("Lievanos Dep.");

**Exhibit A-7**:  Plaintiffs' WhatsApp Group Messages named 'Asunto's Delia's' ("Pls.' WhatsApp");

**Exhibit A-8**:  Plaintiffs' Declarations served on Delia's on April 4, 2024 ("Pls.' Decls.");

**Exhibit A-9**:  Hourly Plaintiffs' Admissions served on Delia's on May 2, 2024 ("<u>Pls.' Admis.</u>");

**Exhibit A-10**: Sample Week of Plaintiffs' Paystubs and Time Sheets ("<u>Pls. Paystubs and Time Sheets</u>").

**Exhibit B**: Declaration of Sofia Lubin dated October 18, 2024 ("<u>Lubin Decl.</u>").

### III.    <u>STATEMENT OF UNDISPUTED FACTS</u>

If asked, Plaintiffs would state this lawsuit is about twenty-seven (27) former employees litigating grievances against Delia's—grievances regarding an allegedly unjustified termination due to their work authorization status.[1] Mysteriously, their claims are instead for alleged unpaid overtime under the FLSA.[2] Plaintiffs, however, never expressed to their counsel that alleged unpaid overtime is to be the claim against Delia's:[3]



| | |
|---|---|
| 4/23/24, 11:41 AM - +1 (775) 507-1717: Eso no es gusto nosotros peleamos la discriminacion no horas de overtime. | 4/23/24, 11:41 AM - +1 (775) 507-1717: That is not fair, we are fighting discrimination not overtime hours. |
| 4/23/24, 12:23 PM - +1 (956) 715-4571: Sii la demanda era del # social que nos tuvieron quitando dinero por años y DISCRIMINACIÓN en ningún momento hablamos de OVERTIME | 4/23/24, 12:23 PM - +1 (956) 715-4571: Yes, the lawsuit was about social security # and deductions for year and DISCRIMINATION not at any moment did we talk about OVERTIME. |
| 4/23/24, 12:24 PM - +1 (956) 715-4571: se salieron muy feo del tema.. | 4/23/24, 12:24 PM - +1 (956) 715-4571: They went outside the scope badly. |

Plaintiffs, despite never raising a grievance against Delia's for overtime to their counsel, have brought one single claim for unpaid overtime under the FLSA because Delia's allegedly "did not always pay Plaintiffs" for "all hours worked in excess of forty in a workweek."[4] But as explained below, the evidence establishes and Plaintiffs have provided no evidence to contradict

---

[1] **Exhibit A-1**, Perez Dep. 12:22–13:19; **Exhibit A-2**, Morales Dep. 17:23–19:8; **Exhibit A-3**, Gutierrez Dep. 11:16-12:14; **Exhibit A-4**, Zuniga Dep. 10:20-25; **Exhibit A-5**, Caballero Dep. 10:16–18; **Exhibit A-6**, Lievanos Dep. 26:7–27:16.

[2] *See generally* ECF No. 15 (Citations to Plaintiffs' pleading herein should not be taken as any admission as to the truth of any of Plaintiffs' allegations, but only that, for purpose of this Motion, the specific factual proposition for which the pleading is being cited is undisputed).

[3] **Exhibit A-7** was produced by Plaintiff Armando Morales, on June 26, 2024, in accordance with this Court's Order entered on June 26, 2024. The original text messages are in Spanish.

[4] ECF No. 15 at ¶¶ 23, 27.

3

that they were properly paid for all hours worked.

### A. Parties and Procedural Background.

Delia's operates various restaurants in the Rio Grande Valley and San Antonio.[5] Plaintiffs were employed by Delia's in various positions among various Delia's restaurant locations.[6] Twenty (20) Plaintiffs were hourly employees, who worked as kitchen prep/cooks, kitchen leads, cashiers, cashier leads, production workers, and kitchen production workers (the "Hourly Plaintiffs").[7] The Hourly Plaintiffs are Gabriela Velasquez, Concepcion Perez, Maria Jesus Lopez Medina (Maria de Jesus Medina in Plaintiffs' pleadings), Gilda Rivas, Lazaro Garcia, Elias Gutierrez (Jose Elias Ng in Plaintiffs' pleadings), Elizabeth Lara, Olga Perez, Hector Sanchez, Maria de Lourdes Cruz, Ricardo Esquivel, Mauricio Sanchez, Juana Cruz de la Cruz, Guillermo Ruiz, Ofelia Benavidez, Miguel Caballero, Angelica Chavez, Melesio Cruz, Yessy Perez, and Rafael Sanchez.[8]

Seven plaintiffs were employed by Delia's as managers or supervisors (the "Exempt Plaintiffs").[9] The Exempt Plaintiffs are Rosa Quintana (Quintanilla in Plaintiffs' pleadings), Carlos Lopez, Hector Gonzalez, Jorge Mauleon, Rosendo Lievanos, Luis Zuniga, and Armando Morales.[10]

Plaintiffs initiated this lawsuit on August 31, 2023, in the 464th Judicial District Court for Hidalgo County, Texas.[11] Delia's timely removed this case to the U.S. District Court for the

---

[5] ECF No. 15 at ¶ 15.

