# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, ET AL., <br> Individually and On Behalf of All <br> Others Similarly Situated, <br> *Plaintiffs*, <br><br> V. <br><br> DELGAR FOODS, INC D/B/A <br> DELIA'S TAMALES <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.: 7:23-cv-00343 |

### PLAINTIFFS' RESPONSE TO DEFENDANT DELGAR FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………………………3

I. SUMMARY OF THE ARGUMENT………...…………..…………….……….4, 5

II. SUMMARY JUDGMENT EVIDENCE……………………….……………………5

III. STATEMENT OF DISPUTED FACTS……………....……………….…………6-10

    A. Parties and Procedural Background

    B. Delia's Misclassification of Managers and Supervisors paying them on a salary basis and had some "managerial" duties

    C. The Hourly Plaintiffs were improperly compensated for all hours they worked in excess of 40 hours work week

IV. ARGUMENT AND AUTHORITIES……………………………….……………….10-15

    A. Summary Judgment Standard

    B. Delia's is not entitled to summary judgment because there is fact issue whether Delia's can provide proof they paid overtime as required by FSLA.

        1. Plaintiffs present some evidence Delia's knew or should have known that Plaintiffs worked more than 40 hours per week.

        2. Plaintiffs' summary judgment evidence reflects that all of the employees were working in excess of 40 hours a week.

        3. Zuniga, Mauleon, Morales, Lievanos, Quintanilla, Gonzalez, and Lopez, while they may have been classified as exempt under FLSA, were not under the "executive" exemption.

            i. Plaintiffs employees meet a salary-based test.
            ii. Plaintiffs employees do not meet primary duty test.
            iii. Plaintiffs employees might have supervised two or more direct directly but supervisor of co-employees is not dispositive of this FSLA suit action.
            iv. Plaintiffs employees did not have the right to hire or fire.

    C. Delia's is not entitled to summary judgment, as liquidated damages may be established at time of trial.

        1. Plaintiffs have provided some evidence that support that Delia's acted willfully in failing to pay overtime pay.

V. CONCLUSION ……………………………………………………………………….16

CERTIFICATE OF SERVICE …………………………………………………………17

APPENDIX ………………………………………………………………………….…..18

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Anderson v. Mt. Clemens Pottery Company*,
328 US 680 (S. Crt. 1946)……………………………………………………………………….11

*Barcelona v. Tiffany Eng. Eub., Inc.*,
597 F.2d 464 (5th Circ. 1979)………………………………………………………...………..11

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)......................................................................................................10

*City of Hodgson v. Rikey Fashions, Inc.*,
434 F.2d, 1261, 1264, (Fifth Cir. 1970)……………..…………………………………………..13

*Crawford v. Formosa Plastic Corp.*,
234 F.3d 899, 902 (Fifth Cir., 2000)………………………………………………………….10

*Dakar v. Saybolt, L.P.*,
914 F.3d 917, 931 (5th Cir. 2018)..................................................................................12

*Flores v. FS Blinds, L.L.C.*,
73 F.4th 356, 363 (5th Cir. 2023)…………………………………………………………….13

*Heidtman v. County of El Paso*,
171 F.3d 1038 (5th Cir. 1999)…………………………………………………………………..12

*Helix Energy Solutions Group, Inc. v. Hewitt*,
598 U.S. 39, 45, 143 S.Crt. 677 (2023) ..........................................................................9

**Statutes**

29 U.S.C. § 213 .............................................................................................................15
Fair Labor Standards Act ..............................................................................................4

**Other Authorities**

FED. R. CIV. P. 56(a) ...................................................................................................10
Section 13(a)(1) of the FLSA ……………………………………………………………….8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, ET AL., | § | |
| Individually and On Behalf of All | § | |
| Others Similarly Situated, | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: 7:23-cv-00343 |
| | § | |
| DELGAR FOODS, INC D/B/A | § | |
| DELIA'S TAMALES | § | |
| *Defendants*. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT DELGAR FOODS, LLC'S MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs and file their Response to Defendant Delgar Foods, LLC's Motion for Summary Judgment. In support, Plaintiffs respectfully offer the following for consideration by the Court.

### I.  SUMMARY OF THE ARGUMENT

Plaintiffs were all formerly employed by Delia's and worked at several of Delia's restaurants. After their termination, Plaintiffs initiated suit under the Fair Labor Standards Act ("FSLA"), alleging Delia's failed to pay overtime wages.

