# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **JUANA CRUZ, ET AL.,** | § § | |
| **Plaintiffs,** | § § § | |
| v. | § § | **CASE NO.: 7:23-CV-00343** |
| **Delgar Foods, LLC,** | § § § | |
| **Defendant.** | § | |

## DEFENDANT DELGAR FOODS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENTS & AUTHORITIES ................................................................................. 1

     A.   Plaintiffs' Failure of Proof Mandates Summary Judgment. .................................. 1

     B.   Plaintiffs' Summary Judgment Evidence Should Be Limited to the Discovery Plaintiffs. ............................................................................................................... 2

     C.   Plaintiffs' Affidavits Should Be Stricken. ............................................................. 2

     D.   Plaintiffs Cannot Avoid Summary Judgment on Their FLSA Claim by Misapplying the Law and Ignoring the Relevant Facts. ........................................ 8

     E.   Plaintiffs Cannot Make a Claim of Misclassification for the First Time in Their Opposition to Summary Judgment........................................................................ 9

          i.   If this Court Decides to Consider Plaintiffs' Unpled Misclassification Claim, Plaintiffs Still Cannot Avoid Summary Judgment........................ 10

               a.   The sample week establishes that the salary basis test is met for all Exempt Plaintiffs. ........................................................................ 10

               b.   Plaintiffs have provided no evidence to controvert that the Exempt Plaintiffs made recommendations regarding employee status. ..... 11

     F.   A Possibility That Liquidated Damages May Be Established at Trial Does Not Preclude Summary Judgment. ............................................................................ 12

III. CONCLUSION............................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cutrera v. Bd. of Sup'rs of La. State Univ.*,
   429 F.3d 108 (5th Cir. 2005) .................................................................................................14

*Flores v. FS Blinds, L.L.C.*,
   73 F.4th 356 (5th Cir. 2023) ............................................................................................12, 13

*Goodman v. Hewlett-Packard Co*,
   393 F.Supp. 580 (S.D. Tex. 2018) ...........................................................................................6

*Harvill v. Westward Commc'ns, L.L.C.*,
   433 F.3d 428 (5th Cir. 2005) .................................................................................................13

*Huffman v. City of Lake Jackson*,
   No. CIVA H-08-1541, 2010 WL 791780 (S.D. Tex. Mar. 5, 2010) .......................................16

*Nucor Corp. v. Requenez*,
   578 F. Supp. 3d 873 (S.D. Tex. 2022) ....................................................................................7

*Pittman v. U.S. Bank NA*,
   84 Fed. Appx. 788 (5th Cir. 2021) ........................................................................................14

*TIG Ins. v. Sedgwick James*,
   276 F.3d 754 (5th Cir. 2002) .........................................................................8, 9, 10, 11, 12

*Turner v. Baylor Richardson Med. Ctr.*,
   476 F.3d 337 (5th Cir. 2007) ...................................................................................................5

**Statutes**

29 U.S.C. § 255(a) .........................................................................................................................15

**Other Authorities**

FED. R. OF CIV. P. 56 .......................................................................................................................5

FED. R. OF CIV. P. 56(c)(4) ...........................................................................................6, 8, 9, 10, 11, 12

FED. R. EVID. 401, 402 .............................................................................................................8, 9

FED. R. EVID. 802 .......................................................................................................................9, 11

Defendant Delgar Foods, LLC d/b/a Delia's ("Delia's") respectfully submits this Reply in Support of its Motion for Summary Judgment ("Motion")[1] [ECF 49], and would respectfully show the Court as follows:

## I. INTRODUCTION

In their Response to Defendant Delgar Foods, LLC's Motion for Summary Judgment ("Response") [ECF 50], Plaintiffs fail to carry their burden as the non-movants under Federal Rule of Civil Procedure 56. Plaintiffs admit, do not dispute, or fail to controvert *any* of the essential facts established by Delia's summary judgment evidence. Plaintiffs attempt to create fact issues when none exist and mischaracterize or ignore the applicable law. When faced with the overwhelming case-dispositive evidence set forth in the Motion—including their own unfavorable testimony and admissions—Plaintiffs merely attach improper affidavits focused on irrelevant matters. Rather than address Delia's summary judgment evidence, Plaintiffs attempt to distract the Court from their own lack of competent summary judgment evidence. In short, Plaintiffs failed to raise a factual or legal issue sufficient to preclude summary judgment.

