IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS N.G, GABRIELA VELAZQUEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SAENZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CASE NO.: 7-23-CV-0343** (Bray, P.) |
| Plaintiffs, | § § | |
| v. | § | |
| DELGAR FOODS, LLC D/B/A DELIA'S, | § § § | |
| Defendant. | § § § | |
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQUEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, | § § § § § § § § § § § § § § § § § § | **RELATED ACTIONS:** **CASE NO.: 7:25-CV-00015** (Tipton, D.) |

1

17036141

| | |
|---|---|
| **LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICARDO ESQUIVEL, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, MARIA GUADALUPE VILLARREAL SILVA, KARINA MEDINA, RAFAELA RIVERA, ALICE FERNANDA CASTRO, ALEJANDRO RANGEL, GERALD WENDLE, III, MARIA VANTA, AND MARIA RODRIGUEZ, INDIVIDUALLY,** Plaintiffs, **v.** **DELIA GARZA A/K/A DELIA LUBIN, SOFIA LUBIN A/KA SOFIA TREVINO, LORENA LUBIN, ALEJANDRO TREVINO, AND JUAN GARZA,** Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § |

# DEFENDANT'S MOTION TO CONSOLIDATE

Defendant Delgar Foods, LLC d/b/a Delia's ("Delia's" or "Defendant") hereby moves, pursuant to Federal Rule of Civil Procedure 42 and Local Rules 7.6 and 5.2 of the Southern District of Texas, to consolidate the actions styled: (1) *Juana Cruz, et al. v. Delgar Foods, LLC d/b/a Delia's*, Case No. 7:23-CV-0343 ("Cruz I") (the oldest case), and (2) *Juana Cruz, et al. v. Delia Garza, et al.*, Case No. 7:25-CV-00015 ( "Cruz II"), both of which are currently pending in the United States District Court for the Southern District of Texas, McAllen Division. In support of the Motion, Defendants respectfully show the Court as follows:

## I.     INTRODUCTION

Delia's seeks to consolidate Cruz II with and into Cruz I so that there will be a single proceeding. Cruz I and Cruz II should be consolidated into Cruz I for the following reasons:

2

17036141

1. Each of the lawsuits involve the same and/or related parties.

2. Each of the lawsuits arises out of common questions of fact or law.

3. Each of the lawsuits will require identical discovery and will likely include identical fact witnesses.

4. There is no risk of confusion, unfair advantage, or prejudice from consolidation because the litigation in each of the lawsuits is indistinguishable.

In sum, the two lawsuits arise out of an identical fact pattern, seek the same relief, and involve related parties. Moreover, each of the defendants that have been served in the related cases agree to the consolidation of the cases. Accordingly, Cruz II should be consolidated with and into Cruz I in the interest of judicial economy and to avoid the threat of inconsistent judgments.

## II. FACTUAL BACKGROUND

### A. Cruz I

On December 15, 2023, Plaintiffs Juana Cruz, Ofelia Benavides, Jose Elias N.G, Gabriela Velazquez, Melesio Cruz, Angelica Chavez, Concepcion Perez, Olga Perez, Maurico Saenz, Jorge Mauleon, Hector Sanchez, Hector Gonzalez, Yessy Perez Martinez, Maria De Lourdes Cruz, Rosendo Lievanos, Elizabeth Lara, Luis Zuniga, Miguel Caballero, Carlos Lopez, Gilda Rivas, Armando Morales De Llano, Lazaro Garcia, Maria De Jesus Medina, Richard Esquivel, Rafael Sanchez, Guillermo Ruiz, Rosa Quintanilla (collectively, "Cruz I Plaintiffs") filed their First Amended Complaint in the United States District Court for the Southern District of Texas, McAllen Division. Cruz I, Dkt. No. 15.

