IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS NG, GABRIELA VELAZQUEZ, RICARDO GONZALO, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNGIA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA Individually,<br>    *Plaintiffs*, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 7:23-cv-00343<br>(Bray, P.) |
| v. | § § | **JURY DEMANDED** |
| DELGAR FOODS, INC D/B/A/ DELIA'S TAMALES<br>    *Defendants*. | § § § § | |
| | **AND** | |

| | | |
|---|---|---|
| JUANA CRUZ, OFELIA BENAVIDES JOSE ELIAS N.G, GABRIELA VELAZAQUEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SANCHEZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, MARIA GUADALUPE VILLARREAL SILVA, KARINA MEDINA, RAFALA RIVERA, ALICE FERNANDA CASTRO, ALEJANDRO RANGEL, GERALD WENDLE III, MARIA VANTA, AND MARIA RODRIGUEZ<br>    *Plaintiffs*,<br><br>V.<br><br>DELIA GARZA A/K/A DELIA LUBIN, SOFIA LUBINA A/K/A SOFIA TREVINO, LORENA LUBIN, ALEJANDRO TREVINO AND JUAN GARZA<br>    *Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | **CIVIL ACTION NO: 7:25-CV-00015**<br>(Tipton, D.)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO CONSOLIDATE

NOW COME PLAINTIFFS in the above-styled and numbered cause, and objects to Defendants' Motion to Consolidate, and will show the Court the following:

### I.
### CIVIL ACTION I

Civil Action No. 7:23-cv-00343, *Juana Cruz, et al. v. Delgar Foods, Inc. d/b/a Delia's Tamales* involves wage and hour claims under the Fair Labor Standards Act ("FSLA"), 29 U.S.C. 201, et, seq., i.e. unlawful employment practices, and involves one Defendant, Delgar Foods, Inc. d/b/a Delia's Tamales (hereinafter "Delia's") where it is alleged Delia's willfully and knowingly violated the overtime provisions of FSLA.

Plaintiffs, in this civil action who worked in excess of a 40 hour week seek to recover unpaid overtime wages pursuant to FSLA. The Plaintiffs/employees were paid a "salary" in lieu of overtime pay in violation of FSLA.

Some Plaintiffs were intentionally misclassified as "exempt" so as not to be paid time and a half when they worked in excess of a 40 hour week. Some non-exempt employees, that is hourly employees, who worked in excess of a 40 hour week were not paid time and a half. Plaintiffs' complaints fall under the auspice of the Fair Labor Standards Act.

The Plaintiffs in Civil Action No. 7:23-cv-00343 are:

> JUANA CRUZ, OFELIA BENAVIDES, JOSE ELIAS N.G, GABRIELA VELAZQUEZ, RICARDO GONZALEZ, MELESIO CRUZ, ANGELICA CHAVEZ, CONCEPCION PEREZ, OLGA PEREZ, MAURICO SAENZ, JORGE MAULEON, HECTOR SANCHEZ, HECTOR GONZALEZ, YESSY PEREZ MARTINEZ, MARIA DE LOURDES CRUZ, RESENDO

**LIEVANOS, ELIZABETH LARA, LUIS ALBERTO ZUNIGA CASTILLO, MIGUEL CABALLERO SANCHEZ, GUILLERMO DE LA CRUZ MENDOZA, CARLOS DANIEL LOPEZ, GILDA RIVAS, ARMANDO MORALES DE LLANO, LAZARO GARCIA, MARIA DE JESUS MEDINA, RICHARD ESQUIVEL, PATRICIA CONDE-GONZALEZ, NORMA CONDE ALANIZ, RAFAEL SANCHEZ, GUILLERMO RUIZ, ROSA QUINTANILLA, Individually.**

## II.
## CIVIL ACTION II

*Cruz, et al. v. Delia Garza d/b/a Delia Lubin, et al.* is a Texas Payday Act, and Texas Civil RACKETEER INFLUENDED AND CORRUPT ORGANIZATIONS ACT (hereinafter "RICO") civil actions. Both causes of action are rooted in and are Texas State Law claims.

Civil Action II involves some of the same Plaintiffs as in Civil Action I with similar allegations they were subject to exploitation for the financial gain of the individually named Defendants in Civil Action II. The individually named Defendants provided Plaintiffs with fraudulent government documents, and subjected Plaintiffs to abusive working conditions. Some Plaintiffs worked 50, 60 to 80 hours a week and were not paid overtime. Overtime is a form of involuntary servitude.

The RICO action involves multiple transactions/deductions of social security, Medicare taxes and income tax withholding by the individually named Defendants holding managerial positions at Delia's Tamales. It is alleged that:

1. False government documents were supplied by the individually named Defendants;

2. These Defendants misclassified Plaintiffs as "exempt" employees in order to avoid paying overtime; and they failed to pay time and half to non-exempt employees in violation of the Texas Payday Act; and
3. These Defendants caused the deductions of federal income, social security and Medicare deductions involving multiple transactions in violation of Texas Civil RICO Act.