[6] *See generally*, **Exhibit A-8**, Pls.' Decls.

[7] Ex. A-8, Pls.' Decls. at 4-9, 12-17, 20-39, 50-55.

[8] Exhibit A-8, Pls.' Decls. at 4-9, 12-17, 20-39, 50-55.

[9] *Id.* at 1-3, 10-11, 18-19, 40-41, 44-49.

[10] *Id.* at 1-3, 10-11, 18-19, 40-41, 44-49.

[11] ECF No. 1-1.

Southern District of Texas in McAllen, Texas on October 6, 2023.[12] Plaintiffs amended their complaint on December 15, 2023, alleging one single claim for unpaid overtime.[13] Plaintiffs untimely attempted to move to certify this litigation as a collective action, which this Court denied.[14] Discovery closed on August 30, 2024.[15]

### B. Delia's Managers and Supervisors are paid on a salary basis and have managerial duties.

Managers and Supervisors are fully compensated on an annual salary, with discretionary bonuses.[16] Managers and Supervisors are paid weekly on a salary basis regardless of the hours they worked the previous week.[17] A manager's primary duty at Delia's is to oversee the daily business operations of the location they are assigned to, including, but not limited to, overseeing food quality, organizing shift schedules for team members, monitoring employee attendance, assigning duties to employees, supervising employees' work, training employees, recommending disciplinary actions or termination of employees, and handling customer issues.[18] Similarly, a supervisor's primary duty at Delia's is to oversee the daily operations of the various locations they are assigned to, including, but not limited to, supervising daily shift operations, reviewing product quality, ensuring employees comply with company policy, estimating the future needs of materials and supplies, controlling operational costs, creating reports on revenues and expenses, creating daily or weekly schedules for the restaurants, recording daily and weekly payrolls, conducting

---

[12] ECF No. 1.

[13] ECF No. 15.

[14] ECF No. 44; ECF No. 48.

[15] ECF No. 37.

[16] Ex. A-2, Morales Dep. 47:25–48:13; Ex. A-4, Zuniga Dep. 14:11-21; Ex. A-6, Lievanos Dep. 11:10–12:5; **Exhibit B**, Lubin Decl. at ¶ 2.

[17] Ex. A-2, Morales Dep. 10:22-24, 30:7-14; Ex. A-4, Zuniga Dep. 13:8–20; Ex. A-6, Lievanos Dep. 11:10–12:5, 21:1-5; Ex. B, Lubin Decl. at ¶ 2.

[18] Ex. A-6, Lievanos Dep. 10:29-22; 18:7–21, 18:24-19:11, 19:15-18, 20:5-11, 23:1-3, 24:1-25:14; Ex. B, Lubin Decl. at ¶ 3.

performance evaluations, providing ongoing constructive feedback to employees, and handling disciplinary actions or termination of employees.[19]

### C. The Hourly Plaintiffs were properly compensated for all the hours they worked.

The Hourly Plaintiffs were paid on an hourly basis plus overtime from, at least, December 2020, through the date of their termination.[20] The Hourly Plaintiffs were required to clock in and out daily using their fingerprint or code on a physical timekeeping system called FOCUS.[21] Employees are trained to use the timekeeping system by their manager and/or supervisor.[22] As required by Delia's policy, the Hourly Plaintiffs only performed work while clocked into the time keeping system.[23] Delia's policy also required the Hourly Plaintiffs to accurately report and record their own time.[24] They knew that Delia's required them to accurately report their own time, and they did comply with such requirement.[25] They also recorded all of the hours they worked the in FOCUS.[26] Delia's policy required the Hourly Plaintiffs to report any discrepancies in their time records to a manager and/or supervisor.[27] And the Hourly Plaintiffs knew to report any discrepancy to their manager and/or supervisor.[28] The manager or supervisor would correct the

---

[19] Ex. A-2, Morales Dep. 11:3-15:24, 32:1-7, 32:15-33:5; Ex. B, Lubin Decl. at ¶ 4.