Plaintiffs' deposition testimony and summary judgment evidence which will be presented, will establish Plaintiffs employees worked in excess of 40 hours a week, and in some cases as many as 80 or more hours a week. Most of the Plaintiffs employees (20) were hourly employees and while others (7) were classified by Delia's as managers or

management positions in order to avoid paying overtime pursuant to FSLA. The evidence will show that for years Delia's paid some of these employees, all of whom were undocumented, cash or check payments, and did not report their wages. This is clearly some evidence Delia's acted in bad faith and should be liable to pay overtime as provided in the FSLA.

## II.   SUMMARY JUDGMENT EVIDENCE

In reliance, and in support of the denial of Defendant's Motion for Summary Judgment, this Court should review the affidavits and deposition testimony, including the Appendix incorporated herein by reference for all purposes:

| | |
|---|---|
| 1 | Excerpts from the Deposition of Olga Perez dated June 26, 2024 |
| 1-A | Plaintiff Olga Perez Affidavit |
| 2 | Excerpts from the Deposition of Armando Morales de Llano dated June 26, 2024 |
| 3 | Excerpts from the Deposition of Elias Gutierrez dated June 28, 2024 |
| 3-A | Plaintiff Elias Gutierrez Affidavit (a/k/a Gonzalo Esquivel Garcia) |
| 4 | Excerpts from the Deposition of Luis Zuniga dated June 28, 2024 |
| 4-A | Plaintiff Luis Zuniga Affidavit |
| 5 | Excerpts from the Deposition of Miguel Caballero dated June 26, 2024 |
| 6 | Excerpts from the Deposition of Rosendo Lievanos dated June 28, 2024 |
| 6-A | Plaintiff Rosendo Lievanos Affidavit |
| 7 | Plaintiff Juana Cruz Affidavit |
| 8 | Plaintiff Rosa Quintanilla Affidavit |
| 9 | Plaintiff Hector Gonzalez Affidavit |
| 10 | Plaintiff Jorge Mauleon Affidavit |
| 11 | Plaintiff Angelica Chavez Affidavit |
| 12 | Plaintiff Ofelia Benavides Affidavit |
| 13 | Plaintiff Gabriela Velasquez Affidavit |
| 14 | Plaintiff Melesio Cruz Affidavit |
| 15 | Plaintiff Yessy Perez Affidavit |
| 16 | Plaintiff Mauricio Sanchez Affidavit |
| 17 | Plaintiff Rafael Sanchez Affidavit |
| 18 | Plaintiff Hector Sanchez Affidavit |
| 19 | Plaintiff Maria de Lourdes Cruz Affidavit |
| 20 | Affidavit of Patricia Conde |
| 21 | Affidavit of Norma Conde |

### III. STATEMENT OF UNDISPUTED FACTS

All 27 Plaintiffs were former employees of Delia's, who were terminated because of their legal status. All were undocumented and Delia's was fully aware of their immigration status, and their immigration status was the reason that they worked in excess of 40 hours work week and were not paid as provided under FSLA. Plaintiffs' sole claim(s) before this Court are Fair Standard Labor Act ("FSLA") claims. Plaintiffs attempted to amend their petition and bring additional defendants (Delia Garza and her extended family), and other similarly situated employees whom for years had IRS, social security and Medicare tax withholdings from their pay which monies have never been accounted by Delia's.

**A.  Parties and Procedural Background.**

Of the 27 employees who have filed suit, 20 were employees worked for Delia's in her kitchens, production workers, and cashiers. The hourly Plaintiffs employees are identified as Gabriela Velazquez, Concepcion Perez, Maria Jesus Lopez Medina, Gilda Rivas, Lazaro Garcia, Elias Gutierrez (identified as Jose Elias NG in Plaintiffs' Pleadings), Elizabeth Lara, Olga Perez, Hector Sanchez, Maria de Lourdes Cruz, Ricardo Esquivel, Mauricio Sanchez, Juana Cruz de la Cruz, Guillermo Ruiz, Ofelia Benavides, Miguel Caballero, Angelica Chavez, Melesio Cruz, Yessy Perez, and Rafael Sanchez.

The seven remaining Plaintiffs employees employed by Delia's were classified as managers and/or supervisors in order to avoid overtime pay under FSLA. These Plaintiffs

are Rosa Quintanilla, Carlos Lopez, Hector Gonzalez, Jorge Mauleon, Rosendo Lievanos, Luis Zuniga, and Armando Morales.