## II. ARGUMENTS & AUTHORITIES

### A. Plaintiffs' Failure of Proof Mandates Summary Judgment.

The "statement of undisputed facts" section of Plaintiffs' Response improperly incorporates legal arguments and is devoid of a single citation to evidence. *See* Resp. at 6-10. Plaintiffs do not contest any of the facts contained in the Declaration of Sofia Lubin (Motion at Ex. B) and the Response does not object to the admissibility of any of Delia's summary judgment evidence. Rather, Plaintiffs devote their efforts to distracting the Court with baseless allegations that are irrelevant to their FLSA claim, stating legal arguments regarding the FLSA exemption, and cherry picking the conclusory claims of 8 Plaintiffs in an unpersuasive attempt to create a fact issue. For this reason alone, summary judgment is warranted. *See, e.g.*, *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of

---

[1] All capitalized terms have the same meaning as defined in the Motion.

evidence.'") (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Goodman v. Hewlett-Packard Co*, 393 F. Supp. 580, 591 (S.D. Tex. 2018) (holding that attorney arguments are statements unsupported by evidence and "insufficient to preclude summary judgment").

      **B.**      **Plaintiffs' Summary Judgment Evidence Should Be Limited to the Discovery Plaintiffs.**

Delia's objects to and moves to strike the affidavits of Juana Cruz, Rosa Quintanilla, Hector Gonzalez, Jorge Mauleon, Angelica Chavez, Ofelia Benavides, Gabriela Velasquez, Melesio Cruz, Yessy Perez, Mauricio Sanchez, Rafael Sanchez, Hector Sanchez, Maria de Lourdes Cruz, Patricia Conde, and Norma Conde on the grounds that Delia's was denied the opportunity to depose them. From the outset of this litigation, Delia's repeatedly requested the opportunity to take the deposition of each Plaintiff due to their failure to substantively respond to discovery. *See* ECF No. 12; ECF No. 29; ECF No. 33. Plaintiffs' counsel objected to these deposition requests, and this Court designated a bellwether population of 6 plaintiffs to be presented for depositions. Delia's deposed 3 Hourly Plaintiffs (Olga Perez, Elias Gutierrez, and Miguel Caballero) and 3 Exempt Plaintiffs (Armando Morales, Luis Zuniga, and Rosendo Lievanos) (collectively, the "Discovery Plaintiffs"). Now, Plaintiffs attempt to introduce affidavits of 13 Plaintiffs and 3 non-parties to avoid summary judgment, without giving Delia's the opportunity to challenge their credibility or the substance through deposition. Allowing such evidence would unfairly expand Plaintiffs' evidentiary record beyond what Delia's was allowed to challenge and Delia's would be prejudiced. Therefore, Plaintiffs should be limited to the affidavits of the Discovery Plaintiffs.

      **C.**      **Plaintiffs' Affidavits Should Be Stricken.**

Delia's also objects and moves to strike the 20 affidavits[2] attached to Plaintiffs' Response on the grounds that they do not meet the strict standards required under Federal Rule of Civil Procedure 56(c)(4). As a preliminary matter, exhibits 3-A (Gonzalo Esquivel Garcia's Affidavit), 20 (Particia Conde's Affidavit), and 21 (Norma Conde's Affidavit), should be stricken because the Plaintiffs rely on these

---

[2] The affidavits are attached to Plaintiffs' Response in Appendix 1-A, 3-A, 4-A, 6-A, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21.

2

affidavits to manufacture facts that cannot be in dispute because they are not parties to this case. There is no evidence in the record to support that Esquivel goes by an alias of a party to this case, and the Conde affiants stipulated dismissal with prejudice of their claims against Delia's on May 17, 2024. ECF 39. Delia's also objects to exhibit 20 because it was not signed by the affiant.