The Cruz I Plaintiffs brought allegations related to their employment at Delia's, including an alleged violated of the Fair Labor Standards Act ("FLSA"). *Id.* On August 7, 2024, the Cruz I Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. Cruz I, Dkt. No. 44. In the purported Second Amended Complaint, the Cruz I Plaintiffs asserted fraud and fraudulent concealment causes of action related to their employment for Delia's, including allegations that

Delia's and/or its representatives provided the Cruz I Plaintiffs with counterfeit social security cards and improperly deducted payroll taxes from the Cruz I Plaintiffs. *Id.* The Cruz I Plaintiffs, among other things, also attempted to bring causes of action related to "Exploitation of Undocumented Individuals/Government Records" and Racketeer Influence and Corrupt Organizations Act ("RICO") against Delia's. *Id.* Plaintiffs' Motion for Leave was denied on September 17, 2024. Cruz I, Dkt. No. 48. Cruz I is pending before United States Magistrate Judge Bray.

### B. Cruz II

On October 1, 2024, after Plaintiffs' Motion for Leave to Amend was denied, the Cruz I Plaintiffs and Maria Guadalupe Villarreal Silva, Karina Medina, Rafaela Rivera, Alica Fernanda Castro, Alejandro Rangel, Gerald Wendle, III, Maria Vanta, and Maria Rodriguez (with the Cruz I Plaintiffs, "Cruz II Plaintiffs") filed suit in Hidalgo County District Court, which was assigned Cause No. C-4581-24-C, against various representatives of Delia's. *See* Cruz II, Dkt No. 1-2. The Cruz II Plaintiffs amended their petition on October 4, 2024, making allegations related to their employment for Delia's. *See* Cruz II, Dkt. No. 1-3. Their amended petition asserted virtually identical allegations and causes of actions as the denied amended pleading in Cruz I, including but not limited to, fraud/fraudulent concealment because representatives of Delia's allegedly provided the Cruz II Plaintiffs with counterfeit social security cards and improperly deducted payroll taxes, "Exploitation of Undocumented Individuals/Government Records," and RICO. *Id.* These causes of actions arise from the Cruz II Plaintiffs' employment with Delia's. *Compare* Cruz I, Dkt. No. 15 and 44 *with* Cruz II, Dkt. No. 1-3. On January 8, 2024, Cruz II Defendants Sofia Lubin and Lorena Lubin removed the case to the Southern District of Texas, McAllen Division and was

4

17036141

assigned Cause No. 7:25-CV-00015. *See* Cruz II, Dkt. No. 1. Cruz II is pending before Judge Tipton.

### III.   PROCEDURAL MATTERS

Defendants have complied with Local Rules 7.6 and 5.2 of the Southern District of Texas to consolidate Cruz I and Cruz II. Specifically:

1. This Motion's caption contains the case numbers, full styles, and judge to whom each of the cases is assigned;

2. This motion is filed only with the oldest case; and

3. Defendants have advised the Court of related current or recent litigation.

Additionally, the Cruz II Defendants who have been served, Sofia Lubin and Lorena Lubin, agree to the consolidation of the above-referenced matters.

### IV.   ARGUMENT & AUTHORITY

**A.   The Applicable Legal Standard**

Federal Rule of Civil Procedure 42 grants district courts broad authority to consolidate related cases. Rule 42(a) provides that a court may consolidate cases that have "a common question of law or fact." Fed. R. Civ. P. 42(a). The district court's managerial power is especially strong and flexible in matters of consolidation. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977); *Morrison v. Amway Corp.*, 186 F.R.D. 401, 402 (S.D. Tex. 1998); *Galvan v. SBC Pension Benefit Plan*, Civ. No. SA-04-CV-333-XR, 2006 WL 3541312, at *4 (W.D. Tex. Dec. 6, 2006). A court may even order the consolidation of cases over the opposition of the parties to those cases. *See In re Air Crash Disaster*, 549 F.2d at 1013. Courts are granted such power through Rule 42(a) to enable them to expedite discovery and trial and to eliminate unnecessary repetition. *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984); *see also In re Air Crash Disaster*, 549 F.2d at 1014 ("The purpose of consolidation is to permit

trial convenience and economy in administration"). "The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Miller*, 729 F.2d at 1036 (internal citation omitted); *see also Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 Fed. Appx. 446 (5th Cir. 2019) ("Consolidating actions is proper when two or more district court cases involve common questions of law and fact, and the district judge finds that consolidation would avoid unnecessary costs or delay.").