The following, Maria Guadalupe Villarreal Silva, Karina Medina, Rafael Rivera, Alice Fernanda Castro, Alejandro Rangel, Gerald Wendle III, Maria Vanta, and Maria Rodriguez were not Plaintiffs in Civil Action I. The causes of action in Civil Action II are state law claims.

### III.

Consolidation would prejudice the parties and expand the scope of its trial.

The decision on consolidation rests within this Court's discretion, but the "discretion to consolidate is not unfettered." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

In Civil Action II, there are eight (8) new Plaintiffs/Employees who have not asserted FSLA claims. Civil Action II strictly involves State Law claims.

Even if the Court finds "that the actions involve common questions of law or fact," the Court "must balance the efficiency gained through consolidation against possible prejudice to the parties." *Haas v. Brookhaven Mem'l Hosp.*, No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (Garaufis, J.) (internal quotation omitted). Civil Action II, while it may involve some of the same facts, the law to be applied to these facts will be Texas State Law.

"'[E]fficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" *Devlin v. Transportation Comm. Int'l. Union*, 175 F.3d 121, 130 (2d Cir. 1999) (emphasis in original) (internal citation omitted); Delre v. Perry, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) (same).

"Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial," Celotex, 899 F.2d at 1285, and "[t]he benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

Consolidation should be denied where it "would likely increase the scope of trial" for the parties "litigating in one case but not the other." *Curry v. American Standard*, Nos 7:08-CV-10228, 7:07-CV-4771, 2010 WL 6501559, at *2 (S.D.N.Y. Dec. 13, 2010); *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977). In Civil Action II, the eight (8) additional Plaintiffs are not parties in Civil Action I. The individual Defendants in Civil Action II are not parties to Civil Action I.

"[I]f the cases were consolidated, the trial of each would be impeded by the introduction of voluminous irrelevant evidence . . . ."); *Garber*, 477 F.2d at 714 ("[W]here the claims against, or defenses of, some parties are substantially different from those of others, some may be prejudiced by consolidation . . . ."); *see also In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice . . . ."). In short, "[c]onsolidation is inappropriate when it will adversely affect the rights of

parties." *Liberty Media Corp.*, 842 F. Supp. 2d at 592. The evidence in Civil Action I is likely to be different from the evidence in Civil Action II. While some of the evidence in Civil Action I is likely to be similar to Civil Action II, the law to be applied again in Civil Action II will be Texas State Law.

A joint trial would undermine—not promote—judicial efficiency and economy. It would create manageability hardships for the Court, the parties, and make the tasks of the fact-finders more complex. This additional argument supports denial of the motion. *See Haas*, 2008 WL 822121, at *2.

If the two cases were consolidated, a jury would be asked to review the evidence relating to an FSLA claim and if it related to Texas RICO action, which would not be relevant under the Federal claims, but would be relevant under the State law claim. While there may be some issues of fact, the law in Civil Action I to be applied is strictly Federal Law.

While there are some common issues of fact, the "Law" in Civil Action I is Federal and in Civil Action II i.e. State Law applies, but Defendants have not met its burden under Rule 42 of demonstrating sufficient commonality to show that efficiencies would overcome the substantial factors discussed above that weigh against consolidation. There are many important differences between the cases. Additionally, Plaintiffs and Defendants are individuals in Civil Action II as opposed to Civil Action I where we have a corporate Defendant, the legal claims, defenses, and remedies are best considered by two fact-finders.

## IV.
## CONCLUSION

In conclusion, consolidation would prejudice not only the Plaintiffs, but also the individual Defendants in Civil Action II. In contrast, two separate trials would give the individual Defendants in Civil Action II the full and fair opportunity to defend themselves against State Law claims. For these reasons, Defendants' motion should be denied.

Respectfully submitted,

/s/ Ricardo Gonzalez
Ricardo Gonzalez
State Bar No. 08131490
Oxford & Gonzalez
124 S. 12th Ave.
Edinburg, TX. 78539
Phone: (956) 383-5654
Fax: (956) 381-0002
E-mail: ric@oxfordgonzalez.com

Richard Rene Alamia
Richard R. Alamia Attorney at Law
619 S. 12th Ave.(Main Office) 78539
Edinburg, TX 78539
Phone: (956) 381-5766
Fax: (956) 381-5774
E-mail: richard.alamia@yahoo.com

## **CERTIFICATE OF SERVICE**

This is to certify that on February 3, 2025, a true and correct copy of this Response was served upon all interested parties via CM/ECF to the following:

William R. Stukenberg
wstukenberg@porterhedges.com

Lorena D. Valle
ivalle@porterhedges.com

Stephen Quezada
Stephen.quezada@ogletree.com

                                       */s/ Ricardo Gonzalez*
                                       Ricardo Gonzalez