[20] Ex. A-1, Perez Dep. 33:17–24; Ex. A-3, Gutierrez Dep. 12:23–13:12; Ex. A-5; Caballero Dep. 26:23–27:7, 27:21-24; Ex. B, Lubin Decl. at ¶ 7.

[21] Ex. A-1, Perez Dep. 27:25-28:6, Ex. A-3, Gutierrez Dep. 13:13-18, Ex. A-5, Caballero Dep. 15:15-16:7; Ex. B, Lubin's Decl. at ¶ 5.

[22] Ex. A-1, Perez Dep. 30:5–13; Ex. A-3, Gutierrez Dep. 20:15–21:4; Ex. A-5; Caballero Dep. 24:15-23; Ex. A-6, Lievanos Dep. 23:1-3.

[23] Ex. A-1, Perez Dep. 28:17–29:11; Ex. A-3, Gutierrez Dep. 19:8–16; Ex. A-5; Caballero Dep. 16:12–17:6, 20:1-5; Lubin's Decl., at ¶ 5.

[24] Ex. A-1, Perez Dep. 29:12-21; Ex. A-5, Caballero Dep. 21:21-22:2; Ex. B, Lubin's Decl. at ¶ 6.

[25] Ex. A-1, Perez Dep. 29:22–30:4; Ex. A-3, Gutierrez Dep. 13:19–14:1; Ex. A-5, Caballero Dep. 24:4-7; *see* Exhibit A-9, Pls.' Adms. Nos. 12 and 13 stating "Admit" in response to "You at all times complied with Defendant's requirement to accurately record hours worked by you" and to "You at all times complied with Defendant's requirement to accurately report hours worked by you."

[26] Ex. A-5, Caballero Dep. 24:4-7; Ex. A-9, Pls.' Adms. No. 9 stating "Admit" in response to "You recorded all hours worked by you for Defendant in Defendant's timekeeping system."

[27] Ex. B, Lubin Decl. at ¶ 6.

[28] Ex. A-1, Perez Dep. 31:11–32:7; Ex. A-5, Caballero Dep. 22:3–23:5.

discrepancy and ensure that the Hourly Plaintiffs were properly paid for all hours they worked.[29]

It is undisputed that the Hourly Plaintiffs were fully compensated at the appropriate hourly rate, including any overtime, for all hours they worked.[30] The Hourly Plaintiffs have not alleged that they failed to report any hours and have provided no evidence—because they cannot—that they were improperly paid.[31] Eight Hourly Plaintiffs (Olga Perez, Angelica Chavez, Guillermo de la Cruz, Elias Gutierrez, Maria de Lourdes Cruz, Mauricio Sanchez, Miguel Caballero, and Melesio Cruz) even admitted that Delia's correctly paid them for all hours worked from 2020 to 2023.[32] And it is undisputed that the records made, kept, and preserved by Delia's is the only evidence of the time the Hourly Plaintiffs worked and the amount each Plaintiff was paid.[33] Thus, the Hourly Plaintiffs were properly compensated for all hours worked and reported to Delia's.

## IV.     ARGUMENT AND AUTHORITIES

### A.  Applicable Legal Standard

The law governing summary judgment is well-settled. Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 535-36 (S.D. Tex. 1999). When a nonmovant bears the burden of proof, the movant may demonstrate it is

---

[29] Ex. A-1, Perez Dep. 31:11–32:7; Ex. A-5, Gutierrez Dep. 22:3-23:5; Ex. A-6, Lievanos Dep. 23:7-10; Ex. B, Lubin Decl. at ¶ 6.

[30] Ex. A-1, Perez Dep. 31:11–24; Ex. A-3, Gutierrez Dep. 13:10–12; Ex. A-5, 26:23–27:7; Lubin's Decl. at ¶ 7.

[31] *See* Ex. A-9, Pls.' Adms. No. 10 stating "Admit" in response to "You have no written documentation to rebut Defendant's rime records of hours worked by You."

[32] Ex. A-1 Perez Dep. 33:17-21; Ex. A-3, Gutierrez Dep. 14:15-25; Ex. A-5, Caballero Dep. 27:4-7; *see* Ex. A-9, Pls.' Adms. No. 6 stating "Admit" in response to "Defendant correctly paid you for all hours worked by you from 2020-2023."

[33] The time records and pay stubs that are made, kept and preserved by Delia's were produced by Delia's with Bates numbers DELIA000001-008403 pursuant to this Court's ordered Disclosures on February 8, 2024. Plaintiffs produced Delia's Bates labeled documents back to Delia's on March 7, 2024.

entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing no evidence supports an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. As a matter of law, "[s]ummary judgment is mandated if the nonmovants fail to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial." *Douglas*, 37 F. Supp. 2d at 536.