Plaintiffs' filed suit on August 31, 2023 in the 464th Judicial District Court, Hidalgo County, Texas. The case was removed to the U.S. District Court for the Southern District of Texas-McAllen Division on October 6, 2023. Plaintiffs amended their complaint on December 15, 2023, and have brought forth one claim(s) under FSLA.

Plaintiffs attempted to certify this case as a collective action via an amended complaint was denied by the Court on September 17, 2024. Plaintiffs and former co-employees attempted to bring in additional parties (Delia Garza and her extended family) and claims including a RICO Action.

The current Plaintiffs identified in this case, and additional Plaintiffs, former co-employees, and/or other similarly situated employees filed a state action on October 1, 2024, in the 139th Judicial District Court, Hidalgo County, Texas, styled: *Juana Cruz, Ofelia Benavides, Jose Elias Ng, Gabriela Velazquez, Ricardo Gonzalo, Melesio Cruz, Angelica Chavez, Concepcion Perez, Olga Perez, Mauricio Sanchez, Jorge Mauleon, Hector Sanchez, Hector Gonzalez, Yessy Perez Martinez, Maria De Lourdes Cruz, Rosendo Lievanos, Elizabeth Lara, Luis Alberto Zunga Castillo, Miguel Caballero Sanchez, Guillermo De La Cruz Mendoza, Carlos Daniel Lopez, Gilda Rivas, Armando Morales De Llano, Lazaro Garcia, Maria De Jesus Medina, Ricardo Esquivel, Rafael Sanchez, Guillermo Ruiz, Rosa Quintanilla, Maria Guadalupe Villarreal Silva, Karina Medina, Rafaela Rivera, Alice Fernanda Castro, Alejandro Rangel, Gerald Wendle III,*

*Maria Vanta and Maria Rodriguez vs. Delia Garza a/k/a Delia Lubin, Sofia Lubin a/k/a Sofia Trevino, Lorena Lubin, Alejandro Trevino, and Juan Garza.*

**B.     Delia's Misclassification of Managers and Supervisors paying them on a salary basis  and had some "managerial" duties.**

The FLSA requires that most employees in the United States be paid at the federal minimum wage for 40 hours worked in a work week and additional pay at time and one-half the regular rate of pay for all hours worked above 40 hours in a work week.

Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, and professional i.e. exempt employees. To qualify for exemption employees must meet certain tests regarding their job duties and be paid on a salary basis at not less than $684.00 per week or $107,000.00 per year as of January 2020. Job titles are not determinative of exempt status. In order for an exemption to apply, an employee's specific job duties and salary must meet **all** the requirements of the Department of Labor's regulations.

To qualify for the executive employee exemption, **all** of the following tests must be met:

1. The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $684.00 per week;

2. The employees primary duty must be managing the enterprise or managing a customarily recognized department or subdivision of the enterprise;

3. The employee must customarily and regularly direct the work of at least two (2) or more full-time employees or their equivalent; and

    4.       The employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

"The first is the 'salary basis' test, the basic idea of which is that" an employee can be a bona fide executive only if he receives a 'predetermined and fixed salary'—one fact does not vary with the precise amount of time he works. "The second element is the 'salary level' test: It asks whether that preset salary exceeds a specific amount, and the third element is the 'duties' test, which focuses on the nature of the employee's job responsibilities." *See Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39, 45, 143 S.Crt. 677 (2023).

**C.**    **The Hourly Plaintiffs Employees were not properly compensated for all the hours they worked.**

    1.    <u>Ofelia Benavides</u> started as a cook in 2006 to 2011. She was paid $45.00 a day no matter how many hours she worked. She was working normally 60 to 80 hours a week. Starting in 2010 she was paid in both checks and cash. She was paid regular pay and was not paid for overtime. From 2017 thru 2023 she was paid by check. She never saw the poster required by law to show employees of their rights.

    2.    <u>Gabriela Velazquez</u> was never paid for the overtime. She had to work during breaks and during lunch time. She was not even able to go to the bathroom during working hours.

    3.    <u>Melesio Cruz</u> started working in 2006 to 2023. He was paid weekly $240.00 in cash every week. He was never paid overtime. In 2010 for about 6 months he was paid by check, $5.25 an hour. He never saw the required poster about employee rights anywhere at the stores. He was paid in check from 2017 thru 2023, and was never paid the overtime he worked through his break and lunch break.