Additionally, this Court "cannot consider evidence that would be inadmissible at trial, such as affidavits or declarations founded on hearsay or outside the personal knowledge of the declarant or irrelevant evidence. . . " and a plaintiff "may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation." *Nucor Corp. v. Requenez*, 578 F. Supp. 3d 873, 905 (S.D. Tex. 2022). Furthermore, conclusory and self-serving statements in an affidavit do not suffice to defeat summary judgment. *Id.*

Plaintiffs attempt to manufacture a factual dispute with conclusory allegations, speculations, and irrelevant details. Importantly, 17 of the 20 affidavits are dated October and November 2023, before Plaintiffs filed their amended complaint or discovery began. Despite having over 8 months to produce evidence to support their FLSA claim or the assertions in their affidavits, Plaintiffs failed to do so. Now, Plaintiffs attempt to divert attention from their lack of competent summary judgment evidence by introducing inadmissible assertions regarding their immigration status, counterfeit work authorization documents, and Delia's alleged awareness. To refocus on Plaintiffs' failure, Delia's highlights its objections below to the key inadmissible statements that Plaintiffs rely on in their attempt to survive summary judgment:

| Plaintiffs' Response ||
|---|---|
| **Assertions** | **Objections** |
| The Plaintiffs . . . worked for years off-the-clock and were paid either in cash or check with no deductions for IRS and/or Social Security. Resp. at 12. | Attorney argument. Inadmissible conclusory allegation that is not supported by the affidavits cited or evidence in the record. Delia's summary judgment evidence establishes that social security, Medicare, and federal income tax withholdings were made from Plaintiffs' paychecks. *See* Motion at Ex. A-10. |
| Some of the Plaintiffs employees worked during their lunch hour, breaks, and holidays for which they were not compensated. Resp. at 12. | Attorney argument. Inadmissible because it is an unsubstantiated and conclusory allegation that is not supported by the affidavits cited or any evidence in the record. Plaintiffs also improperly rely on |

3

| | |
|---|---|
| | affidavits made by affiants that are not parties to this lawsuit. *See* Ex. 20 and 21. |

| **Armando Morales** ||
|---|---|
| **Assertions** | **Objections** |
| Armando Morales was on salary making about $600.00 a week. Resp. at 14. | Attorney argument. Inadmissible because it assumes facts that are not supported by the transcript cited or evidence in the record. |
| Defendant took advantage of the misclassification so they would not have to pay them overtime pay. Resp. at 14. | Attorney argument. Inadmissible because it assumes facts that are not supported by the deposition transcript cited or evidence in the record. |

| **Olga Perez** ||
|---|---|
| **Assertions** | **Objections** |
| I was paid $5.25 per hour. Ex. 1-A. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is an unsubstantiated assertion not supported by any evidence in the record. *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (holding that conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are not a substitute for specific facts showing genuine dispute of material fact). |
| From 2007 until 2017, I was paid in cash. Ex. 1-A. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated and conclusory assertion not supported by evidence in the record, and it is not relevant to the issues in this case. FED. R. EVID. 401, 402; *TIG Ins.*, 276 F.3d at 759. The relevant period is 2020 through 2023. |
| I was never paid overtime. Ex. 1-A; Resp. at 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated and conclusory assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. Additionally, the record establishes that Olga Perez was paid overtime during the relevant period. *See* Motion, Ex. A-9 at 164 ("Admit" to Request for Admission 16: "Defendant paid you overtime wages from 2020-2023"). |
| I believed she was keep two sets of books one for cash pay and the other when we got paid by check 2017 thru 2023. Ex. 1-A. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is not based on personal knowledge and is speculative. *TIG Ins.*, 276 F.3d at 759. |
| She was working 60 to 80 hours a week and was paid $240.00 a week. Ex. 1-A, Resp. at 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |

| **Luis Zuniga** ||
|---|---|
| **Assertions** | **Objections** |
| He had no authority to hire or fire. Resp. at 15. | Attorney argument. Inadmissible because it assumes facts that are not supported by the deposition transcript, affidavit cited or evidence in the record. |

| **Rosendo Lievanos** ||
|---|---|
| **Assertions** | **Objections** |
| During my time working conditions were abusive both mentally and physically because of | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion that is not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |

4

| | |
|---|---|
| management demanding more work all the time. Ex. 6-A. | |
| Rosendo Lievanos was making $550.00 per week. Resp. at 15. | Attorney argument. Inadmissible because it assumes facts that are not supported by the affidavit, deposition transcript, or evidence in the record. Lievanos's affidavit states that the lowest salary he was paid was $600 per week when he first started working for Delia's. Ex. 6-A. |
| **Juana Cruz** | |
| **Assertions** | **Objections** |
| I was threatened to be terminated if I refused any hours I was assigned especially in the months of November and December. Ex. 7. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is an unsubstantiated assertion not supported by evidence in the record, and it is hearsay. Fed. R. Evid. 802; *TIG Ins.*, 276 F.3d at 759. |
| [She] was also a salary employee. Resp. at 15. | Attorney argument. Inadmissible because it assumes facts that are not supported by the affidavit cited or evidence in the record. |
| She had no authority to hire and fire. Resp. at 15. | Attorney argument. Inadmissible because it assumes facts that are not supported by the affidavit cited or evidence in the record. |
| Ms. Cruz worked 85 to 90 hours a week. Resp. at 15. | Attorney argument. Inadmissible because it assumes facts that are not supported by the affidavit cited or evidence in the record. |
| **Rosa Quintanilla** | |
| **Assertions** | **Objections** |
| I was paid $240.00 per week working 60 to 85 hours a week. Ex. 8. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| From 2002 to 2017 I was paid in cash. Ex. 8. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record and it is not relevant to the issues in this case. Fed. R. Evidence 401, 402. The relevant period is 2020 through 2023. |
| The majority of my duties as manager were the same ones as when I was on hourly wage. Ex. 8. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is a conclusory allegation not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I believe she put me on salary because she did not want to pay the extra hours I was working. Ex. 8. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is based on speculation and affiant lacks personal knowledge to make the statement. *TIG Ins.*, 276 F.3d at 759. |
| **Hector Gonzalez** | |
| **Assertions** | **Objections** |
| I worked 80 to 85 hours a week. Ex. 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, F.3d at 759. Additionally, the affidavit contradicts Gonzalez's prior affidavit, attached to Plaintiffs' Response at Exhibit 9, which states that "as a manager, I worked 55 hours per week." |

5

| Assertions | Objections |
|---|---|
| I did work in the mornings while I was still clocked out. Ex. 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I did work during my break and during my lunch. Ex. 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| The majority of my duties as manager were the same ones as when I was on hourly wage. Ex. 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is a conclusory allegation not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I believe she put me on salary because she did not want to pay the extra hours I was working. Ex. 9. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is based on speculation and affiant lacks personal knowledge to make the statement. *TIG Ins.*, 276 F.3d at759. |

**Jorge Mauleon**

| Assertions | Objections |
|---|---|
| Defendant took advantage of the misclassification so they would not have to pay them overtime pay. Resp. at 14. | Attorney argument. Inadmissible because it assumes facts that are not supported by the affidavit cited or evidence in the record. |

**Angelica Chavez**

| Assertions | Objections |
|---|---|
| I was working on salary and also working hourly with my time at Delia's. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I was on salary when I was a manager. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I was working 85 hours a week and was only getting a salary. Ex. 11, Resp. at 15. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| Most of my duties as manager were the same duties I had while I was hourly. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is a conclusory allegation not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I also worked while I was clocked out and we had to write our hours by hand. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated and conclusory assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| On many occasions I also clocked out and continued working. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is a conclusory allegation not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I was paid in cash on several occasions for my weekly pay and also my overtime pay. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I also worked during my break and also during my lunch break, where I was never paid for that. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) as it is a conclusory allegation not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |
| I figured Delia wanted me on salary so she didn't have to pay the extra 45 hours I was working a week. Ex. 11. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is based on speculation and affiant lacks personal knowledge to make this statement. *TIG Ins.*, 276 F.3d at 759. |