**B.     Cruz II should be consolidated into Cruz I because each of the lawsuits involve related parties and the same allegations.**

This Court should consolidate Cruz II with and into Cruz I pursuant to Rule 42(a) because both cases involve related parties and the same allegations. In each of the cases, Plaintiffs seek damages related to compensation, arising out of and relating to Plaintiffs' employment with Delia's. *Compare* Cruz I, Dkt. No. 15 *with* Cruz II, Dkt. No. 1-3. Consequently, the same alleged facts and defenses will be addressed in each of the cases, and consolidation is therefore appropriate. *See Miller*, 729 F.2d at 1036; *Morrison*, 186 F.R.D. at 403.

Further, consolidation of the cases will prevent repetition, delay, unnecessary costs, and the possibility of conflicting judgments. Because the allegations in both cases completely overlap and arise out of common facts, the parties will cover the same issues in discovery. Additionally, the parties will likely identify the same fact witnesses and cover the same topics in deposition(s) of the Plaintiffs. Without the consolidation, the parties would be forced to take duplicative depositions of parties and fact witnesses. Moreover, at trial, the evidence and testimony in each of the cases will be duplicative. To litigate these matters separately would result in a waste of the Court's and the parties' time and resources. Finally, without consolidation, the possibility of conflicting outcomes in two cases is presented.  If conflicting outcomes occur, the resulting

uncertainty will only lead to further proceedings to resolve the conflicts. And in the event that one action concludes before the other, issues of *res judicata* will almost certainly be presented in the remaining action. Consolidation of Cruz II with and into Cruz I will remedy these inefficiencies. Accordingly, this Court should consolidate Cruz II with into Cruz I. *See Miller*, 729 F.2d at 1036; *Morrison*, 186 F.R.D. at 403.

## V. CONCLUSION

Defendant respectfully requests that the Court consolidate Cruz II into Cruz I for all further proceeds. Defendant further requests all relief, in law or equity, to which it may be justly entitled.

Dated: January 14, 2025

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ Lorena D. Valle*
William R. Stukenberg, Attorney-in-Charge
State Bar No. 24051397
wstukenberg@porterhedges.com
Lorena D. Valle
lvalle@porterhedges.com
State Bar No. 24131729
1000 Main Street, 36th Floor
Houston, Texas 77002-6341
(713) 226-6000 (phone)
(713) 228-1331 (fax)

and

Stephen J. Quezada, Of Counsel
State Bar No. 24076195
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas St., Ste 2100
Houston, Texas 77002
(713) 655-5757 (phone)
(713) 655-0020 (fax)

**ATTORNEYS FOR DEFENDANTS
SOFIA LUBIN AND LORENA LUBIN**

7

17036141

**CERTIFICATE OF CONFERENCE**

I certify that on January 14, 2025, I conferred via electronic mail with Ricardo Gonzalez and Richard Alamia, counsel for the Cruz I and Cruz II Plaintiffs ("Plaintiffs"), regarding this Motion to Consolidate. Counsel for the Plaintiffs indicated that the Plaintiffs are opposed to the Motion.

                                                  */s/ Lorena D. Valle*
                                                        Lorena D. Valle


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's efiling system on the 14th day of January 2025.

Ricardo Gonzalez
Oxford & Gonzalez
124 S. 12th Avenue
Edinburg, TX  78539
ric@oxfordgonzalez.com

Richard Alamia
619 S. 12th Ave.
Edinburg, TX 78539
Richard.Alamia@yahoo.com

                                                  */s/ Lorena D. Valle*
                                                        Lorena D. Valle