Furthermore, issues of material fact are "genuine" only if they require resolution by the trier of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere *existence* of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the *outcome* of the lawsuit under governing law will preclude the entry of summary judgment." *Tucker v. State Farm Fire and Cas. Co.*, 981 F. Supp. 461, 646 (S.D. Tex. 1997) (emphasis added). And "conclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, but instead, must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)). Here, Plaintiffs have failed to produce any evidence to support at least one essential element of their claim. Furthermore, the summary judgment evidence negates the existence of at least one essential element of Plaintiffs' claim. Thus, the Plaintiffs' claim fails as a matter of law.

**B. Delia's is entitled to summary judgment because Plaintiffs have provided no evidence to support their allegation that Delia's failed to pay overtime required by the FLSA.**

The FLSA requires that, absent an exemption, an employee be paid 1.5 times their "regular rate" for all hours worked over 40 in a seven-day workweek. *See* 29 U.S.C. § 207(a)(1). To prevail

on their claims for unpaid overtime, Plaintiffs must prove they performed work for which they were not properly compensated. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 284, 441 (5th Cir. 2005). And the Fifth Circuit has held that employees are estopped from claiming unpaid overtime if the employer did not have actual or constructive knowledge of the overtime worked. *See Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. Appx. 448, 455 (5th Cir. 2009).

A plaintiff meets this burden if they prove the following *prima facie* case by a preponderance of the evidence: "(1) the existence of an employment relationship; (2) that plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that defendant failed to pay overtime required by the FLSA; and (4) that plaintiff is owed the amount claimed by a just and reasonable inference." *King v. Stevenson Beer Distrib. Co.*, 11 F. Supp. 3d 772, 780–81 (S.D. Tex. 2014). To meet its burden to show the defendant failed to pay overtime "a plaintiff must produce enough evidence to provide a sufficient basis to calculate the number of hours worked." *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). In other words, while a plaintiff need not prove the precise number of uncompensated work, **they must present more than unsubstantiated assertions**. *Flores v. FS Blinds, L.L.C.*, 73 F.4th 356, 362 (5th Cir. 2023).

Furthermore, when an employer keeps the required time records under the FLSA, a plaintiff must "prove, with definite and certain evidence that [they] performed work for which [they were] not properly compensated" to make prima facie showing of unpaid overtime. *Id.* at 364 (citing *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F.Supp. 2d 528, 545–46 (S.D. Tex. 2011)). An employer has kept records required by the FLSA when the employer "make[s], keep[s] and preserve[s] such records of the persons employed by [them] and of the wages, hours, and other conditions of employment maintained by [them]." *Garner*, 834 F.Supp. 2d at 545 (citing 29 U.S.C. § 211(c)). As explained herein, Plaintiffs have not produced enough evidence to provide a

sufficient basis—much less definite and certain evidence—to show the number of unpaid overtime hours they allegedly worked or that Delia's had constructive knowledge of it. Thus, Plaintiffs' claim fails as a matter of law.

### 1. Plaintiffs have provided no evidence that Delia's had actual or constructive knowledge that Plaintiffs were working more hours than reported.

Plaintiffs have not shown that Delia's had knowledge or constructive knowledge that Plaintiffs were working more hours than reported. To the contrary, Plaintiffs' declarations and testimony establishes that Delia's did not have knowledge or should have known of any unpaid overtime.  "An employee cannot perform overtime work without the employer's knowledge or contrary to its instructions and then assert a right to be paid." *Prince v. MND Hosp., Inc.*, No. CIV A H-08-2617, 2009 WL 2170042, at *9 (S.D. Tex. July 20, 2009). And if the employee fails to notify the employer of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207. *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (granting summary judgment because the employer could not have constructive knowledge of overtime when the employee never complained about overtime hours).

At the outset, Olga Perez, Angelica Chavez, Guillermo de la Cruz, Elias Gutierrez, Maria de Lourdes Cruz, Mauricio Sanchez, Miguel Caballero, and Melesio Cruz claim necessarily fails because they admitted that they were correctly paid for all hours worked from 2020 to 2023.[34] Thus, for the six Plaintiffs, Delia's could not have known of unpaid overtime because there were none.