    4.    <u>Olga Perez</u> got paid by check from 2017 thru 2023. She never saw the required poster letting the employees know of their rights. She was never paid on the overtime that she had to work through her break and her lunch break. She was working 60 to 80 hours a week and was paid $240.00 a week.

5. <u>Mauricio Sanchez</u> was forced to work overtime when he did not want to or be terminated. He worked through his breaks and through lunch and was never paid for the overtime.

6. <u>Yessy Perez</u> was threatened if she did not work extra hours that she would be fired. She worked 20 hour days in December with no breaks and was given chocolate and red bull to stay awake. She worked through her breaks and her lunch and was never paid for that. She was also threatened they would call ICE.

7. <u>Rafael Sanchez</u> had no lunch breaks and had to work through lunch and was never paid for it. He bought fake documents for $300.00. He had to work extra hours even if he did not want to because of threats of being terminated. He was also threatened about ICE if he appealed the termination.

8. <u>Hector Sanchez</u> was provided with fake documents and was using the name **Rogelio Garza**. He was paid cash for two years. He gave his information to a Letty Zumaya. He met with a guy there at Delia's that gave him his fake documents. The working conditions were horrible. He worked during his break and during his lunch and was never paid for that.

## IV.  ARGUMENT AND AUTHORITIES

A.  <u>Summary Judgment Standard</u>

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED R. CIV. P. 56(a). Genuine issue of material fact exists if a reasonable jury would enter a verdict for the non-moving party. *Crawford v. Formosa Plastic Corp.*, 234 F.3$^d$ 899, 902 (Fifth Cir., 2000). The Court may consider any evidence in the pleadings, depositions, answers to written discovery, admissions on file, and together with the affidavits, if any. *Paraphrased. Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.C.T. 2548 (1986). The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Crawford*, 234 F.3$^d$ at 902.

In ruling on Defendant's Motion for Summary Judgment, the Court should consider Plaintiffs' pleadings, excerpts of deposition testimony, responses to interrogatories, some of which evidence is attached to Defendant's Motion for Summary Judgment, and as well as Plaintiffs' affidavits attached herein in the Appendix. This Court should find that there is sufficient evidence to establish the low threshold ban in FSLA causes of action, see the seminal case of *Anderson v. Mt. Clemens Pottery Company*, 328 US 680 (1946).

The Plaintiffs' burden in a FSLA cause of action is to prove that they have performed work for which they were improperly compensated and to produce sufficient evidence to show the amount and extent of that work as a matter of just and "reasonable inferences." *Mt. Clemens*, 328 U.S. at 687.

The Plaintiffs' summary judgment evidence presents sufficient evidence in the form of written discovery responses, deposition testimony and attached affidavits to support the low burden in *Mt. Clemens* in establishing a *prima facie* case in an FSLA case.

B. **Delia's is not entitled to summary judgment as liquidated damages may be established at time of trial.**

Whereas the burden is on the Plaintiffs to show willfulness, Defendants "bear the substantial burden of proving the reasonableness of its conduct". Good faith requires some duty to investigate potential liability under the FSLA. *Barcelona v. Tiffany Eng. Eub., Inc.*, 597 F.2d 464 (5th Circ. 1979). As a threshold matter, the Court determines that the Defendants' FSLA violation was not willful, and does not preclude an award of

liquidated damages. *Dakar v. Saybolt, L.P.*, 914 F.3d 917, 931 (5th Cir. 2018). The Fifth Circuit has held that even if a district court determines that an employer's actions were taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages. *Heidtman v. County of El Paso*, 171 F.3d 1038 (5th Cir. 1999).

1. **Plaintiffs providing some evidence that Delia's knew or should have known that some Plaintiffs were working more than 40 to 80 hours per week.**

Delia's had actual and/or constructive knowledge Plaintiffs were working more than 40 hours a week. The Plaintiffs, all of whom were undocumented souls were hired by an non-enjoined party, Delia Garza and her extended family, and worked for years off-the-clock and were paid either in cash or check with no deductions for IRS and/or Social Security. *See Appendix 8, 9, and 11, Affidavits of Rosa Quintanilla, Hector Gonzalez, and Angelica Chavez.*

Some of the Plaintiffs employees worked during their lunch hour, breaks and holidays for which they were not compensated. *See Appendix 8, 9, and 11, Affidavits of Rosa Quintanilla, Hector Gonzalez, and Angelica Chavez. See also, Appendix 20 and 21.*