| | |
|---|---|
| [She] was also a salary employee getting $500.00 a week. Resp. at 15. | Attorney argument. Inadmissible because it assumes facts that are not supported by the affidavit cited or evidence in the record. |
| **Ofelia Benavides** ||
| **Assertions** | **Objections** |
| [Benavides] was paid $45.00 a day no matter how many hours she worked. Ex. 12; Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| She was normally working 60-80 hours a week. Resp. at 9 | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| Starting in 2010 she was paid in both checks and cash. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| She was paid regular pay and was not paid for overtime. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| **Gabriela Velasquez** ||
| **Assertions** | **Objections** |
| Gabriela Velazquez never paid overtime. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| **Melesio Cruz** ||
| **Assertions** | **Objections** |
| They threatened to terminate you if you do not work extra hours. Ex. 14. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is an unsubstantiated assertion not supported by evidence in the record, and it is hearsay. Fed. R. Evid. 802; *TIG Ins.*, 276 F.3d at 759. |
| He was paid weekly $240.00 in cash every week. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| He was never paid overtime. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| In 2010 for about 6 months he was paid by check, $5.25 an hour. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| He was paid by check, and was never paid the overtime he worked through his break and lunch break. Resp. at 9. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| **Yessy Perez** ||
| **Assertions** | **Objections** |
| Delia's management was very abusive, harassed me, threatened me if I did not work the hours they wanted me to work. Ex. 15. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is an unsubstantiated assertion not supported by evidence in the record, and it is hearsay. Fed. R. Evid. 802; *TIG Ins.*, 276 F.3d at 759. |
| Every December, the manager would give us Red Bull drinks and chocolate candy to stay and work long hours. About 20 hours a day with no breaks for lunch. Ex. 15. | Inadmissible under Fed. R. Civ. P. 56(c)(4) because it is an unsubstantiated assertion not supported by evidence in the record. *TIG Ins.*, 276 F.3d at 759. |

| Mauricio Sanchez ||
|---|---|
| **Assertions** | **Objections** |
| He worked through his breaks and through lunch and was never paid for the overtime. Resp. at 10. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| Hector Sanchez ||
| **Assertions** | **Objections** |
| He was paid cash for two years. Resp. at 10. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |
| He worked during his break and during his lunch and was never paid for that. Resp. at 10. | Attorney argument. Inadmissible because it assumes facts that are not supported by evidence in the record. No citation to any evidence. |

For these reasons, Delia's requests that this Court strike the entirety of the 20 affidavits attached to Plaintiffs' Response.

### D. Plaintiffs Cannot Avoid Summary Judgment on Their FLSA Claim by Misapplying the Law and Ignoring the Relevant Facts.

Plaintiffs assert that their declarations are sufficient to "satisfy the lenient 'prima facie' burden under *Mt. Clemens*." Resp. at 13. Plaintiffs rely on *Flores*, yet, conveniently ignore the *Flores*' directive that the standard in *Mt. Clemens* **does not apply** in overtime cases "where the employer has kept the required time records." *Flores v. FS Blinds, L.L.C.*, 73 F.4th 356, 364 (5th Cir. 2023). Plaintiffs present no evidence to support the application of the more lenient standard. Because Delia's conclusively established that it kept accurate time records and Plaintiffs have not disputed that, "each plaintiff must prove, with definite and certain evidence, that [they] performed work for which [they were] not properly compensated." *Id.* (citing *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 545–46 (S.D. Tex. 2011)). Plaintiffs did not.

First, Olga Perez, Angelica Chavez, Guillermo de la Cruz, Elias Gutierrez, Maria de Lourdes Cruz, Mauricio Sanchez, Miguel Caballero, Juana Cruz, and Melesio Cruz admitted that they were correctly paid for all hours worked from 2020 through 2023. Motion at Ex. A-9; Supplemental Exhibit C attached to this Reply.[3] Plaintiffs cannot (and do not) dispute that. Thus, their claim cannot survive summary judgment.

---

[3] Plaintiffs respond "Admit" to Request for Admission No. 6 stating "Defendant correctly paid you for all hours worked by you from 2020-2023.