As to the rest of the Plaintiffs, their claims also fail because Delia's did not have knowledge or should have known that the Plaintiffs were working overtime for which they were

---

[34] Ex. A-1, Perez Dep. 33:17-21; Ex. A-3, Gutierrez Dep. 14:15-25; Ex. A-5, Caballero Dep. 27:4-7; Ex. A-9, A. Chavez, G. de la Cruz, E. Gutierrez, M. Cruz, M. Sanchez, and M. Cruz's Adms. No. 6 responding "Admit" to "Defendant correctly paid you for all hours worked by you from 2020-2023."

not properly compensated. As explained above, Delia's company policy requires that hourly employees record and report all hours worked. Furthermore, the Hourly Plaintiffs agreed that they did in fact record and report all hours they worked. Delia's company policy also requires that hourly employees report discrepancies in their time sheets and pay stubs to their manager and/or supervisor. When there were discrepancies in their time sheets or pay stubs, the Hourly Plaintiffs did report those discrepancies and were compensated. In fact, Plaintiffs agreed that the time records on their paystubs were accurate and would be corrected if at times they were not.[35] Thus, Delia's did not have actual or constructive knowledge that Plaintiffs were working any uncompensated overtime hours. Consequently, the Plaintiffs' claims fail, and summary judgment is appropriate.

### 2. Plaintiffs' only evidence supporting the hours they worked for which they were not compensated consists of unsubstantiated assertions.

Plaintiffs have failed to provide definite and certain evidence that they performed work for which they were not compensated. Delia's makes, keeps, and preserves records for the wages, hours, and conditions of employment for each of their employees.[36] The time records show the exact time each employee clocks in and out daily, and their job position.[37] Pay records show the amount of hours each employee works, and their regular and overtime rate of pay for each hour they work.[38] Because Delia's keeps records as required by the FLSA, the Plaintiffs are required to produce definite and certain evidence that they performed work for which they were not compensated. *Flores*, 73 F.4th at 364 (5th Cir. 2023) (citing *Garner*, 834 F.Supp. 2d at 545–46 (S.D. Tex. 2011)). However, they did not.

---

[35] Ex A-1, Perez Dep. 31:11–32:7; Ex. A-5, Gutierrez Dep. 22:3-23:5; Ex. A-6, Lievanos Dep. 23:7-10.

[36] The time records and pay stubs that are made, kept and preserved by Delia's were produced by Delia's with Bates numbers DELIA000001-008403 pursuant to this Court's ordered Disclosures on February 8, 2024. Plaintiffs produced Delia's Bates labeled documents back to Delia's on March 7, 2024. *See* Ex. A-10, Sample Week of Pls.' Paystubs and Time Sheets.

[37] *Id.*

[38] *Id.*

Plaintiffs' only evidence comprises of unsubstantiated assertions in declarations.[39] These declarations provide only vague estimates of the hours worked, without any indication whether the figures represented averages for specific time periods, totals for all periods, or the actual hours worked.[40] For example, Miguel Caballero claimed that he worked (70) to (80) hours per week without any indication as to how many weeks per year his estimate applied to:

> 6. What hours did you work?
> 70 hrs to 80 hrs per wk

Ex. A-8, at 34. Assuming his Declaration implies that he worked (70) to (80) hours *every single week*; his testimony ultimately contradicts this claim.

> 9    Q. At any time, did you take any regular
> 10   vacations, like for summer or spring breaks or anything
> 11   like that during your employment?
> 12   A. Yes. Yes over the vacations.
> 13   Q. And what were -- what were those normal
> 14   vacations that you took?
> 15   A. They gave us two weeks a year. So I took one
> 16   week before the middle of the year. And another week
> 17   after the half of the year.
> 18   Q. And those were two weeks paid vacation,
> 19   correct?
> 20   A. Yes.
> 21   Q. And while working for Delia's, you're -- you
> 22   were able to take the vacations -- the paid vacations
> 23   that you wanted to take?
> 24   A. Yes.

Ex. A-5, Caballero Dep. 13:9–24. Similarly, Olga Perez claims that she worked "from 5:00 a.m. until around 8:00 p.m. without any indication as to how days per week, month, or year this applied to:

> 6. What hours did you work?
> several hours
> 5:00 Am til close around 8:00 pm

---

[39] *See generally*, Ex. A-8.
[40] *Id.*

Ex. A-8, at 36. Again, assuming Olga Perez's Declaration implies that she worked 5:00 a.m. until 8:00 p.m. *every single day* of the year, her testimony ultimately contradicts this claim.



```
22    Q.   About how much vacation time per year did you
23 receive?
24    A.   One week first.  And then after -- after a few
25 years, they would give us two weeks vacation, but they
 1 were separate.
 2    Q.   Okay.  And do you recall what year you started
 3 receiving two weeks of vacation?
 4    A.   I don't recall the year.
 5    Q.   And while you were employed with Delia's, would
 6 you take that vacation time?
 7    A.   Yes.  They were mandatory as well.
 8    Q.   And just to be clear, we're talking about paid
 9 vacation time, correct?
10    A.   That's correct.
```