2. **Plaintiffs' evidence reflects that all of the employees were working in excess of 40 hours a week.**

Plaintiffs' summary judgment evidence supports hourly employees worked in excess of 40 hours a week and were not properly compensated. The Defendant cites excerpts of Plaintiffs' responses to discovery, establishing Plaintiffs' hourly workers worked 70 to 80 hours a week. Such as, Plaintiff Olga Perez, who worked from 5 AM to

8 PM, some 15 hours a day for five days a week. *See Appendix 1 and 1-A.* Plaintiff Elias Gutierrez, worked 8 hours per day for six days for nine months, and then 12 hours per day from October to December, and then a 100 hours a week in December-Traditional Mexican Christmas holiday period. *See Appendix 3 and 3-A.*

The Plaintiffs have presented sufficient summary judgment evidence to satisfy the lenient "prima facie" burden under *Mt. Clemens*. As the court held, "this leniency (under *Mt. Clemens)* has led us to accept estimates of overtime hours derived from Plaintiffs' testimony as adequate evidence. "Personal knowledge of work formed…was sufficient to establish, by reasonable inferences, *Flores v. Blinds, LLC,* 73 F.4th 356 (Fifth Circ. 2023), and *City of Hodgson v. Rikey Fashions, Inc*., 434 F.2d, 1261, 1264, (Fifth Circ. 1970).

3.  **Quintanilla, Morales, Mauleon, Gonzalez, Zuniga, Lievanos, and Lopez, while they may have been classified as exempt do not come under the "executive exemption" in FSLA by Delia's.**

Delia's has claimed the "executive exemption", it bears to burden of proving that an employee is ineligible for overtime or minimum wage compensation. *See Florentino Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580 (5th Cir. 2013). "The employer must prove facts by a preponderance of the evidence that show the exemption is plainly and unmistakably applicable. *Id. Meza* at 581.

It is undisputed that while some of Plaintiffs made more than $684.00 per week during the relevant period, others did not. The Plaintiffs who declared that they were paid the following weekly salaries: Zuniga declared that he was paid $1,120.00, Mauleon declared that he was paid $820.00, Morales declared that he was paid $600.00 up to

$1,326.00, Lievanos declared that he was paid up to $550.00, Quintanilla declared that she was paid $1,120.00, Gonzalez declared that he was paid $900.00, and Lopez declared that he was paid $1,299.00. While some of these Plaintiffs may meet the salary basis test, they do not meet the required two other criteria in *Hewitt*.

These seven employees, while they may have been classified as exempt employees by Delia's, this is a misclassification of what these individuals were performing in terms of work. The Court must probe at whether or not these individuals' duties were only performed by a manager. Most of them had no authority to hire, fire, or even recommend for employment.

1. Rosa Quintanilla was on salary making about $1,089.00 a week. What you do not see are the hours she would put in week to week. She was working 80 hours a week but since they classified her as a manager, she was exempt from overtime pay. Defendant took advantage of the misclassification so they would not have to pay them overtime pay, while Plaintiff was working 80 hours a week. *See Appendix 8.*

2. Armando Morales was on salary making about $600.00 a week. What you do not see are the hours he would put in week to week. He was working over 55 hours a week but since they classified him as a manager, he was exempt from overtime pay. Defendant took advantage of the misclassification so they would not have to pay them overtime pay, while Plaintiff was working over 55 hours a week. *See Appendix 2.*

3. Jorge Mauleon was on salary making $815.00 a week. What you do not see are the hours he would put in week to week. He was working over 55 hours a week but since they classified him as a manager, he was exempt from overtime pay. Defendant took advantage of the misclassification so they would not have to pay them overtime pay, while Plaintiff was working over 55 hours a week. *See Appendix 10.*

4. Hector Gonzalez was on salary making $1,200 a week. What you do not see are the hours he would put in week to week. He was working over 55 hours a week but since they classified him as a manager, he was exempt from overtime pay. Defendant took advantage of the misclassification so they would not have to pay them overtime pay, while Plaintiff was working over 55 hours a week. *See Appendix 9.*

      5.     <u>Luis Zuniga</u> was making $935.00 a week. What you do not see are the hours he would put in week to week. He was working over 70 hours a week but since they classified him as a manager, he was exempt from overtime pay. He had no authority to hire and fire. Defendant took advantage of the misclassification so they would not have to pay them overtime pay, while Plaintiff was working over 70 hours a week. *See Appendix 4 and 4-A.*