8

Second, the only evidence Plaintiffs rely on to avoid summary judgment are the declarations identified in Delia's Motion, which consist of unsubstantiated assertions. Resp. at 12-13. Even if the *Mt. Clemens* standard were to apply (it does not), Plaintiffs cannot survive summary judgment. To satisfy the *Mt. Clemens* prima facie burden, albeit a lenient one, Plaintiffs are still required to "present **more than** unsubstantiated assertions." *Flores*, 73 F.4th at 362. While Plaintiffs' declarations allege that they worked various ranges of hours, Plaintiffs provided *no* evidence: (1) that they *actually* worked the hours they allege; (2) of the *amount* or the *extent* of the hours alleged that they worked *without compensation*; and (3) that Delia's was *aware* that they worked overtime hours without compensation. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (affirming the district court's grant of summary judgment when plaintiff failed to provide evidence as to the amount of hours worked without compensation, they actually worked the hours alleged, or that defendant was aware they were working hours without compensation). If this Court finds that Plaintiffs have made a *prima facie* showing and the burden shifts to Delia's to present evidence to rebut Plaintiffs' claims, then Delia's has satisfied its burden. *Flores*, F.4th at 362 (holding than an employer can discharge its burden by presenting either evidence of the precise amount of work performed or evidence to challenge the reasonableness of the inference drawn by employees' evidence). As established in its Motion, Delia's has presented evidence of the precise amount of work performed by the Hourly Plaintiffs and has negated the reasonableness of their allegations. Motion at 11–14, and Motion at Ex. A-10. Because Plaintiffs have failed to provide any evidence—let alone definite and certain evidence—sufficient to substantiate their own assertions, summary judgment is warranted.

### E. Plaintiffs Cannot Make a Claim of Misclassification for the First Time in Their Opposition to Summary Judgment.

As stated in Delia's Motion, the Exempt Plaintiffs have not pled a misclassification claim in their complaint and only claimed that they were owed overtime for which they were not properly compensated. ECF 15; Motion at 14. Now—in an eleventh-hour attempt to survive summary judgment—they claim that they were misclassified. Resp. at 14. However, as they admit in their Response, Plaintiffs have only brought "one claim[] under the FLSA" "alleging that Delia's failed to pay overtime wages." Resp. at 4, 7.

9

It is well-settled that "[a] claim which is not raised in the complaint but, rather, is raised only in opposition to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Pittman v. U.S. Bank NA*, 84 Fed. Appx. 788, 789–90 (5th Cir. 2021) ("Our precedent precludes a plaintiff from advancing a new claim or reframing a previously presented one in response to a motion for summary judgment."). For this reason alone, the overtime claim brought by Rosa Quintanilla, Carlos Lopez, Hector Gonzalez, Jorge Mauleon, Rosendo Lievanos, Luis Zuniga, and Armando Morales should be dismissed and their allegations as to misclassification should be disregarded.

      i. **If this Court Decides to Consider Plaintiffs' Unpled Misclassification Claim, Plaintiffs Still Cannot Avoid Summary Judgment.**

The Exempt Plaintiffs attempt to obscure the inexistence of fact issues as to their overtime claim by citing Morales, Zuniga, and Lievanos's entire deposition transcripts, and self-serving affidavits that are not competent summary judgment evidence. Resp. 14-15. Plaintiffs' Response fails to address—much less dispute—that the Exempt Plaintiffs' primary duty was managerial or that they supervised two or more direct reports. Additionally, Plaintiffs failed to create a fact issue as to whether the Exempt Plaintiffs met the salary basis test or made recommendations regarding employee status. Therefore, summary judgment as to the Exempt Plaintiffs is also warranted.

          a. *The sample week establishes that the salary basis test is met for all Exempt Plaintiffs.*

Delia's acknowledges that, as of 2020, the minimum salary for exempt employees is $684.00 per week. But this does not change the reality that no fact issues exist on whether the salary basis test is satisfied. The Exempt Plaintiffs were paid a salary of at least $684.00 per week during the relevant period, December 2020 (three years prior to the filing of this lawsuit) through May 2023 (the Plaintiffs' termination).[4]

---

[4] The FLSA has a two-year statute of limitations for violations, extended to three years for willful violations. 29 U.S.C. § 255(a). While Delia's denies any FLSA violation or willfulness, it is applying the three-year statute of limitations as the "relevant period" out of abundance of caution.