Ex. A-1, Perez Dep. 15:22–16:10. Elias Gutierrez provided a bit more information—albeit still unsubstantiated assertions—alleging that he worked (8) hours per day for (6) days for (9) months, (12) hours per day from October through December, and (100) hours per week in December:



```
6.  What hours did you work?
   8 hRs Per day foR 6day 9mooths
   Oct thru Dec  12 hr a day
   Dec 100 hRs PaR wk
```

Ex. A-8, at 26. Still, he provides no indication as to how often throughout the (9) months he worked (8) hours for (6) days—it could have been every week, once a month, or one (6) day period in the (9) months. And assuming *arguendo*, that he did work (12) hours per day in December, he would need to work (8.3) days each week to reach his claimed total of (100) hours per week.

Plaintiffs do not even attempt to provide any corroborating evidence, much less specific testimony, to substantiate their claim. *See, e.g.*, *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (granting summary judgment because the plaintiff failed to substantiate their claim for unpaid overtime when they provided no evidence of the amount or

extent of hours worked and later asserted that they worked 210 hours but offered no evidence that they actually worked the hours alleged). Unsurprisingly, the only "corroborating" evidence Plaintiffs could produce were Delia's own Bates labeled business records that were previously produced to Plaintiffs—accurate and complete records reflecting Plaintiffs' weekly time sheets and pay stubs.[41] Consequently, Plaintiffs' claim cannot survive summary judgment.

### 3. Zuniga, Mauleon, Morales, Lievanos, Quintanilla, Gonzalez, and Lopez are exempt from the FLSA overtime provisions under the executive exemption.

The Exempt Plaintiffs claim also fails as a matter of law because they are not owed overtime since they were properly classified exempt under the executive exemption under 29 U.S.C. § 213(a). The Exempt Plaintiffs have not brought a misclassification claim and only allege that they performed work for which they were not properly compensated.[42] In any event, the Exempt Plaintiffs were properly exempt from overtime pay under the executive exemption.

The FLSA overtime exemption applies to those employees who work in a bona fide executive capacity as defined by the Department of Labor ("DOL"). *See* 29 U.S.C. § 213 ("The provisions of section 206 . . . and section 207 . . . shall not apply with respect to . . . any employee employed in a bona fide [executive capacity]. . . ."). An employee employed in a bona fide executive capacity refers to any employee: (1) compensated on a salary or fee basis at a rate of not less than [$455 per week]; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the

---

[41] *See* Ex. A-10, Sample Week of Pls.' Time Records and Paystubs showing each Hourly Plaintiffs' clock in and out times, total hours worked, and regular and overtime rate of pay for all hours worked.

[42] *See generally*, ECF No. 15.

hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100.

"Whether an employee is exempt or not exempt under the FLSA is mainly a fact issue determined by [their] salary, duties, and application of the factors in 29 C.F.R. § 541.0 et seq., but **the ultimate decision is a question of law**." *King v. Stevenson Beer Distrib. Co.*, 11 F. Supp. 3d 772, 780 (S.D. Tex. 2014) (internal citations omitted) (emphasis added). The summary judgment evidence demonstrates that the Exempt Plaintiffs satisfy all four elements of this exemption.

### i. *The Exempt Plaintiffs meet the salary basis test.*

It is undisputed that the Exempt Plaintiffs made more than $455 per week during the relevant period.[43] The Exempt Plaintiffs declared that they were paid the following weekly salaries: Zuniga declared that he was paid $1,120, Mauleon declared that he was paid $820.00, Morales declared that he was paid $600.00 up to $1,326.00, Lievanos declared that he was paid up $550.00, Quintanilla declared that she was paid $1,120.00, Gonzalez declared that he was paid $900.00, and Lopez declared that he was paid $1,299.00.[44] The Exempt Plaintiffs also received yearly bonuses and raises.[45] The evidence demonstrates that they were paid a fixed weekly salary well above the $455 minimum. Thus, the Exempt Plaintiffs' claims fail as a matter of law because the salary basis test is satisfied.

### ii. *The Exempt Plaintiffs meet the primary duty test.*

The second element of the executive exemption, the employee's primary duty must be "the management of the enterprise in which the employee is employed or of a customarily recognized

---

[43] *See*, Ex. A-8 Pls.' Decls. 1, 10, 18, 28, 44, 46, and 48; *see also*, Ex A-10, Plaintiffs' Time Sheets and Pay Stubs (the Exempt Plaintiffs were salary employees who did not clock in or out of work, so there are no time sheets available).