      6.     <u>Rosendo Lievanos</u> was making $550.00 per week. What you do not see are the hours he would put in week to week. He was working over 70 hours a week but since they classified him as a manager, he was exempt from overtime pay. Defendant too advantage of the misclassification, so they would not have to pay them overtime pay, while Plaintiff was working over 70 hours a week. *See Appendix 6 and 6-A.*

      7.     Defendant's failed to list/include <u>Angelica Chavez</u> who was also a salary employee getting $500.00 a week but also working over 80 hours a week. Delia's classified her as an exempt employee, so they would not have to pay the overtime pay. *See Appendix 11.*

Defendants failed to list/include <u>Juana Cruz</u> in the motion for summary judgment, who was also a salary employee. Although, she had no authority to hire and fire, Ms. Cruz worked 85 to 90 hours a week. Delia's misclassified her so they would not have to pay the extra hours. *See Appendix 7.*

Defendants cite the Department of Labor ("DOL") 29 U.S.C. § 213 ("The provisions of section 206 . . . and section 207 . . . shall not apply with respect to . . . any employee employed in a bona fide [executive capacity]. . . ."). The current compensation salary or fee rate is not less than $684.00 per week, and not $455.00, and earn less than $107,432.00, in total annual compensation.

## V.  CONCLUSION

For the reasons stated above, this court should deny Delia's Motion for Summary Judgment and this case should proceed to trial in this matter.  Plaintiffs pray for general or special relief, both in equity and at law, to which they may justly show themselves entitled to.

Respectfully submitted,

_____
Ricardo Gonzalez
State Bar No. 08131490
Oxford & Gonzalez
124 S. 12th Ave.
Edinburg, TX. 78539
Phone: (956) 383-5654
Fax: (956) 381-0002
E-mail: ric@oxfordgonzalez.com

Richard Rene Alamia
Richard R. Alamia Attorney at Law
619 S. 12th Ave.(Main Office) 78539
Edinburg, TX 78539
Phone: (956) 381-5766
Fax: (956) 381-5774
E-mail: richard.alamia@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that on November 8, 2024, a true and correct copy of this Response was served upon all interested parties via CM/ECF to the following:

William R. Stukenberg
wstukenberg@porterhedges.com

Lorena D. Valle
ivalle@porterhedges.com

Stephen Quezada
Stephen.quezada@ogletree.com

_____
Ricardo Gonzalez

# APPENDIX

| | |
|---|---|
| 1 | Excerpts from the Deposition of Olga Perez dated June 26, 2024 |
| 1-A | Plaintiff Olga Perez Affidavit |
| 2 | Excerpts from the Deposition of Armando Morales de Llano dated June 26, 2024 |
| 3 | Excerpts from the Deposition of Elias Gutierrez dated June 28, 2024 |
| 3-A | Plaintiff Elias Gutierrez Affidavit (a/k/a Gonzalo Esquivel Garcia) |
| 4 | Excerpts from the Deposition of Luis Zuniga dated June 28, 2024 |
| 4-A | Plaintiff Luis Zuniga Affidavit |
| 5 | Excerpts from the Deposition of Miguel Caballero dated June 26, 2024 |
| 6 | Excerpts from the Deposition of Rosendo Lievanos dated June 28, 2024 |
| 6-A | Plaintiff Rosendo Lievanos Affidavit |
| 7 | Plaintiff Juana Cruz Affidavit |
| 8 | Plaintiff Rosa Quintanilla Affidavit |
| 9 | Plaintiff Hector Gonzalez Affidavit |
| 10 | Plaintiff Jorge Mauleon Affidavit |
| 11 | Plaintiff Angelica Chavez Affidavit |
| 12 | Plaintiff Ofelia Benavides Affidavit |
| 13 | Plaintiff Gabriela Velasquez Affidavit |
| 14 | Plaintiff Melesio Cruz Affidavit |
| 15 | Plaintiff Yessy Perez Affidavit |
| 16 | Plaintiff Mauricio Sanchez Affidavit |
| 17 | Plaintiff Rafael Sanchez Affidavit |
| 18 | Plaintiff Hector Sanchez Affidavit |
| 19 | Plaintiff Maria de Lourdes Cruz Affidavit |
| 20 | Affidavit of Patricia Conde |
| 21 | Affidavit of Norma Conde |