Plaintiffs attempt to manufacture a fact dispute by incorrectly alleging that Delia's failed to include Juana Cruz and Angelica Chavez as exempt employees. Resp. at 15. However, Delia's has never asserted that either Plaintiff was classified as an exempt employee. And Cruz and Chavez cannot now retract their own admission that they were correctly paid for all hours worked from 2020 to 2023 by unilaterally claiming that they were exempt. *See* Motion at Ex. A-9 at 8, and Supp. Ex. C. Plaintiffs' argument that Delia's classification of Cruz and Velazquez creates a fact issue is simply a red herring.

Additionally, the Plaintiffs admit in their Response that Luis Zuniga, Jorge Mauleon, Rosa Quintanilla, Hector Gonzalez, and Carlos Lopez were paid well above the minimum $684.00 per week. Resp. at 13-14. As to Rosendo Lievanos and Armando Morales, the summary judgment evidence establishes that they were also paid a salary well above the minimum required during the relevant time period. During the pay period of December 20 to December 26, 2020, Armando Morales was paid a salary of $1,1148.22, including $445.32 in holiday pay for the days he did not work, and Rosendo Lievanos was paid a salary of $952.88, including $370.32 in holiday pay. Motion, Ex. A-10 at 14, 20. By May 2023, Morales's rate of pay was $1,326.00 per week, and Lievano's rate of pay was $1,100 per week. Resp. at Ex. 2, Morales Dep. 10:22-24; Resp. at Ex. 6-A, Lievanos Dep. 11:10-12. The salary basis test is satisfied because the Exempt Plaintiffs earned above $684.00 per week during the relevant period. Thus, the Exempt Plaintiffs cannot avoid summary judgment.

> b.　*Plaintiffs have provided no evidence to controvert that the Exempt Plaintiffs made recommendations regarding employee status.*

While Plaintiffs endeavor to argue that the Exempt Plaintiffs did not have "authority to hire, fire, or even recommend employment," the Response is completely devoid of any evidence to create a fact issue. Resp. at 14-15. While Plaintiffs mention the issue in passing, Plaintiffs choose to focus on (inadmissible) self-serving affidavits that only speculate on Delia's alleged intent as to the Exempt Plaintiffs' classification. *Id.* Plaintiffs could not cite to a single piece of evidence to create a fact issue as to whether they had authority to make recommendations as to an employees' status, and instead, fixate on a groundless accusation that Delia's "took advantage of the misclassification so they would not have to pay them

11

overtime." *Id.* Delia's summary judgment evidence, however, conclusively establishes that the Exempt Plaintiffs had the authority to hire, terminate, discipline, and recommend an employee's status to Human Resources. Motion at 5–6, 17–18. Thus, the Exempt Plaintiffs cannot avoid summary judgment.

### F. A Possibility That Liquidated Damages May Be Established at Trial Does Not Preclude Summary Judgment.

Plaintiffs acknowledge yet dismiss their burden to show that any alleged violation of the FLSA was willful. Resp. at 11-12. Instead, without meeting their burden, Plaintiffs attempt to shift the burden to Delia's. Id. It is undisputed that Delia's acted reasonably and in good faith. And contrary to Plaintiffs' suggestions, this Court can make a determination on liquidated damages at the summary judgment stage. *See, e.g.*, *Huffman v. City of Lake Jackson*, No. CIVA H-08-1541, 2010 WL 791780, at *4 (S.D. Tex. Mar. 5, 2010) (granting motion for partial summary judgment on liquidated damages when defendant did not admit any violations of the FLSA and there was no evidence of bad faith). Because Plaintiffs have presented no evidence as to any violation of the FLSA, much less a willful violation, it is proper for this Court to grant summary judgment as to liquidated damages.

### III. CONCLUSION

For the reasons set forth in its Motion and this Reply, Defendant Delgar Foods, LLC d/b/a Delia's respectfully requests that the Court (1) sustain its objection to and strike Plaintiffs' summary judgment evidence as stated herein; and (2) grant its Motion for Summary Judgment and dismiss the claims against Delia's with prejudice.

Dated: November 15, 2024

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ William R. Stukenberg*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
500 Dallas St., Ste 2100
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**ATTORNEYS FOR
DEFENDANT DELGAR FOODS, LLC.
D/B/A DELIA'S**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of this document was served on all counsel of record via this Court's electronic filing and notice system on November 15, 2024.

                                                /s/ Lorena D. Valle
                                                Lorena D. Valle