[44] *See* Ex. A-8, Pls.' Decls. at 1, 10, 18, 28, 44, 46, and 48.

[45] Ex. A-2, Morales Dep. 10:22-24, 30:7-14, 47:25–48:13; Ex. A-4, Zuniga Dep. 13:8–20, 14:11-21; Ex. A-6, Lievanos Dep. 11:10–5, 21:1-5; Ex. B, Lubin Decl. ¶ 2.

department or subdivision thereof" is also met. 29 C.F.R. § 541.100. "Management" includes, but is not limited to activities such as interviewing, selecting, and training employees; directing the work of employees; maintaining production or sales records for use in supervision or control; disciplining employees; and controlling the flow and distribution of materials or merchandise and supplies. 29 C.F.R. § 541.102.

As explained above, the Exempt Plaintiffs undeniably performed work in several of these areas. Lievanos testified that managers perform various managerial duties, including: (1) controlling the flow of products at the store, (2) training employees on Delia's policies and procedures, (3) opening and closing the business, and (4) hiring and firing employees.[46] Morales also testified that supervisors perform managerial duties, such as: (1) hiring and terminating employees, (2) discipling employees, (3) managing the finances of the store, (4) controlling store inventories, and (5) controlling store operations and finances.[47] The evidence establishes that the Exempt Plaintiffs' primary duty are managerial. Thus, the Exempt Plaintiffs' claim also fails because the primary duty test is met.

### iii. *The Exempt Plaintiffs supervised two or more direct reports.*

The Exempt Plaintiffs have also admitted that they supervised at least two direct reports.[48] Zuniga testified that, as a manager, he supervised thirty to thirty-five employees who directly reported to him.[49] Lievanos testified that, as a manager, he supervised twenty to thirty employees who directly reported to him.[50] Morales, as a supervisor, testified that he supervised two managers who directly reported to him, and thirty to thirty-five employees supervised directly by managers

---

[46] Ex. A-6, Lievanos Dep. Tr. 14:24-15:3, 15:10–22, 22:11-23:16, 24:14-25:3.

[47] Ex. A-2, Morales Dep. Tr. 11:25-12:14, 12:17-22, 13:7-14:5, 15:1-17.

[48] *See* Ex. A-8, Pls.' Decl. at 1-3, 10-11, 18-19, 40-41, 44-49.

[49] Ex. A-4, Zuniga Dep. Tr. 15:9–13.

[50] Ex. A-6, Lievanos Dep. Tr. 10:19–22.

who also reported to him.[51] Specifically, Morales testified that, as a supervisor, "I supervised all employees."[52] It is undisputed that the Exempt Plaintiffs supervised at least two direct reports. Thus, the Exempt Plaintiffs' claims fails because this element is also satisfied.

       iv. *The Exempt Plaintiffs made recommendations regarding employee status.*

Finally, the Exempt Employees made recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees—recommendations which were given particular weight. An employee's suggestion regarding employee status may be deemed to have "particular weight" even if "a higher-level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." 29 C.F.R. § 541.105. As explained above, managers and supervisors had discretion to hire, discipline, and terminate employees. Further, managers and supervisors were given discretion to do that, and the Exempt Plaintiffs even testified that while they sometimes made recommendations to human resources as to an employee's status, their recommendations were followed.[53] For example, Lievanos testified that as a manager, he had the authority to hire and terminate employees:

| | |
|---|---|
| 24 | Q.  And as a manager you could hire employees? |
| 25 | A.  Yes. |
| 1 | Q.  And you could also fire employees if you needed |
| 2 | to? |
| 3 | A.  Yes, that too. |

Ex. A-6, at 14:25–15:3. Morales similarly stated that, while he sometimes had to make recommendations to human resources as to the termination of employees, those recommendations

---

[51] Ex. A-2, Morales Dep. Tr. 11:3–24.

[52] Ex. A-2, Morales Dep. Tr. 11:5.

[53] Ex. A-2, Morales Dep. Tr. 15:18-22.

were *never* rejected:



> 23     Q.   Was there ever a hiring, termination, or
> 24  disciplinary decision, that you made, that human
> 25  resources rejected?
>
> 1      A.   Never.

Morales Dep. Tr. 12:23–13:1. The evidence demonstrates that the Exempt Plaintiffs are exempt as a matter of law because part of their duties included making recommendations as to employee discipline. *See Schreckenbach v. Tenaris Coiled Tubes*, No. 4:11-cv-4065, 2013 U.S. Dist. LEXIS 6744, at *19 (S.D. Tex. Jan. 16, 2013) (holding that employee was exempt as a matter of law when they made recommendations as to employee discipline, even if they could not issue written reprimands on their own); *Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp. 2d 678, 709 (S.D. Tex. 2012) (holding that employees who evaluated other employee's performance and had authority to discipline was exempt under the executive exemption). Thus, the Exempt Plaintiffs were properly exempt from overtime pay. Because the Exempt Plaintiffs are properly classified as exempt under the executive exemption under 29 U.S.C. § 213(a), the Exempt Plaintiffs were not owed overtime, and their claim fails as a matter of law. Consequently, Delia's is entitled to summary judgment.

### C. Delia's is entitled to summary judgment as to liquidated damages because it acted reasonably and in good faith.

Should this Court deny Delia's Motion as to Plaintiffs' FLSA claim, this Court should nevertheless rule that Plaintiffs cannot obtain liquidated damages from their claim. Plaintiffs bear the burden of proving that any alleged violation of the FLSA was willful. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990). To establish a willful violation, the employee must prove that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (quoting *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988)).  The Supreme

Court has noted that "willful" as it is commonly used is synonymous with "voluntary," "deliberate," and "intentional." *McLaughlin,* 486 U.S. at 133.  "Ordinary violations" fall under the two-year period, while the third year is dedicated to actions that are willful, deliberate, or intentional.  *Alvarez v. NES Global LLC*, 709 F.Supp.3d 284, 300 (S.D. Tex. 2023) (granting summary judgment when plaintiffs failed to introduce evidence sufficient to support a finding of willfulness).

"Evidence of willfulness may include statements by management that they were aware that employees were being paid incorrectly." *Williams v. Guardian Living Services, Inc.*, No. 4:17-CV-01901, 2018 WL 7253963, at *2 (S.D. Tex. Aug. 16, 2018) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821–22 (5th Cir. 2003)).  "Willfulness may also be shown where an employer was notified by a relevant agency that its payment practices likely violated the FLSA, and the employer failed to investigate and remedy the violation." *Id.* (citing *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994)).  "Mere negligence does not suffice."  *Hoenninger v. Leasing Enterprises, Ltd.*, 803 F. App'x 756, 760 (5th Cir. 2020). Because Plaintiffs have provided no evidence that any alleged FLSA violation was willful, their claim for liquidated damages also fails as a matter of law.

### 1.  Plaintiffs have provided no evidence that supports a finding that Delia's acted willfully.

While Plaintiffs have alleged that Delia's alleged "violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' rights" and therefore, are "entitled to . . . an additional equal amount as liquidated damage"[54] Plaintiffs have failed to provide a single piece of evidence to support this allegation. Likewise, Plaintiffs have provided no evidence to show that Delia's had any reason to believe that their compensation practices allegedly violated

---

[54] Pls. First Am. Compl. at ¶¶ 35–36.

the FLSA.  Plaintiffs have also not provided any evidence that they ever complained that they were not being compensated in accordance with the FLSA. Instead, as explained above, Delia's has established policies and procedures that employees must follow. These include, but are not limited to, clocking in at the time they begin work and clocking out at the time they finish work; using a fingerprint scan or code on FOCUS to clock in and out; accurately recording all hours worked; and promptly reporting and correcting any discrepancies in time or pay. Delia's believed at the relevant time, and continues to believe, that Plaintiffs were compensated in accordance with the FLSA.  Without evidence that Delia's knew that the compensation structure was unlawful but disregarded it, summary judgment is appropriate.  *Compare Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) ("[E]mployers act willfully when they know their pay structures violate the FLSA or ignore complaints brought to their attention.") *with Brunet v. GB Premium OCTG Servs., LLC*, 2024 WL 1235571, at *9 (S.D. Tex. Feb. 7, 2024) (finding no willfulness where there was no evidence that "Defendant was aware of the FLSA's requirements and yet chose not to follow the law."). Thus, Plaintiffs' request for liquidated damages also fails as a matter of law.

## V.    <u>CONCLUSION</u>

For the reasons set forth above, Delia's requests that this Court grant this motion for summary judgment, and Plaintiffs' claim for FLSA overtime violations and liquidated damages be dismissed with prejudice as to all Plaintiffs.

Dated this 18th day of October 2024.

20

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
500 Dallas St., Ste 2100
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**ATTORNEYS FOR**
**DEFENDANT DELGAR FOODS, LLC.**
**D/B/A DELIA'S**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing and notice system on October 18, 2024.

/s/ Lorena D. Valle
Lorena D. Valle